1  Name: _Lionell J Tillman Jr_

2  Address: _10360 Kimberly Street_

3  _Los Angeles, CA 90002_

4  Phone: _(323) 490-3215_

5  Fax: _____

6  In Pro Per

7

FILED
CLERK, U.S. DISTRICT COURT

SEP 19 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _EEC_ DEPUTY

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10  Lionell J Tillman Jr

11

12                                   Plaintiff

13                v.

14  LOS ANGELES COUNTY DISTRICT ATTORNEY'S
    OFFICE, LOS ANGELES COUNTY BUREAU OF
    FAMILY SUPPORT, LOS ANGELES COUNTY RISK
15  MANAGEMENT, COUNTY OF LOS ANGELES,
    AND STEVEN J GOLIGHTLY, PH.D

16                              Defendant(s).

CASE NUMBER:

2:22-CV-05755-SSS-MAA

To be supplied by the Clerk of
The United States District Court

1. First Amended Civil Rights Complaint
Pursuant to 42 U.S.C. 1983 (non-prisoners),
2. Violation of Due Process, 3. Fraud, 4.
Mail Fraud, 5. Wire Fraud, 6. Trespass

17  **DEMAND FOR JURY**      7. Defamation, 8. Kidnapping, 9. Extortion

18  Plaintiff, LIONELL J. TILLMAN JR, alleges: Common Allegations

19  1. Venue and Jurisdiction allegations. All of the events, acts, and
20  omissions herein complained of occurred in Los Angeles, California.

21  2. Plaintiff, LIONELL J. TILLMAN JR, ("Plaintiff" or "Tillman") is a
22  resident of Los Angeles County, California.

23

24  3. This court has jurisdiction under 28 U.S.C. 13311 and 28 U.S.C.
25  1343. Federal question jurisdiction arises pursuant to 42 U.S.C. 1983.

26  4. Venue is proper pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1391
27  because of all civil actions where the subject matter in controversy
28  exceeds the sum or value of $75,000.

5. Defendant, LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE, ("District" or "Defendant" hereafter), was and is a municipal entity, doing business within Los Angeles County, California.

6. Defendant, LOS ANGELES COUNTY BUREAU OF FAMILY SUPPORT OPERA TIONS, ("Bureau" or "Defendant" hereafter), was and is a municipal entity, doing business within Los Angeles County, California.

7. Defendant, LOS ANGELES COUNTY RISK MANAGEMENT, ("RISK" or "Defendant" hereafter), was and is a municipal entity, doing business within Los Angeles County, California. (SEE ATTACHMENT FOR ADDITIONAL DEFENDANTS)

8. The allegations of this complaint pertain to the entire periods of time of the statutes of limitations of the causes of action in which the allegations appear. - Doe allegations. Plaintiff, LIONELL J. TILLMAN, ("Plaintiff" or "Tillman" hereafter) does not know the true names or capacities of Defendants sued as the Does 1 through 17, inclusive, and by reason thereof sues these Defendants under fictitious names. When their true names and capacities have been ascertained, Plaintiff will amend this Complaint to reflect the same. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this Complaint and that Plaintiff's damages as alleged here were legally caused by the Defendants. Plaintiff is further informed and believes that at all times mentioned, each of the Defendants was the agent, servant, employee, or representative of each of the remaining Defendants and was at all times acting within the scope of that agency or employment and with the permission and consent of their co-defendants. In the alternative, Plaintiff is informed and believes that at all times mentioned, one or more of the Defendants were acting in their own individual capacities and those Defendants' own individual benefit.

(AMENDED ATTACHMENT) **PAGE 2.1**

7.1(a) Defendant, COUNTY OF LOS ANGELES, ("RISK" or "Defendant" hereafter), was and is a public entity, doing business within Los Angeles County, California.

7.1(b) Defendant, STEVEN J GOLIGHTLY, PH.D ("RISK" or "Defendant" hereafter), was and is a public entity and individual, doing business within Los Angeles County, California.

### FIRST CAUSE OF ACTION
First Amended Civil Rights Complaint
Pursuant to 42 U.S.C. 1983 (non-prisoners)
(Against All Defendants)

21. Plaintiff realleges the statements and allegations contained in paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. At all times mentioned in this complaint, Process Server Company, Speedy Special Division, was an agent acting on behalf of Defendants.

23. On or about December 6, 1996, Process Server Company, on behalf of Defendants, The Los Angeles County District Attorney's Office, The Los Angeles County Bureau of Family Support Operations, and The Los Angeles County Risk Management falsely, deceitfully, and fraudulently represented on its Proof of Service that it had served Plaintiff, Lionell Tillman, at 1734 N. Rose Ave., Compton. California, 90221.

24. Violation of Plaintiff Due Process Rights. The 5th Amendment Bill of Rights of the United States of America Constitution guarantees that "no person shall be deprived of life, liberty, or property without Due Process of Law nor shall private property be taken."

25. At the time of the completion of the Proof of Service, Defendants had knowledge of the falsity of the document because Plaintiff was never served with the Summons and Complaint.

26. Defendants' intent was to induce Plaintiff to act upon its deceit, and to pay child support.

27. Plaintiff acted in reliance upon Defendants' deceit, and his wages were garnished. The damages he incurred, thus far, are approximately $76,934.21.

9. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. All rights to plead in the alternative are reserved.

10. Agency allegations. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants, (collectively "Defendants") was the agent, servant, employee, or representative of his or its co-Defendants. Each Defendant in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or its actual or apparent authority or alleged acts and omissions of each Defendant as agent subsequently were ratified and adopted by each other Defendant as principal. Plaintiff also alleges, on information and belief, that Defendants were, at all times relevant, the alter egos of each other.

11. On or about October 30, 1996, Defendants, The Los Angeles County District Attorney's Office, The Los Angeles County Bureau of Family Support Operations, and The Los Angeles County Risk Management filed a lawsuit against Lionell J . Tillman Jr. to establish a parental relationship and child support for minor at the time, Tyshaun Lionell Tillman.

12. The case number for the Parental Relationship and Child Support case is BY024759.

13. Plaintiff was not the father of the named minor.

14. On or about December 6, 1996, process server company, Speedy Special Division, an agent of The Los Angeles County District Attorney's Office, The Los Angeles County Bureau of Family Support Operations, and The Los Angeles County Risk Management claimed to have served Lionell Tillman with Parental Relationship and Child Support documents, including but not limited to, a Summons and Complaint, at 1734 N. Rose Avenue, in Compton, California, 90221 on December 3, 1996.

15. Plaintiff was not residing at 1734 N. Rose A venue in December 1996 and was not served.

16. As a direct and proximate cause of Defendants' fraud, deceit, and negligent misrepresentation, on May 10, 1997, a Judgment Establishing Parental Relationship and Child Support was entered against Plaintiff, Lionell J. Tillman in Los Angeles County.

17. On or about July 2, 2018, The Superior Court of Los Angeles, Department 2G, the Honorable Commissioner Louise Halevy, judge presiding, made a factual finding that the service of process alleged by Defendants was fraudulent.

18. The Court found that Plaintiff had not resided at the 1734 N. Rose Ave. residence since April 1996, while still a minor, and could prove his whereabouts elsewhere at the time of the alleged service. The Los Angeles County Department of Water and Power records and testimony was consistent with the homeowner records and testimony that proved the 1734 N. Rose Ave. residence was unoccupied at the time of the alleged service. The Judgment was set aside.

19. The Court set aside the Judgment based on extrinsic fraud and granted dismissal.

20. Plaintiff filed a Claim for Damages with the County of Los Angeles on June 14, 2019. On or about June 24, 2019, The County of Los Angeles, on behalf of The Los Angeles County District Attorney's Office, The Los Angeles County Bureau of Family Support Operations, and The Los Angeles County Risk Management denied Plaintiff's claim.

# Exhibit A

Page 6
(Part 1-19)

*829.22.78*

# SUMMONS

**NOTICE AND WARNING TO DEFENDANT:**
*AVISO Y ADVERTENCIA AL ACUSADO O A LA ACUSADA:*

LIONELL   TILLMAN

**THE DISTRICT ATTORNEY'S OFFICE HAS FILED A LAWSUIT AGAINST YOU. THE LAWSUIT SAYS YOU ARE THE PARENT OF CHILDREN NAMED IN THE COMPLAINT. THE LAWSUIT ALSO SAYS YOU MUST PAY CHILD SUPPORT.**

*LA OFICINA DEL FISCAL HA PRESENTADO UNA DEMANDA JUDICIAL EN CONTRA DE USTED. ESTA DEMANDA INDICA QUE USTED ES EL PADRE/LA MADRE DE LOS NIÑOS MENCIONADOS EN LA DEMANDA. LA DEMANDA INDICA TAMBIEN QUE USTED DEBE HACER PAGOS DE SOSTENIMIENTO ECONOMICO DE NIÑOS.*

| FOR COURT USE ONLY |
| --- |
| *(PARA USO EXCLUSIVO DE LA CORTE)* |

**YOU CAN OPPOSE THE LAWSUIT. IF YOU DON'T, THE COURT MAY FIND THAT YOU ARE THE PARENT AND ORDER YOU TO PAY CHILD SUPPORT, WHICH MAY BE TAKEN FROM YOUR PAY OR OTHER PROPERTY.**

*USTED PUEDE OPONERSE A LA DEMANDA. SI NO LO HACE, LA CORTE PUEDE DETERMINAR QUE USTED ES EL PADRE/LA MADRE Y ORDENARLE QUE HAGA PAGOS DE SOSTENIMIENTO ECONOMICO DE NIÑOS LOS CUALES PUEDEN DEDUCIRSE DE SU SUELDO O DE OTRA PROPIEDAD.*

**YOU CAN OPPOSE THE LAWSUIT BY DOING ALL OF THE FOLLOWING WITHIN 30 CALENDAR DAYS AFTER BEING SERVED WITH THE SUMMONS AND COMPLAINT.**

*USTED PUEDE OPONERSE A LA DEMANDA TOMANDO TODOS LOS PASOS SIGUIENTES DENTRO DE LOS 30 DIAS (CALENDARIO) CONTADOS A PARTIR DE LA FECHA EN QUE SE LE ENTREGO LA CITA JUDICIAL Y DEMANDA.*

CASE NUMBER *(Numero del caso)*

## BY204759

1. Get the form Answer to Governmental Complaint for Child Support or Parentage or Both (Form 1298.02) from the clerk's office.
   *Obtenga la forma Answer to Governmental Complaint for Child Support or Parentage or Both (Form 1298.02) en la oficina del actuario.*
   Fill out, sign, and date the form, including the proof of service on the back of the form.
   *Llene, firme, y anote la fecha en la forma; incluya la prueba de servicio en la parte posterior de la forma.*

2. File the answer with the court at the following address:
   *Archive la respuesta en la corte, en la siguiente direccion:*   LOS ANGELES SUPERIOR COURT
   CENTRAL CIVIL WEST
   600 S. COMMONWEALTH - 3RD FLOOR
   LOS ANGELES, CA 90005-0000

3. Have an adult other than yourself mail a copy to the District Attorney at the following address:
   *Solicite a otro adulto, que no sea usted envíe copia a la oficina de Abogado Fiscal, a la siguiente dirección:*
   GIL GARCETTI, DISTRICT ATTORNEY, BUREAU OF FAMILY SUPPORT OPERATIONS
   5770 SOUTH EASTERN AVENUE, COMMERCE, CA 90040-0000                    26F265
                                                                        016.903.269

**IF YOU WANT LEGAL ADVICE, CONTACT A LAWYER IMMEDIATELY.**
*SI USTED NECESITA CONSEJO LEGAL, CONTACTE A UN ABOGADO INMEDIATAMENTE.*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served: *AVISO AL ACUSADO QUE ESTA SERVIDO:* Usted está servido: |
| --- | --- |
| | 1. [X] as an individual defendant.  Como acusado individual. |
| | 2. [ ] on behalf of a minor child.  En representación del menor de edad. |
| | JOHN A. CLARKE, EXECUTIVE OFFICER/ |

OCT 30 1996

Date: _____        Clerk, by _____ C. LEVANUL _____, Deputy
*(Fecha)*                     *(Actuario)*                                      *(Delegado)*

SUMMONS
(Governmental)

1298.01 [New July 1, 1994]

829.22.78

| GOVERNMENTAL AGENCY (pursuant to Welf. & Inst. Code, 11475.1 & 11476.2): | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| GIL GARCETTI, DISTRICT ATTORNEY<br>BUREAU OF FAMILY SUPPORT OPERATIONS, 26F265<br>5770 SOUTH EASTERN AVENUE<br>COMMERCE, CA 90040-0000 | (800)615-8858<br>Case Number<br>016.903.269 | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

STREET ADDRESS:    CENTRAL CIVIL WEST
MAILING ADDRESS:    600 S. COMMONWEALTH 16TH FLOOR
CITY AND ZIP CODE:    LOS ANGELES, CA 90005-0000
BRANCH NAME:    CENTRAL CIVIL WEST

**ORIGINAL FILED**

OCT 3 0 1996

**SUPERIOR COURT**

PLAINTIFF:    COUNTY OF LOS ANGELES

DEFENDANT:    LIONELL TILLMAN

| GOVERNMENTAL COMPLAINT TO ESTABLISH | CASE NUMBER: |
|---|---|
| [X] Parental Relationship    [X] Child Support | **BY204759** |

1. The District Attorney brings this action for plaintiff, a political subdivision of the State of California, representing the public interest, and no natural person, in establishing parentage and in establishing, modifying, and enforcing child support obligations.

2. *(Name):* LIONELL TILLMAN                                      is the parent of the following children *(names and dates of birth):*

   TYSHAUN LIONELL TILLMAN                      MAY 20, 1993

3. The children reside or resided in this county.
4. The children [ ] do not receive public assistance    [X] receive public assistance from: LOS ANGELES COUNTY
5. [X]    The children received public assistance beginning *(date):* WITHIN THE LAST 3 YRS
6. [X]    Defendant has, and at all relevant times had, the ability to pay child support pursuant to the guideline.
7. [ ]    Other *(specify):*

Plaintiff requests the following orders:

8. [X]    Defendant be adjudged the parent of the above-named children.
9. [X]    Defendant be ordered to pay child support for the above-named children pursuant to the guideline from the date of filing of this complaint.
10. [X]    Defendant be ordered to pay child support from the date specified in item 5 through the date of filing of this complaint, and for any later period of public assistance not otherwise prayed for, pursuant to the guideline.
11. [X]    Defendant be ordered to provide health insurance for the children; and defendant be ordered to complete a Health Insurance Form (DHS-6110) and return it to the Office of the District Attorney immediately.
12. [X]    Defendant be ordered to provide written notification to the superior court clerk of any change in residence and to the Office of the District Attorney of any change of residence, income, or employment within 10 days.
13. A Wage and Earnings Assignment Order and a Health Insurance Coverage Assignment shall issue.
14. Defendant be ordered to pay appropriate costs.
15. Defendant be ordered to make all payments to *(specify):*
    COURT TRUSTEE P.O. BOX 3544 LOS ANGELES, CA 90051-1544
16. Other relief the court deems just and proper.
17. [ ]    Other *(specify):*

Date: 10/09/1996
GIL GARCETTI
DISTRICT ATTORNEY
By D.D.A. Wayne D. Doss
_____TYPE OR PRINT NAME_____          ▶    *Wayne D. Doss*
                                              (SIGNATURE DISTRICT ATTORNEY)

**NOTICE TO DEFENDANT**
Plaintiff is seeking a Health Insurance Coverage Assignment ordering your employer to enroll the above children in an appropriate health insurance plan (pursuant to Family Code §3761). A Statement of Rights appears on the reverse of this document. Read it carefully.

(continued on reverse)

1298.10 (Rev. January 1, 1995)

GOVERNMENTAL COMPLAINT TO ESTABLISH
PARENTAL RELATIONSHIP AND CHILD SUPPORT
(Governmental)

Welfare & Institutions Code,
§§ 11350, 11350.1, 11475.1

2

| PLAINTIFF: COUNTY OF LOS ANGELES | CASE NUMBER |
|---|---|
| DEFENDANT: TILLMAN , LIONELL | |

## STATEMENT OF RIGHTS AND RESPONSIBILITIES

### THIS STATEMENT DOES NOT NECESSARILY INCLUDE ALL OF YOUR RIGHTS AND RESPONSIBILITIES

An action has been brought against you by the District Attorney for parentage or child support. The District Attorney is not the attorney representing any individual, including the custodial parent, the children, or you. **Read this statement and the papers you were served with very carefully.**

You have the right to be represented by a lawyer in any proceeding in which the court is to determine if you are the father. If the court finds you to be indigent, you have a right to a court-appointed lawyer in that proceeding. [X] Other information about court-appointed attorneys (specify):

For a determination of your eligibility for a court-appointed attorney, come to Department 2E/2F
SUPERIOR COURT COUNTY OF LOS ANGELES
CENTRAL CIVIL WEST
600 S. COMMONWEALTH – 3RD FLOOR
LOS ANGELES, CA 90005-0000

MONDAY THRU FRIDAY
08:30 AM – 10:30 AM

A judgment will be entered against you by default unless you file a written responsive pleading with the clerk of the superior court within 30 days of when you were served with papers. **This will happen whether you have a lawyer or not.** If you were served with a document stating the date of a court hearing, you should also appear in court on the date that is indicated. An order will be entered against you in your absence if you do not appear.

If you and the District Attorney are able to reach an agreement regarding the requests made in the papers that were served on you, you may handle the matter by signing a settlement agreement, called a STIPULATION. By signing a Stipulation you are waiving and giving up the rights set forth in this statement and are agreeing (1) that you are the

parent of the children concerned, (2) that you are obligated to pay the amounts stated in the Stipulation and that you agree to comply with all other obligations that the Stipulation requires, and (3) that the court may enter an order or judgment based on the Stipulation without further notice to you. All orders for support must contain a provision for a wage and earnings assignment requiring your employer or other payor to deduct support payments from your salary or earnings. An order for a deduction for health insurance for the minor children may also be ordered.

If you file a responsive pleading, you have the right to a court hearing, to ask questions of any witness against you, to subpoena witnesses, and to obtain evidence on your behalf. You would also have the right to ask the court to determine how much you would have to pay for support. If your Answer denies that you are the father of the children, you have the right to request the court to order paternity blood tests. The court could order that you pay none, some, or all of the costs of the tests.

Interest at the legal rate (currently 10 percent per year) accrues on all amounts you owe, whether or not they are payable in installments. Any amounts owing may be collected from any of your real or personal property that is not exempt under the law, whether or not you are current in your installment payments. This collection may be done by intercepting money owed to you by the state or federal government (such as tax refunds, unemployment and disability benefits, and lottery winnings), by executing on any property you own or may acquire, by satisfying a lien created by recording a judgment document, or by any other lawful means of enforcing a judgment. If you disagree with any District Attorney statement of your account (principal or interest), you should immediately inform the Family Support Division of the District Attorney's office.

Your duty to support may also be enforced by a contempt action (currently punishable by five days in jail and a $1,000 fine for each disobedience of the order), or by a criminal action (currently punishable by up to one year and one day in state prison and a $2,000 fine).

GOVERNMENTAL COMPLAINT TO ESTABLISH
PARENTAL RELATIONSHIP AND CHILD SUPPORT
(Governmental)

| D.A. FAMILY SUPPORT DIVISION,<br>DIV. II<br>5770 SOUTH EASTERN AVENUE<br>COMMERCE, CA 900402924<br>ATTORNEY FOR: Plaintiff | (213) 889-2869<br><br>Ref. No or File No.<br>8 -1073931 | FOR COURT USE ONLY |
|---|---|---|

LOS ANGELES COUNTY SUPERIOR COURT-CENTRAL CIV. W.
600 S. COMMONWEALTH STREET, LOS ANGELES, CA 90005

SHORT TITLE OF CASE
COUNTY OF LOS ANGELES  vs LIONELL TILLMAN

| Proof of Service | HEARING DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>BY 204 759 |
|---|---|---|---|---|

1.  At the time of service I was at least 18 years of age and not a
    party to this action, and I served copies of the:
    SUMMONS AND COMPLAINT; CALIFORNIA CHILD SUPPORT HANDBOOK; ANSWER TO
    GOVERNMENTAL COMPLAINT TO ESTABLISH PARENTAL RELATIONSHIP OR CHILD
    SUPPORT OR BOTH; INFORMATION SHEET ON WAIVER OF COURT FEES AND COSTS

2a. Party Served:      LIONELL TILLMAN
2b. Person Served:     PARTY IN 2a.
2c. Home Address:      1734 N. ROSE AVENUE
                       COMPTON, CA  90221

3b.  by leaving copies with or in the presence of:
     MICHAEL TILLMAN, CO OCCUPANT

     (2)  (home) a competent member of the household at least
          eighteen years of age at the dwelling house or usual
          place of abode of the person served.  I informed him
          or her of the general nature of the papers.
     (3)     on:  12/03/96   (4)   at:  05:05-PM
(5)  A declaration of diligence is attached.
3c.  by causing copies to be mailed.  A declaration of mailing is
     attached.

4.   The ''Notice to the Person Served'' (on the summons) was completed
     as follows:
     a. as an individual defendant.

5.  Person Serving: CHRISTOPHER TURNER, Independent Contractor
                    For SPEEDY SPECIAL DIVISION
                    850 Venice Blvd.
                    LOS ANGELES      , CA  90015
                    (213) 747-3322

5a. Fee for Service:  $  29.00      I am a registered California Process Server
                                    Registration number:  1115
                                    County:  LOS ANGELES

6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:    12/06/96
Judicial Council of California / 982(a) (23) (New July 1, 1987)

4

| D.A. FAMILY SUPPORT DIVISION, DIV. II 5770 SOUTH EASTERN AVENUE COMMERCE, CA 900402924 | (213) 889-2869 Ref. No or File No. | FOR COURT USE ONLY |
|---|---|---|
| ATTORNEY FOR:    Plaintiff | 8 -1073931 | |

LOS ANGELES COUNTY SUPERIOR COURT-CENTRAL CIV. W.
600 S. COMMONWEALTH STREET, LOS ANGELES, CA 90005

SHORT TITLE OF CASE
COUNTY OF LOS ANGELES  vs LIONELL TILLMAN

| Diligent Declaration | HEARING DATE: | TIME: | DEPT/DIV: | CASE NUMBER: BY 204 759 |
|---|---|---|---|---|

I am and was on the dates herein mentioned, over the age of eighteen
years and not a party to the action. I received the within process
on 11/27/96 and after due diligent effort I have been unable to effect
personal service on the within named:
        LIONELL TILLMAN


Home Address:        1734 N. ROSE AVENUE
                     COMPTON, CA  90221

   Date and Time                Reason for Non-Service

11/29/96  06:10 PM   NO ANSWER AT DOOR
12/01/96  07:45 AM   NO ANSWER AT DOOR
12/03/96  05:05 PM   SUBJECT NOT HOME PER CO-OCCUPANT


5. Person Serving: CHRISTOPHER TURNER, Independent Contractor
                   For SPEEDY SPECIAL DIVISION
                   850 Venice Blvd.
                   LOS ANGELES        , CA  90015
                   (213) 747-3322

5a. Fee for Service:   $    0.00        I am a registered California Process Server
                                        Registration number:  3115
                                        County:  LOS ANGELES
6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:    12/06/96                     _____
Judicial Council of California / 982(a) (23) (New July 1, 1987)

5

| D.A. FAMILY SUPPORT DIVISION, DIV. II 5770 SOUTH EASTERN AVENUE COMMERCE, CA 900402924 | FOR COURT USE ONLY |
|---|---|
| (213) 889-2869 | |
| ATTORNEY FOR: Plaintiff   Ref. No or File No. 8 -1073931 | |

LOS ANGELES COUNTY SUPERIOR COURT-CENTRAL CIV. W.
600 S. COMMONWEALTH STREET, LOS ANGELES, CA 90005

SHORT TITLE OF CASE
COUNTY OF LOS ANGELES  vs LIONELL TILLMAN

| Proof by Mail | HEARING DATE: | TIME: | DEPT/DIV: | CASE NUMBER: BY 204 759 |
|---|---|---|---|---|

At the time of service I was at least 18 years and not a party to this
action, and I served copies of the:

    SUMMONS AND COMPLAINT; CALIFORNIA CHILD SUPPORT HANDBOOK;
    ANSWER TO GOVERNMENTAL COMPLAINT TO ESTABLISH PARENTAL
    RELATIONSHIP OR CHILD SUPPORT OR BOTH; INFORMATION SHEET ON
    WAIVER OF COURT FEES AND COSTS

I am a citizen of the United States, employed in the County
of Los Angeles, State of California.  My business address
is 850 Venice Blvd., Los Angeles, California  90015.
Phone number is (213) 747-3322.

On 12/06/96, after substituted service under section 415.20(a)
or 415.20(b) C.C.P. was made, I served the above described
documents on the defendant, in said action by placing a true
copy thereof enclosed in a sealed envelope with postage
thereon prepaid for FIRST CLASS MAIL in the United States
mail at Los Angeles addressed as follows:

    LIONELL TILLMAN
    1734 N. ROSE AVENUE
    COMPTON, CA  90221

5. Person Serving: JEANETTE DIXON, Employee
                   For SPEEDY SPECIAL DIVISION
                   850 Venice Blvd.
                   LOS ANGELES    , CA  90015
                   (213) 747-3322

5a. Fee for Service:   $    0.00    I am a registered California Process Server
                                    Registration number:
                                    County:
6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:    12/06/96
Judicial Council of California / 982(a) (23) (New July 1, 1987)



# INVOICE/REPORT

SPEEDY SPECIAL DIVISION
P.O. BOX 15050, LOS ANGELES, CA 90015
PROCESS (213) 747-3322 BILLING (213) 747-1021
Dedicated to customer satisfaction
IRS No. 95-3021668

| INVOICE NO |
| --- |
| 8 - 1073931 |

Acct No. 833          0
D.A. FAMILY SUPPORT DIVISION,
DIV. II
5770 SOUTH EASTERN AVENUE
COMMERCE, CA  900402924

ATTENTION:
FILE NO:      829 22 78
SUBJECT:    LIONELL TILLMAN

DATE:        11/27/96
COURT:       LOS ANGELES COUNTY SUPERIOR
CASE NO:     BY 204 759
CASE TITLE:  COUNTY OF LOS ANGELES
             vs LIONELL TILLMAN
DOCUMENT:    S&C; HANDBOOK; ANSWER; INFO.
             SHEET

---

Action Taken: Substitute Service        Location: 1734 N. ROSE AVENUE
Date / Time : 12/03/96 @ 05:05-PM                 COMPTON, CA  90221
   ON 12/03/96 @ 05:05-PM - SUBSTITUTE SERVICE EFFECTED.
   ON 12/06/96 @ 02:00-PM - MAILING COMPLETED

---

| LOC | DATE | TIME | SERVER | DESCRIPTION | UNITS | COST | AMOUNT |
| --- | --- | --- | --- | --- | --- | --- | --- |
| H | 12/03/96 | 05:05-PM | CHRISTOPHER TURN | Service Of Proces | 1 | 29.00 | 29.00 |
| H | 12/03/96 | 05:05-PM | CHRISTOPHER TURN | Diligence | 1 | 0.00 | 0.00 |

| LOCATION CODES: H = HOME  B = BUSINESS  O = OTHER | TOTALS | 29.00 |
| --- | --- | --- |

7

| GOVERNMENTAL AGENCY (pursuant to Welf. and Inst. Code §§ 11475.1 and 11478.2): | TELEPHONE NO.:<br>(800) 615-8858 | FOR COURT USE ONLY |
|---|---|---|

GIL GARCETTI, DISTRICT ATTORNEY
BUREAU OF FAMILY SUPPORT OPERATIONS  29F295
5770 SOUTH EASTERN AVENUE
COMMERCE, CALIFORNIA 90040-0000

**ORIGINAL FILED**

MAY 10 1997

**SUPERIOR COURT**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: CENTRAL CIVIL WEST
MAILING ADDRESS: 600 S. COMMONWEALTH 16TH FLOOR
CITY AND ZIP CODE: LOS ANGELES, CALIFORNIA 90005-0000
BRANCH NAME: CENTRAL CIVIL WEST

PLAINTIFF: COUNTY OF LOS ANGELES

DEFENDANT: LIONELL  TILLMAN

| **JUDGMENT ESTABLISHING**<br>[X] Parental Relationship    [X] Child Support | CASE NUMBER:<br>BY0204759 |
|---|---|

1. This matter proceeded as follows: [X] default or uncontested    [ ] by affidavit    [ ] contested
   a. Date:                                    Dept.: 2F        Rm.: 1612
   b. Judicial Officer: VICTOR REICHMAN,
   c. [X] Plaintiff submitted by *(name)*: GEORGE J. GLIAUDYS, JR. *D.I.C.*
   d. [ ] Defendant present in court  [ ] Attorney present in court *(name)*:
   e. [ ] Defendant appeared without counsel and was advised of relevant rights.

2. [ ] This order is based on the documents attached to this judgment.

3. THE COURT ORDERS, GOOD CAUSE APPEARING:
   a. Defendant is the parent of and shall pay child support for the following children:

   | Name | Date of birth | Monthly support amount |
   |---|---|---|
   | TYSHAUN LIONELL TILLMAN | 05/20/1993 | $156 ~~$173.00~~ |

   (1) [X] For a total of ~~$173.00~~ $156 payable on the 1 ST day of each month beginning *(date)*: 01/01/1997
   (2) [ ] Other *(specify)*:
   (3) Any support ordered shall continue until further order of court, unless terminated by operation of law
   b. [X] Defendant shall pay child support for the period ending 12/31/1996, in the total amount of ~~$692.00~~
   (1) [ ] Payable $          on the          day of each month beginning *(date)*:
   (2) [X] Other *(specify)*: FORTHWITH
   c. No provision of this judgment shall operate to limit any right to assess and collect interest and penalties as allowed by law. Interest shall accrue on the entire principal balance owing and not on each installment as it becomes due. All liquidation payments shall be subject to modification. There shall be no limitation on collection from sources other than salary or wages without further notice as allowed by law.
   d. All payments shall be made to *(name and address of agency)*:
      COURT TRUSTEE
      P.O. BOX 513544
      LOS ANGELES, CA 90051-1544
   e. [X] Defendant shall provide health insurance coverage for the children; a Health Insurance Coverage Assignment shall issue; and defendant shall complete a Health Insurance Form (DHS-6110) and return it to the Office of the District Attorney within 20 days.
   f. [X] Defendant shall provide written notification to the superior court clerk of any change in residence and to the Office of the District Attorney of any change of residence, income, or employment within 10 days.

**NOTICE:** Any party required to pay child support must pay interest on overdue amounts at the "legal" rate, which is currently 10 percent. This can be a large added amount.

COPY FOR DISTRICT ATTORNEY

(Continued on reverse)

Form Adopted by Rule 1298.12
Judicial Council of California
1298.12 [Rev. January 1, 1995]

**JUDGMENT ESTABLISHING**
**PARENTAL RELATIONSHIP AND CHILD SUPPORT**
**(Governmental)**

Welfare & Institutions Code
§§ 11350, 11350.1, 11475.1



| PLAINTIFF: COUNTY OF LOS ANGELES | CASE NUMBER: |
|---|---|
| DEFENDANT: LIONELL   TILLMAN | BY0204759 |

g. A Wage and Earnings Assignment Order shall issue.

h. [$] Defendant shall pay costs forthwith in the sum of $

i. [2] The court further orders *(specify)*:

MAY 1 0 1997

M.J. NISHIMOTO, Judge Pro Tem

Date:

_____
JUDICIAL OFFICER

4. Number of pages attached:                    [ ] Signature follows last attachment.

# ALLOCATION OF WITHHELD AMOUNT SUBJECT TO MULTIPLE ASSIGNMENT ORDERS

When an obligor is subject to more than one wage and earnings assignment order, the payor shall determine the amount to be withheld for each order as follows:

## Step 1. Net disposable income
A. Determine the disposable earnings of the obligor.
B. Divide the disposable earnings by 2 to identify the amount subject to wage withholding ("net disposable income").
C. If no order includes current child support payments, skip to step 3.

## Step 2. Allocation of current child support
A. Add the amounts of current child support from each order ("total current child support").
B. Compare total current child support to net disposable income.
C. If net disposable income is more than total current child support:
   1) Withhold the total current child support
   2) Subtract total current child support from net disposable income
   3) Using the result as the new net disposable income, proceed to step 3.
D. If total current child support is more than net disposable income, prorate the net disposable income among the current child support orders in the same proportion as the current child support obligation for that order bears to the total current child support obligation. You are done.

## Step 3. Allocation of current spousal support
A. If no order includes current spousal support payments, skip to step 4.
B. Add the amounts of current spousal support from each order ("total current spousal support").
C. Compare total current spousal support to net disposable income.
D. If net disposable income is more than total current spousal support:
   1) Withhold the total current spousal support
   2) Subtract total current spousal support from net disposable income
   3) Using the result as the new net disposable income, proceed to step 4.
E. If total current spousal support is more than net disposable income, prorate the net disposable income among the current spousal support orders in the same proportion as the current spousal support obligation for that order bears to the total current spousal support obligation. You are done.

## Step 4. Current medical support
A. If no order includes current medical support payments, skip to step 5.
B. If there is only one order with current medical support payments:
   1) If net disposable income is more than current medical support:
      a) Withhold the current medical support
      b) Subtract current medical support from net disposable income
      c) Using the result as the new net disposable income, proceed to step 5.
   2) If current medical support is more than net disposable income, withhold the net disposable income for the medical support. You are done.
C. If there are multiple current medical support payments, see Department of Social Services FSD 91-29 for instructions.

## Step 5. Child support arrearages
A. If no order includes child support arrearages, skip to step 6.
B. Add the amounts of child support arrearages from each order ("total child support arrearages").

C. Compare total child support arrearages to net disposable income.
D. If net disposable income is more than total child support arrearages:
   1) Withhold the total child support arrearages
   2) Subtract total child support arrearages from net disposable income
   3) Using the result as the new net disposable income, proceed to step 6.
E. If total child support arrearages are more than net disposable income, prorate the net disposable income among the child support arrearages in the same proportion as the child support arrearages for that order bears to the total child support arrearages obligation. You are done.

## Step 6. Spousal support arrearages
A. If no order includes spousal support arrearages, skip to step 7.
B. Add the amounts of spousal support arrearages from each order ("total spousal support arrearages").
C. Compare total spousal support arrearages to net disposable income.
D. If net disposable income is more than total spousal support arrearages:
   1) Withhold the total spousal support arrearages
   2) Subtract total spousal support arrearages from net disposable income
   3) Using the result as the new net disposable income, proceed to step 7.
E. If total spousal support arrearages are more than net disposable income, prorate the net disposable income among the spousal support arrearages in the same proportion as the spousal support arrearages for that order bears to the total spousal support arrearages obligation. You are done.

## Step 7. Family support arrearages
A. If no order includes family support arrearages, skip to step 8.
B. Add the amounts of family support arrearages from each order ("total family support arrearages").
C. Compare total family support arrearages to net disposable income.
D. If net disposable income is more than total family support arrearages:
   1) Withhold the total family support arrearages
   2) Subtract total family support arrearages from net disposable income
   3) Using the result as the new net disposable income, proceed to step 8.
E. If total family support arrearages are more than net disposable income, prorate the net disposable income among the family support arrearages in the same proportion as the family support arrearages for that order bears to the total family support arrearages obligation. You are done.

## Step 8. Medical support arrearages
A. If no order includes medical support arrearages, you are done.
B. Add the amounts of medical support arrearages from each order ("total medical support arrearages").
C. Compare total medical support arrearages to net disposable income.
D. If net disposable income is more than total medical support arrearages:
   1) Withhold the total medical support arrearages
   2) You are done.
E. If total medical support arrearages are more than net disposable income, prorate the net disposable income among the medical support arrearages in the same proportion as the medical support arrearages for that order bears to the total medical support arrearages obligation. You are done.

Allocation of Withheld Amount Subject to Multiple Assignment Orders
(Family Law - Domestic Violence Prevention - Uniform Parentage)

1285.70A (New January 1, 1994)





Los Angeles County Registrar-Recorder/County Clerk

DEAN C. LOGAN
Registrar-Recorder/County Clerk

If this document contains any restriction based on race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, familial status, marital status, disability, genetic information, national origin, source of income as defined in subdivision (p) of Section 12955, or ancestry, that restriction violates state and federal fair housing laws and is void, and may be removed pursuant to Section 12956.2 of the Government Code. Lawful restrictions under state and federal law on the age of occupants in senior housing or housing for older persons shall not be construed as restrictions based on familial status.

10/14

LAvote.net                          12400 Imperial Highway, Norwalk, California 90650                      LArecorder.net

which has the address of     **10360 KIMBERLY STREET**

      **LOS ANGELES**       California      **90000**     (herein "Property Address");
       [City]             [Street]      [Zip Code]

    TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property";

    TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated
    **AUGUST 17, 1996**           and extensions and renewals thereof (herein "Note"), in the principal sum of
U.S.$    **25,000.00**       , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on    **AUGUST 16, 2021**    ;
the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

**CALIFORNIA** - SECOND MORTGAGE-1/80-FNMA/FHLMC UNIFORM INSTRUMENT               (Form 3805) 4/94

Printed on Laser by ☐ LOANERS®, Garden Grove, CA 92641 Ph:(714) 895-9501    PAGE 1 of 5

11

Southland Title Corporation

RECORDING REQUESTED BY
COAST CITIES FINANCIAL INC.

96  1428059

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA

2:41 PM AUG 29 1996

AND WHEN RECORDED MAIL TO

Name    COAST CITIES FINANCIAL INC.

Street
Address    15316 DOS PALMAS RD.

City
State
Zip    VICTORVILLE, CA 92392

510499 D.A. FILE Code 20    $ 6-    FEE $ 36    6

APN: 6065-027-052    SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST

THIS DEED OF TRUST is made this    17th    day of    AUGUST    , 1996
among the Trustor, BARBARA A. ADAMSON, AN UNMARRIED WOMAN AND RENEE D. HOOKER, AN
UNMARRIED WOMAN AS JOINT TENANTS    (herein "Borrower"),
    SOUTHLAND TITLE CORPORATION, A CALIFORNIA CORPORATION    (herein "Trustee"), and the Beneficiary,
COAST CITIES FINANCIAL INC.    , a corporation organized and
existing under the laws of    THE STATE OF CALIFORNIA
whose address is    15316 DOS PALMAS RD., VICTORVILLE, CA 92392    (herein "Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably
grants and conveys to Trustee, in trust, with power of sale, the following described property located in the county
of  LOS ANGELES    , State of California:
SEE ATTACHED EXHIBIT "A"

which has the address of    10360 KIMBERLY STREET
    [Street]
    LOS ANGELES    California    90000    (herein "Property Address");
    [City]    [Zip Code]

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, ap-
purtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such
rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of
the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are
hereinafter referred to as the "Property";

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated
    AUGUST 17, 1996    and extensions and renewals thereof (herein "Note"), in the principal sum of
U.S.$    25,000.00    , with interest thereon, providing for monthly installments of principal and
interest, with the balance of the indebtedness, if not sooner paid, due and payable on    AUGUST 16, 2021    ;
the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this
Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

CALIFORNIA  -SECOND MORTGAGE-1/80-FNMA/FHLMC UNIFORM INSTRUMENT    (Form 3805) 4/84

Printed on Laser by  LOANWORKS, Garden Grove, CA 92641 Ph:(714) 895 9501    PAGE 1 of 5

12

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANT. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender. Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. **Application of Payments.** Unless applicable law provides otherwise, all payment received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonable withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

13

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provision of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fail to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

10. **Borrower Not released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in Exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements Herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of Deed of trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs", "expenses", and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvement made to the Property.

96-1428059

14

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designed in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable cost and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and cost of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceeding begun by Lender to enforce this Deed of Trust discontinued at any time prior to five days before sale of the Property pursuant to the power of sale contained in this Deed of Trust or at any time prior to entry of a judgment enforcing this Deed of Trust if : (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including,but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account for those rents actually received.

96-1428059

15

20. **Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled thereof. Such person or persons shall pay all costs of recordation, if any.

21. **Substitute Trustee.** Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

22. **Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the Civil Code of California.

23. **Statement of Obligation.** Lender may collect a fee not to exceed the maximum amount permitted by law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the Deed of Trust (or mortgage) recorded 4/01/96 , in book        , Page          , records of LOS ANGELES       County, (or filed for record with recorder's serial number     96-510559         .

LOS ANGELES                County.) California, executed by   BARBARA A. ADAMSON, AN UNMARRIED WOMAN AND RENEE HOOKER, AN UNMARRIED WOMAN

as trustor (or mortgagor) in which  PNC MORTGAGE CORP. OF AMERICA, AN OHIO CORPORATION

                                                                                                    is named

as beneficiary (or mortgagee) and  COLDWELL BANKER ESCROW SERVICES, INC.

                                                                                                    as trustee

be mailed to     COAST CITIES FINANCIAL INC.
at 15316 DOS PALMAS RD., VICTORVILLE, CA 92392
NOTICE: A copy of any notice of default and of any notice of sale will be sent only to the address contained in this recorded request. If your address changes, a new request must be recorded.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

Barbara A. Adamson
BARBARA A. ADAMSON                                          Borrower

Renee D. Hooker
RENEE D. HOOKER                                             Borrower

STATE OF CALIFORNIA
COUNTY OF Los Angeles
On August 17 th 1996 before me, Marcela A Galarza
                                                 (here insert name and title of the officer)
personally appeared   BARBARA A. ADAMSON AND RENEE D. HOOKER

personally known to me ( or proved to me on the basis of satisfactory evidence ) to be the persons whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacities, and that by their signatures on the instrument the persons, or the entity upon behalf of which the persons acted, executed the instrument.

WITNESS my official hand and seal.

Signature  Marcela M. Galarza                (Seal)

Marcela A. Galarza
Comm #1098016
NOTARY PUBLIC · CALIFORNIA
SAN BERNARDINO · CO
Comm. Exp March 25, 1999

Printed on Laser by LOANWARE, Garden Grove, CA 92641 Ph:(714) 826-9801                    PAGE 5 of 5                    (Form 3806) 4/84

96-1428059

16

08/23/95   WED 16:24 FAX 714 453 8755          S L T OR              714 453 8755 CITIES          ☒004

ORDER NO.: S-10489.00

EXHIBIT "A"

LEGAL DESCRIPTION:

LOT(S) 27 OF TRACT NO. 31001, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES,
STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 814 PAGE(S) 89 TO 91 INCLUSIVE OF
MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

SOUTHLAND TITLE CORPORATION        96-1428059

17

This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

MAR 13 2017

 REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA



18

Los Angeles **Department of Water & Power**

ERIC GARCETTI
*Mayor*

Commission
MEL LEVINE, *President*
WILLIAM W. FUNDERBURK JR., *Vice President*
JILL BANKS BARAD
CHRISTINA E. NOONAN
AURA VASQUEZ
BARBARA E. MOSCHOS, *Secretary*

DAVID H. WRIGHT
*General Manager*

September 14, 2017

Barbara Adamson
10360 Kimberly Street
Los Angeles, CA 90002

Dear Customer:

### Residential Service Confirmation

Thank you for your recent inquiry, the following customer information is provided per
your request. We hope the information provided will assist you:

| | |
|---|---|
| Account Name: | Barbara Adamson |
| Account Number: | 0929340000 |
| Service Address: | 10360 Kimberly Street |
| City, State: | Los Angeles, CA |
| Type of service: | Electric & Water |
| Service Dates: | March 25, 1996 - April 21, 2016 |

Thank you for the opportunity to be of service. If we may be of further assistance,
please do not hesitate to contact us at 1-800-DIAL DWP.

Sincerely,

City of Los Angeles
Department of Water & Power

Putting Our Customers First                    ι ς

28. As a proximate result of Defendants' civil rights deceit, Plaintiff incurred expenses, including but not limited to, trespass on conversions, child support payments and wage garnishments, bank levy, adverse credit reports, suspension of his driver's license, denial of his passport, and a lien. Plaintiff has also incurred emotional distress and will incur additional expenses in the future, all in amount to be established at trial.

## SECOND CAUSE OF ACTION
### Violation of Due Process Rights
### 14th Amendment
### (Against All Defendants)

29. Plaintiff realleges the statements and allegations contained in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. At all times mentioned in this complaint, Process Server Company, Speedy Special Division, was an agent acting on behalf of Defendants.

31. When Defendants made the representations that Plaintiff had been served, they had no reasonable grounds for believing such representation to be true because Plaintiff was not living at the address that service had been allegedly completed. Defendants made these deceitful representations with the intent of inducing Plaintiff to act in reliance on these representations in the manner alleged so that Plaintiff would act in reliance and pay child support.

32. As a proximate result of Defendants' violation of due process, Plaintiff incurred expenses, including but not limited to, trespass upon conversions, child support payments and wage garnishments, bank levy, adverse credit reports, suspension of his driver's license, denial of his passport, and a lien. Plaintiff has also incurred emotional distress and will incur additional expenses in the future, all in amount to be established at trial. Defendants' intent was to induce Plaintiff. Plaintiff acted in reliance upon Defendants' deceit, damages thus far are approximately $76,934.21.

# Exhibit B

Page 26
(Part 20-38)

*829.22.78*

## SUMMONS

**NOTICE AND WARNING TO DEFENDANT:**
AVISO Y ADVERTENCIA AL ACUSADO O A LA ACUSADA:

LIONELL TILLMAN

**THE DISTRICT ATTORNEY'S OFFICE HAS FILED A LAWSUIT AGAINST YOU. THE LAWSUIT SAYS YOU ARE THE PARENT OF CHILDREN NAMED IN THE COMPLAINT. THE LAWSUIT ALSO SAYS YOU MUST PAY CHILD SUPPORT.**

LA OFICINA DEL FISCAL HA PRESENTADO UNA DEMANDA JUDICIAL EN CONTRA DE USTED. ESTA DEMANDA INDICA QUE USTED ES EL PADRE/LA MADRE DE LOS NIÑOS MENCIONADOS EN LA DEMANDA. LA DEMANDA INDICA TAMBIEN QUE USTED DEBE HACER PAGOS DE SOSTENIMIENTO ECONOMICO DE NIÑOS.

> **YOU CAN OPPOSE THE LAWSUIT. IF YOU DON'T, THE COURT MAY FIND THAT YOU ARE THE PARENT AND ORDER YOU TO PAY CHILD SUPPORT, WHICH MAY BE TAKEN FROM YOUR PAY OR OTHER PROPERTY.**
>
> **USTED PUEDE OPONERSE A LA DEMANDA. SI NO LO HACE, LA CORTE PUEDE DETERMINAR QUE USTED ES EL PADRE/LA MADRE Y ORDENARLE QUE HAGA PAGOS DE SOSTENIMIENTO ECONOMICO DE NIÑOS LOS CUALES PUEDEN DEDUCIRSE DE SU SUELDO O DE OTRA PROPIEDAD.**

**YOU CAN OPPOSE THE LAWSUIT BY DOING ALL OF THE FOL-LOWING WITHIN 30 CALENDAR DAYS AFTER BEING SERVED WITH THE SUMMONS AND COMPLAINT.**

USTED PUEDE OPONERSE A LA DEMANDA TOMANDO TODOS LOS PASOS SIGUIENTES DENTRO DE LOS 30 DIAS (CALENDARIO) CONTADOS A PARTIR DE LA FECHA EN QUE SE LE ENTREGO LA CITA JUDICIAL Y DEMANDA.

CASE NUMBER *(Numero del caso)*

**BY204759**

1. Get the form Answer to Governmental Complaint for Child Support or Parentage or Both (Form 1298.02) from the clerk's office.
Obtenga la forma Answer to Governmental Complaint for Child Support or Parentage (Form 1298.02) en la oficina del actuario.
Fill out, sign, and date the form, including the proof of service on the back of the form.
Llene, firme, y anote la fecha en la forma; incluya la prueba de servicio en la parte posterior de la forma.

2. File the answer with the court at the following address:
Archive la respuesta en la corte, en la siguiente direccion:   LOS ANGELES SUPERIOR COURT
CENTRAL CIVIL WEST
600 S. COMMONWEALTH - 3RD FLOOR
LOS ANGELES, CA 90005-0000

3. Have an adult other than yourself mail a copy to the District Attorney at the following address:
Solicite a otro adulto, que no sea usted envíe copia a la oficina de Abogado Fiscal, a la siguiente dirección:
GIL GARCETTI, DISTRICT ATTORNEY, BUREAU OF FAMILY SUPPORT OPERATIONS       26F265
5770 SOUTH EASTERN AVENUE, COMMERCE, CA 90040-0000            016.903.269

**IF YOU WANT LEGAL ADVICE, CONTACT A LAWYER IMMEDIATELY.**
SI USTED NECESITA CONSEJO LEGAL, CONTACTE A UN ABOGADO INMEDIATAMENTE.

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served: |
|---|---|

AVISO AL ACUSADO QUE ESTA SERVIDO:  Usted está servido:
1. [X] as an individual defendant.   Como acusado individual.
2. [ ] on behalf of a minor child.   En representación del menor de edad.

JOHN A. CLARKE, EXECUTIVE OFFICER/

OCT 30 1996

Date:                    Clerk, by _____ C. LEVARIO _____, Deputy
*(Fecha)*                *(Actuario)*                      *(Delegado)*

1298.01 (New July 1, 1994)

## SUMMONS
(Governmental)

*20*

829.22.78

| GOVERNMENTAL AGENCY (pursuant to Welf. & Inst. Code, 11475.1 & 11475.2): | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| GIL GARCETTI, DISTRICT ATTORNEY BUREAU OF FAMILY SUPPORT OPERATIONS, 26F265 5770 SOUTH EASTERN AVENUE COMMERCE, CA 90040-0000 | (800) 615-8858 Case Number 016.903.269 | ORIGINAL FILED OCT 30 1996 SUPERIOR COURT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS:   CENTRAL CIVIL WEST
MAILING ADDRESS:   600 S. COMMONWEALTH 16TH FLOOR
CITY AND ZIP CODE:  LOS ANGELES, CA 90005-0000
BRANCH NAME:     CENTRAL CIVIL WEST

PLAINTIFF:    COUNTY OF LOS ANGELES

DEFENDANT:    LIONELL   TILLMAN

| GOVERNMENTAL COMPLAINT TO ESTABLISH [X] Parental Relationship   [X] Child Support | CASE NUMBER: BY204759 |
|---|---|

1. The District Attorney brings this action for plaintiff, a political subdivision of the State of California, representing the public interest, and no natural person, in establishing parentage and in establishing, modifying, and enforcing child support obligations.

2. *(Name):* LIONELL   TILLMAN                          is the parent of the following children *(names and dates of birth):*

   TYSHAUN LIONELL TILLMAN                    MAY 20, 1993

3. The children reside or resided in this county.
4. The children  [ ] do not receive public assistance  [X] receive public assistance from: LOS ANGELES COUNTY
5. [X]  The children received public assistance beginning *(date):* WITHIN THE LAST 3 YRS
6. [X]  Defendant has, and at all relevant times had, the ability to pay child support pursuant to the guideline.
7. [ ]  Other (specify):

Plaintiff requests the following orders:

8. [X]  Defendant be adjudged the parent of the above-named children.
9. [X]  Defendant be ordered to pay child support for the above-named children pursuant to the guideline from the date of filing of this complaint.
10. [X]  Defendant be ordered to pay child support from the date specified in item 5 through the date of filing of this complaint, and for any later period of public assistance not otherwise prayed for, pursuant to the guideline.
11. [X]  Defendant be ordered to provide health insurance for the children; and defendant be ordered to complete a Health Insurance Form (DHS-6110) and return it to the Office of the District Attorney immediately.
12. [X]  Defendant be ordered to provide written notification to the superior court clerk of any change in residence and to the Office of the District Attorney of any change of residence, income, or employment within 10 days.
13. A Wage and Earnings Assignment Order and a Health Insurance Coverage Assignment shall issue.
14. Defendant be ordered to pay appropriate costs.
15. Defendant be ordered to make all payments to *(specify):*
    COURT TRUSTEE P.O. BOX 3544 LOS ANGELES, CA 90051-1544
16. Other relief the court deems just and proper.
17. [ ]  Other *(specify):*

Date: 10/09/1996
GIL GARCETTI
DISTRICT ATTORNEY
By D.D.A. Wayne D. Doss
........................................................
TYPE OR PRINT NAME

▶  *Wayne D. Doss*
(SIGNATURE DISTRICT ATTORNEY)

**NOTICE TO DEFENDANT**

Plaintiff is seeking a Health Insurance Coverage Assignment ordering your employer to enroll the above children in an appropriate health insurance plan (pursuant to Family Code §3761). A Statement of Rights appears on the reverse of this document. Read it carefully.

*(continued on reverse)*

1298.10 (Rev. January 1, 1995)

**GOVERNMENTAL COMPLAINT TO ESTABLISH
PARENTAL RELATIONSHIP AND CHILD SUPPORT**
*(Governmental)*

Welfare & Institutions Code,
§§ 11350, 11350.1, 11475.1

21

| PLAINTIFF: COUNTY OF LOS ANGELES | CASE NUMBER |
|---|---|
| DEFENDANT: TILLMAN , LIONELL | |

# STATEMENT OF RIGHTS AND RESPONSIBILITIES

## THIS STATEMENT DOES NOT NECESSARILY INCLUDE ALL OF YOUR RIGHTS AND RESPONSIBILITIES

An action has been brought against you by the District Attorney for parentage or child support. The District Attorney is not the attorney representing any individual, including the custodial parent, the children, or you. Read this statement and the papers you were served with very carefully.

You have the right to be represented by a lawyer in any proceeding in which the court is to determine if you are the father. If the court finds you to be indigent, you have a right to a court-appointed lawyer in that proceeding.
[ X ]  Other information about court-appointed attorneys (specify):

For a determination of your eligibility for a court-appointed attorney, come to Department 2E/2F
SUPERIOR COURT COUNTY OF LOS ANGELES
CENTRAL CIVIL WEST
600 S. COMMONWEALTH - 3RD FLOOR
LOS ANGELES, CA 90005-0000

MONDAY THRU FRIDAY
08:30 AM - 10:30 AM

A judgment will be entered against you by default unless you file a written responsive pleading with the clerk of the superior court within 30 days of when you were served with papers. This will happen whether you have a lawyer or not. If you were served with a document stating the date of a court hearing, you should also appear in court on the date that is indicated. An order will be entered against you in your absence if you do not appear.

If you and the District Attorney are able to reach an agreement regarding the requests made in the papers that were served on you, you may handle the matter by signing a settlement agreement, called a STIPULATION. By signing a Stipulation you are waiving and giving up the rights set forth in this statement and are agreeing (1) that you are the parent of the children concerned, (2) that you are obligated to pay the amounts stated in the Stipulation and that you agree to comply with all other obligations that the Stipulation requires, and (3) that the court may enter an order or judgment based on the Stipulation without further notice to you. All orders for support must contain a provision for a wage and earnings assignment requiring your employer or other payor to deduct support payments from your salary or earnings. An order for a deduction for health insurance for the minor children may also be ordered.

If you file a responsive pleading, you have the right to a court hearing, to ask questions of any witness against you, to subpoena witnesses, and to obtain evidence on your behalf. You would also have the right to ask the court to determine how much you would have to pay for support. If your Answer denies that you are the father of the children, you have the right to request the court to order paternity blood tests. The court could order that you pay none, some, or all of the costs of the tests.

Interest at the legal rate (currently 10 percent per year) accrues on all amounts you owe, whether or not they are payable in installments. Any amounts owing may be collected from any of your real or personal property that is not exempt under the law, whether or not you are current in your installment payments. This collection may be done by intercepting money owed to you by the state or federal government (such as tax refunds, unemployment and disability benefits, and lottery winnings), by executing on any property you own or may acquire, by satisfying a lien created by recording a judgment document, or by any other lawful means of enforcing a judgment. If you disagree with any District Attorney statement of your account (principal or interest), you should immediately inform the Family Support Division of the District Attorney's office.

Your duty to support may also be enforced by a contempt action (currently punishable by five days in jail and a $1,000 fine for each disobedience of the order), or by a criminal action (currently punishable by up to one year and one day in state prison and a $2,000 fine).

22

| D.A. FAMILY SUPPORT DIVISION,<br>DIV. II<br>5770 SOUTH EASTERN AVENUE<br>COMMERCE, CA  900402924<br>ATTORNEY FOR:   Plaintiff | (213) 889-2869<br><br>Ref. No or File No.<br><br>8 -1073931 | FOR COURT USE ONLY |
|---|---|---|

LOS ANGELES COUNTY SUPERIOR COURT-CENTRAL CIV. W.
600 S. COMMONWEALTH STREET, LOS ANGELES, CA  90005

SHORT TITLE OF CASE
COUNTY OF LOS ANGELES  vs LIONELL TILLMAN

| Proof of Service | HEARING DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br><br>BY 204 759 |
|---|---|---|---|---|

1.  At the time of service I was at least 18 years of age and not a
    party to this action, and I served copies of the:
    SUMMONS AND COMPLAINT; CALIFORNIA CHILD SUPPORT HANDBOOK; ANSWER TO
    GOVERNMENTAL COMPLAINT TO ESTABLISH PARENTAL RELATIONSHIP OR CHILD
    SUPPORT OR BOTH; INFORMATION SHEET ON WAIVER OF COURT FEES AND COSTS

2a.  Party Served:      LIONELL TILLMAN
2b.  Person Served:     PARTY IN 2a.
2c.  Home Address:      1734 N. ROSE AVENUE
                        COMPTON, CA    90221

3b.  by leaving copies with or in the presence of:
                        MICHAEL TILLMAN, CO OCCUPANT
    (2)  (home) a competent member of the household at least
         eighteen years of age at the dwelling house or usual
         place of abode of the person served.  I informed him
         or her of the general nature of the papers.
    (3)      on:    12/03/96    (4)    at:  05:05-PM
(5)  A declaration of diligence is attached.
3c.  by causing copies to be mailed.  A declaration of mailing is
                       attached.
4.   The ``Notice to the Person Served'' (on the summons) was completed
     as follows:
     a. as an individual defendant.

5. Person Serving: CHRISTOPHER TURNER, Independent Contractor
                   For SPEEDY SPECIAL DIVISION
                   850 Venice Blvd.
                   LOS ANGELES         , CA   90015
                   (213) 747-3322

5a. Fee for Service:   $   29.00        I am a registered California Process Server
                                        Registration number:   3115
                                        County:   LOS ANGELES
6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:      12/06/96
Judicial Council of California / 982(a) (23) (New July 1, 1987)

23

```
D.A. FAMILY SUPPORT DIVISION,
DIV. II                                                    FOR COURT USE ONLY
5770 SOUTH EASTERN AVENUE            (213) 889-2869
COMMERCE, CA 900402924          Ref. No or File No.
ATTORNEY FOR:   Plaintiff              8 -1073931
```

LOS ANGELES COUNTY SUPERIOR COURT-CENTRAL CIV. W.
600 S. COMMONWEALTH STREET, LOS ANGELES, CA 90005

SHORT TITLE OF CASE
COUNTY OF LOS ANGELES  vs LIONELL TILLMAN

| Diligent Declaration | HEARING DATE: | TIME: | DEPT/DIV: | CASE NUMBER: |
|---|---|---|---|---|
| | | | | BY 204 759 |

I am and was on the dates herein mentioned, over the age of eighteen years and not a party to the action. I received the within process on 11/27/96 and after due diligent effort I have been unable to effect personal service on the within named:
        LIONELL TILLMAN

Home Address:        1734 N. ROSE AVENUE
                     COMPTON, CA  90221

Date and Time                Reason for Non-Service

11/29/96  06:10 PM   NO ANSWER AT DOOR
12/01/96  07:45 AM   NO ANSWER AT DOOR
12/03/96  05:05 PM   SUBJECT NOT HOME PER CO-OCCUPANT

5. Person Serving: CHRISTOPHER TURNER, Independent Contractor
                   For SPEEDY SPECIAL DIVISION
                   850 Venice Blvd.
                   LOS ANGELES     , CA  90015
                   (213) 747-3322

5a. Fee for Service:  $    0.00      I am a registered California Process Server
                                     Registration number:  3115
                                     County:  LOS ANGELES

6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:    12/06/96              _____

Judicial Council of California / 982(a) (23) (New July 1, 1987)

24

D.A. FAMILY SUPPORT DIVISION,
DIV. II
5770 SOUTH EASTERN AVENUE
COMMERCE, CA  900402924

ATTORNEY FOR:  Plaintiff

(213)  889-2869

Ref. No or File No.

8 -1073931

FOR COURT USE ONLY

LOS ANGELES COUNTY SUPERIOR COURT-CENTRAL CIV. W.
600 S. COMMONWEALTH STREET, LOS ANGELES, CA  90005

SHORT TITLE OF CASE
COUNTY OF LOS ANGELES  vs LIONELL TILLMAN

| Proof by Mail | HEARING DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>BY 204 759 |
|---|---|---|---|---|

At the time of service I was at least 18 years and not a party to this
action, and I served copies of the:

   SUMMONS AND COMPLAINT; CALIFORNIA CHILD SUPPORT HANDBOOK;
   ANSWER TO GOVERNMENTAL COMPLAINT TO ESTABLISH PARENTAL
   RELATIONSHIP OR CHILD SUPPORT OR BOTH; INFORMATION SHEET ON
   WAIVER OF COURT FEES AND COSTS

I am a citizen of the United States, employed in the County
of Los Angeles, State of California.  My business address
is 850 Venice Blvd., Los Angeles, California  90015.
Phone number is (213) 747-3322.

On 12/06/96, after substituted service under section 415.20(a)
or 415.20(b) C.C.P. was made, I served the above described
documents on the defendant, in said action by placing a true
copy thereof enclosed in a sealed envelope with postage
thereon prepaid for FIRST CLASS MAIL in the United States
mail at Los Angeles addressed as follows:

   LIONELL TILLMAN
   1734 N. ROSE AVENUE
   COMPTON, CA  90221

   5. Person Serving: JEANETTE DIXON, Employee
                      For SPEEDY SPECIAL DIVISION
                      850 Venice Blvd.
                      LOS ANGELES     , CA  90015
                      (213) 747-3322

5a. Fee for Service:  $    0.00      I am a registered California Process Server
                                     Registration number:
                                     County:

6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:    12/06/96
Judicial Council of California / 982(a) (23) (New July 1, 1987)

25

# INVOICE/REPORT

**SPEEDY SPECIAL DIVISION**
P.O. BOX 15050, LOS ANGELES, CA 90015
PROCESS (213) 747-3322 BILLING (213) 747-1021
Dedicated to customer satisfaction
IRS No. 95-3021668

INVOICE NO

8 - 1073931

Acct No. 833         0
D.A. FAMILY SUPPORT DIVISION,
DIV. II
5770 SOUTH EASTERN AVENUE
COMMERCE, CA  900402924

ATTENTION:
FILE NO.:     829 22 78
SUBJECT:    LIONELL TILLMAN

DATE:        11/27/96
COURT:       LOS ANGELES COUNTY SUPERIOR
CASE NO:     BY 204 759
CASE TITLE:  COUNTY OF LOS ANGELES
             vs LIONELL TILLMAN
DOCUMENT:    S&C; HANDBOOK; ANSWER; INFO.
             SHEET

```
Action Taken: Substitute Service      Location: 1734 N. ROSE AVENUE
Date / Time : 12/03/96 @ 05:05-PM                COMPTON, CA  90221
  ON 12/03/96 @ 05:05-PM - SUBSTITUTE SERVICE EFFECTED.
  ON 12/06/96 @ 02:00-PM - MAILING COMPLETED
```

| LOC | DATE | TIME | SERVER | DESCRIPTION | UNITS | COST | AMOUNT |
|-----|------|------|--------|-------------|-------|------|--------|
| H | 12/03/96 | 05:05-PM | CHRISTOPHER TURN | Service Of Proces | 1 | 29.00 | 29.00 |
| H | 12/03/96 | 05:05-PM | CHRISTOPHER TURN | Diligence | 1 | 0.00 | 0.00 |

| LOCATION CODES: H = HOME  B = BUSINESS  O = OTHER | TOTALS | 29.00 |
|---|---|---|

26

$v/v$

| GOVERNMENTAL AGENCY (pursuant to Welf. and Inst. Code §§ 11475.1 and 11478.2): | TELEPHONE NO.: (800) 615-8858 | FOR COURT USE ONLY |
|---|---|---|

GIL GARCETTI, DISTRICT ATTORNEY
BUREAU OF FAMILY SUPPORT OPERATIONS   29F295
5770 SOUTH EASTERN AVENUE
COMMERCE, CALIFORNIA 90040-0000    22522 78

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

STREET ADDRESS: CENTRAL CIVIL WEST
MAILING ADDRESS: 600 S. COMMONWEALTH 16TH FLOOR
CITY AND ZIP CODE: LOS ANGELES, CALIFORNIA 90005-0000
BRANCH NAME: CENTRAL CIVIL WEST

PLAINTIFF: COUNTY OF LOS ANGELES

DEFENDANT: LIONELL TILLMAN

**ORIGINAL FILED**

**MAY 1 0 1997**

**SUPERIOR COURT**

| JUDGMENT ESTABLISHING | CASE NUMBER: |
|---|---|
| [X] Parental Relationship    [X] Child Support | BY0204759 |

1. This matter proceeded as follows:  [X] default or uncontested   [ ] by affidavit   [ ] contested
   a. Date: _____  Dept.: 2F   Rm.: 1612
   b. Judicial Officer: VICTOR REICHMAN,
   c. [X] Plaintiff submitted by (name): GEORGE J. GLIAUDYS, JR. D.I.C.
   d. [ ] Defendant present in court [ ] Attorney present in court (name):
   e. [ ] Defendant appeared without counsel and was advised of relevant rights.
2. [ ] This order is based on the documents attached to this judgment.
3. THE COURT ORDERS, GOOD CAUSE APPEARING:
   a. Defendant is the parent of and shall pay child support for the following children:

| Name | Date of birth | Monthly support amount |
|---|---|---|
| TYSHAUN LIONELL TILLMAN | 05/20/1993 | $156 $173.00 |

$156

   (1) [X] For a total of $173.00 payable on the 1 ST day of each month beginning (date): 01/01/1997
   (2) [ ] Other (specify):
   (3) Any support ordered shall continue until further order of court, unless terminated by operation of law $1624
   b. [X] Defendant shall pay child support for the period ending 12/31/1996, in the total amount of $692.00
      (1) [ ] Payable $ _____ on the _____ day of each month beginning (date):
      (2) [X] Other (specify): FORTHWITH
   c. No provision of this judgment shall operate to limit any right to assess and collect interest and penalties as allowed by law. Interest shall accrue on the entire principal balance owing and not on each installment as it becomes due. All liquidation payments shall be subject to modification. There shall be no limitation on collection from sources other than salary or wages without further notice as allowed by law.
   d. All payments shall be made to (name and address of agency):
      COURT TRUSTEE
      P.O. BOX 513544
      LOS ANGELES, CA 90051-1544
   e. [X] Defendant shall provide health insurance coverage for the children; a Health Insurance Coverage Assignment shall issue; and defendant shall complete a Health Insurance Form (DHS-6110) and return it to the Office of the District Attorney within 20 days.
   f. [X] Defendant shall provide written notification to the superior court clerk of any change in residence and to the Office of the District Attorney of any change of residence, income, or employment within 10 days.

> **NOTICE:** Any party required to pay child support must pay interest on overdue amounts at the "legal" rate, which is currently 10 percent. This can be a large added amount.

(Continued on reverse)

COPY FOR DISTRICT ATTORNEY

| Form Adopted by Rule 1298.12 Judicial Council of California 1298.12 [Rev. January 1, 1995] | JUDGMENT ESTABLISHING PARENTAL RELATIONSHIP AND CHILD SUPPORT (Governmental) | Welfare & Institutions Code §§11350, 11350.1, 11475.1 |
|---|---|---|

22

| PLAINTIFF: COUNTY OF LOS ANGELES | CASE NUMBER: |
|---|---|
| DEFENDANT: LIONELL   TILLMAN | BY0204759 |

g. A Wage and Earnings Assignment Order shall issue.

h. ☐ Defendant shall pay costs forthwith in the sum of $

i. ☐ The court further orders *(specify)*:

MAY 1 0 1997

Date:

M.J. NISHIMOTO, Judge Pro Tem

_____
JUDICIAL OFFICER

4. Number of pages attached:

☐ Signature follows last attachment.

28



# ALLOCATION OF WITHHELD AMOUNT
## SUBJECT TO MULTIPLE ASSIGNMENT ORDERS

When an obligor is subject to more than one wage and earnings assignment order, the payor shall determine the amount to be withheld for each order as follows:

### Step 1. Net disposable income
A. Determine the disposable earnings of the obligor.
B. Divide the disposable earnings by 2 to identify the amount subject to wage withholding ("net disposable income").
C. If no order includes current child support payments, skip to step 3.

### Step 2. Allocation of current child support
A. Add the amounts of current child support from each order ("total current child support").
B. Compare total current child support to net disposable income.
C. If net disposable income is more than total current child support:
   1) Withhold the total current child support
   2) Subtract total current child support from net disposable income
   3) Using the result as the new net disposable income, proceed to step 3.
D. If total current child support is more than disposable income, prorate the net disposable income among the current child support orders in the same proportion as the current child support obligation for that order bears to the total current child support obligation. You are done.

### Step 3. Allocation of current spousal support
A. If no order includes current spousal support payments, skip to step 4.
B. Add the amounts of current spousal support from each order ("total current spousal support").
C. Compare total current spousal support to net disposable income.
D. If net disposable income is more than total current spousal support:
   1) Withhold the total current spousal support
   2) Subtract total current spousal support from net disposable income
   3) Using the result as the new net disposable income, proceed to step 4.
E. If total current spousal support is more than net disposable income, prorate the net disposable income among the current spousal support orders in the same proportion as the current spousal support obligation for that order bears to the total current spousal support obligation. You are done.

### Step 4. Current medical support
A. If no order includes current medical support payments, skip to step 5.
B. If there is only one order with current medical support payments:
   1) If net disposable income is more than current medical support:
      a) Withhold the current medical support
      b) Subtract current medical support from net disposable income
      c) Using the result as the new net disposable income, proceed to step 5.
   2) If current medical support is more than net disposable income, withhold the net disposable income for the medical support. You are done.
C. If there are multiple current medical support payments, see Department of Social Services FSD 91-29 for instructions.

### Step 5. Child support arrearages
A. If no order includes child support arrearages, skip to step 6.
B. Add the amounts of child support arrearages from each order ("total child support arrearages").

C. Compare total child support arrearages to net disposable income.
D. If net disposable income is more than total child support arrearages:
   1) Withhold the total child support arrearages
   2) Subtract total child support arrearages from net disposable income
   3) Using the result as the new net disposable income, proceed to step 6.
E. If total child support arrearages are more than net disposable income, prorate the net disposable income among the child support arrearages in the same proportion as the child support arrearages for that order bears to the total child support arrearages obligation. You are done.

### Step 6. Spousal support arrearages
A. If no order includes spousal support arrearages, skip to step 7.
B. Add the amounts of spousal support arrearages from each order ("total spousal support arrearages").
C. Compare total spousal support arrearages to net disposable income.
D. If net disposable income is more than total spousal support arrearages:
   1) Withhold the total spousal support arrearages
   2) Subtract total spousal support arrearages from net disposable income
   3) Using the result as the new net disposable income, proceed to step 7.
E. If total spousal support arrearages are more than net disposable income, prorate the net disposable income among the spousal support arrearages in the same proportion as the spousal support arrearages for that order bears to the total spousal support arrearages obligation. You are done.

### Step 7. Family support arrearages
A. If no order includes family support arrearages, skip to step 8.
B. Add the amounts of family support arrearages from each order ("total family support arrearages").
C. Compare total family support arrearages to net disposable income.
D. If net disposable income is more than total family support arrearages:
   1) Withhold the total family support arrearages
   2) Subtract total family support arrearages from net disposable income
   3) Using the result as the new net disposable income, proceed to step 8.
E. If total family support arrearages are more than net disposable income, prorate the net disposable income among the family support arrearages in the same proportion as the family support arrearages for that order bears to the total family support arrearages obligation. You are done.

### Step 8. Medical support arrearages
A. If no order includes medical support arrearages, you are done.
B. Add the amounts of medical support arrearages from each order ("total medical support arrearages").
C. Compare total medical support arrearages to net disposable income.
D. If net disposable income is more than total medical support arrearages:
   1) Withhold the total medical support arrearages
   2) You are done.
E. If total medical support arrearages are more than net disposable income, prorate the net disposable income among the medical support arrearages in the same proportion as the medical support arrearages for that order bears to the total medical support arrearages obligation. You are done.

Allocation of Withheld Amount Subject to
Multiple Assignment Orders
(Family Law - Domestic Violence Prevention - Uniform Parentage)

1285.70A (New January 1, 1994)

29



**DEAN C. LOGAN**
Registrar-Recorder/County Clerk

If this document contains any restriction based on race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, familial status, marital status, disability, genetic information, national origin, source of income as defined in subdivision (p) of Section 12955, or ancestry, that restriction violates state and federal fair housing laws and is void, and may be removed pursuant to Section 12956.2 of the Government Code. Lawful restrictions under state and federal law on the age of occupants in senior housing or housing for older persons shall not be construed as restrictions based on familial status.

10/14

LAvote.net                    12400 Imperial Highway, Norwalk, California 90650                    LArecorder.net

---

which has the address of         10360 KIMBERLY STREET

           LOS ANGELES          California   [Street]   90000          (herein "Property Address");
           [City]                              [Zip Code]

     TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property";

     TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated
     AUGUST 17, 1996                    and extensions and renewals thereof (herein "Note"), in the principal sum of
U.S.$      25,000.00              , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on    AUGUST 16, 2021        ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

**CALIFORNIA** -SECOND MORTGAGE-1/80-FNMA/FHLMC UNIFORM INSTRUMENT

Printed on Laser by ■ LOANVATE®, Garden Grove, CA 92641 Ph:(714) 895-9501            PAGE 1 of 5                    (Form 3805) 4/84

30.

Southland Title Corporation

**RECORDING REQUESTED BY**
COAST CITIES FINANCIAL INC.

**96  1428059**

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA

**2:41 PM AUG 29 1996**

**AND WHEN RECORDED MAIL TO**

Name ⌐ COAST CITIES FINANCIAL INC.

Street Address  15316 DOS PALMAS RD.

City State Zip └ VICTORVILLE, CA 92392

510499 D.A. FEE Code 20    $ _6-_    FEE $ 36  2

APN: 6065-027-052

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST

THIS DEED OF TRUST is made this          17th          day of          AUGUST          , 1996
among the Trustor, BARBARA A. ADAMSON, AN UNMARRIED WOMAN AND RENEE D. HOOKER, AN
UNMARRIED WOMAN AS JOINT TENANTS                                     (herein "Borrower"),
SOUTHLAND TITLE CORPORATION, A CALIFORNIA CORPORATION    (herein "Trustee"), and the Beneficiary,
COAST CITIES FINANCIAL INC.                                      , a corporation organized and
existing under the laws of          THE STATE OF CALIFORNIA
whose address is          15316 DOS PALMAS RD., VICTORVILLE, CA 92392          (herein "Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably
grants and conveys to Trustee, in trust, with power of sale, the following described property located in the county
of  LOS ANGELES          State of California:
SEE ATTACHED EXHIBIT "A"

which has the address of          10360 KIMBERLY STREET

LOS ANGELES          California   90000          (herein "Property Address");
[City]                      [Street]      [Zip Code]

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, ap-
purtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such
rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of
the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are
hereinafter referred to as the "Property";

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated
AUGUST 17, 1996                      and extensions and renewals thereof (herein "Note"), in the principal sum of
U.S.$    25,000.00          , with interest thereon, providing for monthly installments of principal and
interest, with the balance of the indebtedness, if not sooner paid, due and payable on    AUGUST 16, 2021          ;
the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this
Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

**CALIFORNIA** SECOND MORTGAGE-1/80-FNMA/FHLMC UNIFORM INSTRUMENT                          (Form 3805) 4/84

Printed on Laser by LOANWARE. Garden Grove, CA 92641 Ph:(714) 895-9501          PAGE 1 of 5

31

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANT. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. **Application of Payments.** Unless applicable law provides otherwise, all payment received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonable withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

Printed on Laser by ■ LOANKITE, Garden Grove, CA 92641 Ph (714) 895-9501    PAGE    **96-1428059**    (Form 3805) 4/94

32

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provision of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fail to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

10. **Borrower Not released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in Exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements Herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of Deed of trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law;Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located.The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust.In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs", "expenses", and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvement made to the Property.

Printed on Laser by ■ LOANMASTER, Garden Grove, CA 92641 Ph:(714) 895-9501          PAGE 3 of 5                          (Form 3805) 4/94

96-1428059

33

16. Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designed in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable cost and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and cost of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

18. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceeding begun by Lender to enforce this Deed of Trust discontinued at any time prior to five days before sale of the Property pursuant to the power of sale contained in this Deed of Trust or at any time prior to entry of a judgment enforcing this Deed of Trust if : (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. Assignment of Rents; Appointment of Receiver; Lender in Possession. As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account for those rents actually received.

96-1428059

34

20. **Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

21. **Substitute Trustee.** Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

22. **Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the Civil Code of California.

23. **Statement of Obligation.** Lender may collect a fee not to exceed the maximum amount permitted by law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

—————————————— REQUEST FOR NOTICE OF DEFAULT ——————————————
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the Deed of Trust (or mortgage) recorded 4/01/96, in book _____, Page _____ records of LOS ANGELES     County, (or filed for record with recorder's serial number     96-510559
LOS ANGELES               County.) California, executed by   BARBARA A. ADAMSON, AN UNMARRIED
WOMAN AND RENEE HOOKER, AN UNMARRIED WOMAN
as trustor (or mortgagor) in which  PNC MORTGAGE CORP. OF AMERICA, AN OHIO CORPORATION

as beneficiary (or mortgagee) and   COLDWELL BANKER ESCROW SERVICES, INC.                     is named

be mailed to      COAST CITIES FINANCIAL INC.                                              as trustee
at 15316 DOS PALMAS RD., VICTORVILLE, CA 92392
NOTICE: A copy of any notice of default and of any notice of sale will be sent only to the address contained in this recorded request. If your address changes, a new request must be recorded.
    IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

*Barbara A. Adamson*
BARBARA A. ADAMSON                                        Borrower                                        Borrower

*Renee D. Hooker*
RENEE D. HOOKER                                          Borrower                                        Borrower

STATE OF CALIFORNIA
COUNTY OF Los Angeles
On August 17th 1996 before me.  Marcela A Galarza
                                                    (here insert name and title of the officer)
personally appeared   BARBARA A. ADAMSON AND RENEE D. HOOKER
_____
_____
personally known to me ( or proved to me on the basis of satisfactory evidence ) to be the persons whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacities, and that by their signatures on the instrument the persons, or the entity upon behalf of which the persons acted, executed the instrument.
WITNESS my official hand and seal.

Signature *Marcela A. Galarza*                (Seal)

Marcela A. Galarza
Comm #1058610
NOTARY PUBLIC CALIFORNIA
SAN BERNARDINO COUNTY
Comm. Exp March 25, 1929

Printed on Laser by LOANWARE, Garden Grove, CA 92841 Ph:(714) 896-9601                    PAGE 5 of 5                          (Form 3805) 4/94

96-1428059

30

08/28/96  WED 16:24 FAX 714 453 8765        S L T OR            714 453 8765 CITIES        ⌐004

ORDER NO.: S-10489.00

EXHIBIT "A"

LEGAL DESCRIPTION:

LOT(S) 27 OF TRACT NO. 31001, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES,
STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 814 PAGE(S) 89 TO 91 INCLUSIVE OF
MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

SOUTHLAND TITLE CORPORATION        96-1428059

OO

3.6

This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

MAR 13 2017


REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA



37

Los Angeles  Department of Water & Power

ERIC GARCETTI
*Mayor*

Commission
MEL LEVINE, *President*
WILLIAM W. FUNDERBURK JR., *Vice President*
JILL BANKS BARAD
CHRISTINA E. NOONAN
AURA VASQUEZ
BARBARA E. MOSCHOS, *Secretary*

DAVID H. WRIGHT
*General Manager*

September 14,2017

Barbara Adamson
10360 Kimberly Street
Los Angeles, CA 90002

Dear Customer:

## Residential Service Confirmation

Thank you for your recent inquiry, the following customer information is provided per your request. We hope the information provided will assist you:

| | |
|---|---|
| Account Name: | Barbara Adamson |
| Account Number: | 0929340000 |
| Service Address: | 10360 Kimberly Street |
| City, State: | Los Angeles, CA |
| Type of service: | Electric & Water |
| Service Dates: | March 25,1996 - April 21,2016 |

Thank you for the opportunity to be of service. If we may be of further assistance, please do not hesitate to contact us at 1-800-DIAL DWP.

Sincerely,

City of Los Angeles
Department of Water & Power

Putting Our Customers First ⊙◑◐◒    *38*

### THIRD CAUSE OF ACTION
Fraud
Pursuant to 18 U.S.C. 1341
(Against All Defendants)

34. Plaintiff realleges the statements and allegations contained in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. At all times mentioned in this complaint, Process Server Company, Speedy Special Division, was an agent acting on behalf of Defendants.

36. On or about December 6, 1996, Process Server Company, on behalf of Defendants, The Los Angeles County District Attorney's Office, The Los Angeles County Bureau of Family Support Operations, and The Los Angeles County Risk Management falsely, deceitfully, and fraudulently represented on its Proof of Service that it had served Plaintiff, Lionell Tillman, at 1734 N. Rose Ave., Compton. California, 90221.

37. At the time of the completion of the fraudulent Proof of Service, on December 6, 1996, Defendants had knowledge the document's falsity because Plaintiff was never served with the Summons and Complaint.

38. Defendants intended to induce Plaintiff to act upon their fraudulence.

39. Plaintiff acted in reliance upon Defendants' fraudulence, and paid child support. The damages he incurred, thus far, are approximately $76,934.21.

40. As a proximate result of Defendants' fraudulence, Plaintiff incurred expenses, including but not limited to, trespass upon conversion, child support payments and wage garnishments, bank levy, adverse credit reports, suspension of his driver's license, denial of his passport, and a lien. Plaintiff has also incurred emotional distress and will incur additional expenses in the future, all in amount to be established at trial.

# Exhibit C

Page 47
(Part 39-41)

FL-687

| GOVERNMENTAL AGENCY *(Under Family Code, §§ 17400, 17406)*, OR ATTORNEY OR PARTY WITHOUT ATTORNEY *(name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

ALEXANDRA BAUER , CHIEF ATTORNEY
LOS ANGELES COUNTY CSSD - TORRANCE
20221 HAMILTON AVE
TORRANCE CA 90502-1321

0370016903269B

TELEPHONE NO.: (866) 901-3212          FAX NO.: (310) 538-9107
E-MAIL ADDRESS:
ATTORNEY FOR *(name)*: Under Family Code §§ 17400 & 17406

FILED
Superior Court of California
County of Los Angeles

JUL 2 – 2018

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Maria Elena Leon

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES
  STREET ADDRESS: 600 S COMMONWEALTH AVE
  MAILING ADDRESS: 600 S COMMONWEALTH AVE
  CITY AND ZIP CODE: LOS ANGELES 90005-4001
  BRANCH NAME: CENTRAL CIVIL WEST

PETITIONER/PLAINTIFF: COUNTY OF LOS ANGELES
RESPONDENT/DEFENDANT: LIONELL TILLMAN
OTHER PARENT/PARTY:

## ORDER AFTER HEARING

| CASE NUMBER: |
|---|
| BY204759 |

1. **This matter proceeded as follows:** ☐ Uncontested   ☐ By stipulation   ☒ Contested
   a.  Date: 06/15/2018   Dept: 2G                    Judicial officer: Commr. Halevy
   b.  ☐   Petitioner/plaintiff present
   c.  ☒   Respondent/defendant present             ☐ Attorney present *(name):*
   d.  ☐   Other parent/party present               ☐ Attorney present *(name):*
                                                     ☐ Attorney present *(name):*
   e.  Local child support agency attorney (Family Code, §§ 17400, 17406) by *(name):* Monica Smith
   f.  ☐   Other *(specify):*

   g.  The parent ordered to pay support is the ☐ petitioner/plaintiff  ☒ respondent/defendant ☐ other parent/party.
2. ☐   Attached is a computer printout showing the parents' income and percentage of time each parent spends with the children.
       The printout, which shows the calculation of child support payable, will become the court's findings.
3. ☐   This order is based on the attached documents *(specify):*

## THE COURT ORDERS

4. a.  All orders previously made in this action remain in full force and effect except as specifically modified below.
   b.  The parent ordered to pay support is the parent of and must pay current child support for the following children:

| Name of child | Date of birth | Monthly support amount |
|---|---|---|
| TYSHAUN LIONELL TILLMAN | 05/20/1993 | |

   (1) ☐   Mandatory additional child support.
       (a)  The parent ordered to pay support must pay additional monthly support for reasonable child-care costs, as follows:
            ☐ one-half or ☐ _____ % or ☐ *(specify amount):* $ _____ per month of the costs.
            Payments must be made to the ☐ other parent  ☐ State Disbursement Unit ☐ child-care provider.
       (b)  The parent ordered to pay support must pay reasonable uninsured health-care costs for the children, as follows:
            ☐ one-half or ☐ _____ % or ☐ *(specify amount):* $ _____ per month of the costs.
            Payments must be made to the ☐ other parent  ☐ State Disbursement Unit ☐ health-care provider.

**NOTICE: Any party required to pay child support must pay interest on overdue amounts at the legal rate, which is currently 10 percent per year.**

Form Adopted for Alternative Mandatory Use
Instead of Form FL-692
Judicial Council of California
FL-687 [Rev. January 1, 2017]

**ORDER AFTER HEARING**
**(Governmental)**

Page 1 of 3

Family Code, §§ 17402,
17404, 17400
www.courts.ca.gov



DD2734467130

3g

FL-687

| PETITIONER/PLAINTIFF: COUNTY OF LOS ANGELES | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: LIONELL TILLMAN | BY204759 |
| OTHER PARENT/PARTY: | |

4. b. (2) ☐ Other *(specify):*

(3) ☐ For a total of: $ _____ payable on the: _____ day of each month
beginning *(date):*

(4) ☐ The low-income adjustment applies.

☐ The low-income adjustment does not apply because *(specify reasons):*

(5) Any support ordered will continue until further order of court, unless terminated by operation of law.

(6) When a person who has been ordered to pay child support is in jail or prison or is involuntarily institutionalized for any period of more than 90 days in a row, the child support order is temporarily stopped. However, the child support order will not be stopped if the person who owes support has the financial ability to pay that support while in jail, prison, or an institution. It will also not be stopped if the reason the person is in jail, prison, or an institution is because the person didn't pay court ordered child support or committed domestic violence against the supported person or child. The child support order starts again on the first day of the month after the person is released from jail, prison, or an institution.

c. ☐ The parent ordered to pay support ☐ The parent receiving support must (1) provide and maintain health insurance coverage for the children if available at no or reasonable cost and keep the local child support agency informed of the availability of the coverage (the cost is presumed to be reasonable if it does not exceed 5 percent of gross income to add a child); (2) if health insurance is not available, provide coverage when it becomes available; (3) within 20 days of the local child support agency's request, complete and return a health insurance form; (4) provide to the local child support agency all information and forms necessary to obtain health-care services for the children; (5) present any claim to secure payment or reimbursement to the other parent or caretaker who incurs costs for health-care services for the children; and (6) assign any rights to reimbursement to the other parent or caretaker who incurs costs for health-care services for the children. The parent ordered to provide health insurance must seek continuation of coverage for the child after the child attains the age when the child is no longer considered eligible for coverage as a dependent under the insurance contract, if the child is incapable of self-sustaining employment because of a physically or mentally disabling injury, illness, or condition and is chiefly dependent upon the parent providing health insurance for support and maintenance.

d. ☐ The parent ordered to pay support owes support arrears as follows, as of *(date):*

(1) ☐ Child support: $ _____   ☐ Spousal support: $ _____   ☐ Family support: $ _____

(2) ☐ Interest is not included and is not waived.

(3) ☐ Payable: $ _____ on the: _____ day of each month
beginning *(date):*

(4) ☐ Interest accrues on the entire principal balance owing and not on each installment as it becomes due.

e. No provision of this order may operate to limit any right to collect the principal (total amount of unpaid support) or to charge and collect interest and penalties as allowed by law. All payments ordered are subject to modification.

f. All payments, unless specified in item 4b(1) above, must be made to the State Disbursement Unit at the address listed below *(specify address):* CALIFORNIA STATE DISBURSEMENT UNIT
PO BOX 989067
WEST SACRAMENTO CA 95798-9067

40

FL-687

| PETITIONER/PLAINTIFF: COUNTY OF LOS ANGELES | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: LIONELL  TILLMAN | BY204759 |
| OTHER PARENT/PARTY: | |

4. g.  **An earnings assignment order is issued.**

   h.  In the event that there is a contract between a party receiving support and a private child support collector, the party ordered to pay support must pay the fee charged by the private child support collector. This fee must not exceed 33 1/3 percent of the total amount of past due support nor may it exceed 50 percent of any fee charged by the private child support collector. The money judgment created by this provision is in favor of the private child support collector and the party receiving support, jointly.

   i.  If "The parent ordered to pay support" box is checked in item 4c, a health insurance coverage assignment must issue.

   j.  The parents must notify the local child support agency in writing within 10 days of any change in residence or employment.

   k.  The form *Notice of Rights and Responsibilities (Health-Care Costs and Reimbursement Procedures)* and *Information Sheet on Changing a Child Support Order* (form FL-192) is attached.

   l.  ☐  The following person (the "other parent/party") is added as a party to this action *(name):*

   m.  ☒  The court further orders *(specify):*
        Court finds the substitute service of the Summons and Complaint effected by the  process server was extrinsic fraud. The court grants the set aside of the default and default judgment. The court grants dismissal under the Code of Civil Procedure Sections 583.210 and 583.250.

Date:

**JUL  2 - 2018**

Number of pages attached: _____

| Approved as conforming to court order.<br>Date: |
|---|
| ▶ |
| (SIGNATURE OF ATTORNEY FOR THE PARENT ORDERED TO PAY SUPPORT) |

LOURIE HALEVY

☐  SIGNATURE FOLLOWS LAST ATTACHMENT

FL-687 [Rev. January 1, 2017]

**ORDER AFTER HEARING**
(Governmental)

Page 3 of 3

4/

## FOURTH CAUSE OF ACTION
Mail Fraud
Pursuant to 18 U.S.C. 1341
(Against All Defendants)

41. Plaintiff realleges the statements and allegations contained in paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. At all times mentioned in this complaint, Process Server Company, Speedy Special Division, was an agent acting on behalf of Defendants.

43. Defendants intended to induce Plaintiff to act upon their fraudulence.

44. Defendants utilized the United States Postal Service for twenty-two (22) years as their primary method to make deceitful representations with the intent of inducing Plaintiff to act in reliance on these representations in the manner alleged so that Plaintiff would act in reliance and pay child support. This includes but not limited to fraudulent Monthly Billing Statements, Income Withholding Orders, Bank Levys, Credit Bureau Reporting, Passport Suspension, and Driver's License Suspension with the Department of Motor Vehicles.

45. Plaintiff acted in reliance upon Defendants' mail fraud, and paid child support. The damages he incurred, thus far, are approximately $76,934.21.

46. As a proximate result of Defendants' mail fraud, Plaintiff incurred expenses, including but not limited to, trespass upon conversions, child support payments and wage garnishments, bank levy, adverse credit reports, suspension of his driver's license, denial of his passport, and a lien. Plaintiff has also incurred emotional distress and will incur additional expenses in the future, all in amount to be established at trial.

# Exhibit D

Page 52
(Part 42-48)




PRESORTED
FIRST CLASS

US POSTAGE
$00.37³
APR 05 2017
ZIP 95814
000181
21 3007907

LOS ANGELES COUNTY CSSD - TORRANCE
5500 S EASTERN AVE
COMMERCE CA 90040-2947



**RETURN SERVICE REQUESTED**

LIONELL TILLMAN JR
443 SAN LEON
IRVINE CA 92606-8258

CBBWS5B  92606

42

LOS ANGELES COUNTY CSSD - TORRANCE
5500 S EASTERN AVE
COMMERCE CA 90040-2947



LIONELL TILLMAN JR
443 SAN LEON
IRVINE CA 92606-8258



A9D001003594290000022500040100000000010



43

STATE OF CALIFORNIA - HEALTH AND HUMAN SERVICES AGENCY

DEPARTMENT OF CHILD SUPPORT SERVICES

## NOTICE REGARDING MONTHLY BILLING STATEMENT
DCSS 0274 (08/21/2016)

### THIS NOTICE HAS IMPORTANT INFORMATION ABOUT SUPPORT THAT HAS BEEN COLLECTED. PLEASE READ IT CAREFULLY.

The Monthly Billing Statement tells you about money that was paid to the Department of Child Support Services and about your account balances during the statement period. If you have any questions about your case or believe the information on the Monthly Billing Statement is wrong, please call us at (866) 901-3212.

### The following information will help you understand the Monthly Billing Statement.

#### MONTHLY BILLING STATEMENT AND PAYMENT COUPONS

**STATEMENT BEGINNING DATE:** Date the statement period begins. This could be a specific date (such as January 1, 2001), or it could be the month and year (such as January, 2001).

**STATEMENT ENDING DATE:** Date the statement period ends. This could be a specific date (such as January 31, 2001), or it could be the month and year (such as January, 2001).

**PAYMENT FREQUENCY AND AMOUNT:** Court Ordered Payment Frequency and Amount.

**MONTHLY PAYMENT DUE FOR CURRENT SUPPORT:** Amount for current support to be paid each month.

**MONTHLY PAYMENT DUE FOR PAST DUE SUPPORT:** Amount for past due support to be paid each month.

**TOTAL MONTHLY PAYMENT DUE FOR CURRENT/PAST DUE SUPPORT:** Total amount for current and past due support to be paid each month.

**INTEREST BALANCE:** Total interest balance as of the STATEMENT ENDING DATE.

**PRINCIPAL BALANCE:** Total principal balance as of the STATEMENT ENDING DATE.

**TOTAL INTEREST AND PRINCIPAL BALANCE:** Total interest and principal balance as of the STATEMENT ENDING DATE.

**PAYMENT COUPON(S):** Enter payment amount enclosed.

#### MONTHLY BILLING STATEMENT - DETAIL BY CASE NUMBER

**PAYMENTS RECEIVED AND OTHER ADJUSTMENTS (BY CASE NUMBER):**

**DATE:** Date the payment and/or other adjustment was actually posted to the account.

**DESCRIPTION:** Payment and/or other adjustment type (such as, payment received, interest accrued, etc.).

**AMOUNT:** Amount of payment and/or other adjustment.

**APPLIED TO:** How the payment or adjustment was divided between current support due, past due support, and interest.

Services Available to You:

- If you would like to have your order reviewed for modification (changes) and/or an administrative determination of past due support (arrears), call us at (866) 901-3212. Payments on arrears continue to be due and payable unless and until you are notified otherwise.

- Services of the Family Law Facilitator are available to you. Services are free and separate from DCSS. Contact information is available on the Internet at http://www.courts.ca.gov/selfhelp-facilitators.htm.

- To file a formal complaint about the collection and distribution of child support, please see the back of this notice.

- Additional services may be available in your county, please contact the number below.

If you have any questions, please visit Customer Connect at http://www.childsup-connect.ca.gov for assistance on-line or call Customer Connect at (866) 901-3212. Persons with hearing or speech impairments, please call the TTY number (866) 399-4096.

STATE OF CALIFORNIA - HEALTH AND HUMAN SERVICES AGENCY

DEPARTMENT OF CHILD SUPPORT SERVICES

# MONTHLY BILLING STATEMENT
DCSS 0265 (12/29/06)

LCSA LOS ANGELES COUNTY
DEPARTMENT OF CHILD SUPPORT
SERVICES

STATEMENT BEGINNING DATE  02/01/2018

STATEMENT ENDING DATE  02/28/2018

LIONELL TILLMAN JR
443 SAN LEON
IRVINE CA 92606-8258

PARTICIPANT ID NUMBER  0370420718071

PARTICIPANT NAME  LIONELL TILLMAN JR



## SUMMARY OF AMOUNTS OWED

| CASE AND COURT ORDER INFORMATION | | CURRENT AND PAST DUE PAYMENT INFORMATION | | | ARREARS INFORMATION | | |
|---|---|---|---|---|---|---|---|
| CASE NUMBER | PAYMENT FREQUENCY AND AMOUNT | MONTHLY PAYMENT DUE FOR CURRENT SUPPORT | MONTHLY PAYMENT DUE FOR PAST DUE SUPPORT | TOTAL MONTHLY PAYMENT DUE FOR CURRENT AND PAST DUE SUPPORT | INTEREST BALANCE | PRINCIPAL BALANCE | TOTAL INTEREST AND PRINCIPAL BALANCE |
| 0370016903269B | MONTHLY / -- | -- | * | -- | 37021.80 | 24912.41 | 61934.21 |
| **TOTALS** | | 0.00 | * | 0.00 | 37021.80 | 24912.41 | 61934.21 |

* **If there is an arrears balance and there is no court order for monthly payments toward arrears, arrears continue to be due and payable, unless and until you are notified otherwise.**

- Interest on past due support accrues at the legal rate.
- This balance may not reflect all interest or other charges you may owe.
- Support that has accrued and payments posted after the statement ending date will be reflected on your next statement.

COMMENTS/ SPECIAL INSTRUCTIONS:

*If you feel this information is not correct, please contact us at (866) 901-3212 or the address provided on the Notice Regarding Monthly Billing Statement attached (DCSS 0274).*

*Please tear off payment coupon below and return it with your payment to ensure proper credit to your account.*

➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤ **PAYMENT COUPON** ➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤

**NOTE: If the total minimum payment due is automatically being deducted from your pay, you do not need to send in any additional payment.**

PARTICIPANT NAME: LIONELL TILLMAN JR

PARTICIPANT ID NUMBER: **0370420718071**

ENTER AMOUNT OF REMITTANCE: _____
*Please make checks payable to:*
CALIFORNIA STATE DISBURSEMENT UNIT

CALIFORNIA STATE DISBURSEMENT UNIT
PO BOX 989067
WEST SACRAMENTO CA 95798-9067

*Please write your participant ID number on your check.*

||l..l.ll..ll.l.l.l.l.l.l..l...l.l.l..l.l.ll..l..ll.ll

45

ITF6

STATE OF CALIFORNIA · HEALTH AND HUMAN SERVICES AGENCY

DEPARTMENT OF CHILD SUPPORT SERVICES

## MONTHLY BILLING STATEMENT -
## DETAIL BY CASE NUMBER

DCSS 0275 (08/16/04)

PARTICIPANT NAME: LIONELL TILLMAN JR
PARTICIPANT ID NUMBER: 0370420718071

STATEMENT BEGINNING DATE: 02/01/2018
STATEMENT ENDING DATE: 02/28/2018

### PAYMENTS RECEIVED AND OTHER ADJUSTMENTS



| CASE NUMBER | DATE | DESCRIPTION | AMOUNT | APPLIED TO: | | |
|---|---|---|---|---|---|---|
| | | | | CURRENT | INTEREST ON PAST DUE SUPPORT | PAST DUE SUPPORT |
| 0370016903269B | 02-28-201 | INTEREST CHARGE | 191.11 | 0.00 | 191.11 | 0.00 |

* Interest on past due support accrues at the legal rate.
* This balance may not reflect all interest or other charges you may owe.
  Support that has accrued and payments posted after the statement ending date will be
  reflected on your next statement.



A9D001003942900000022500040100000000030

46

ITF6

**COUNTY OF LOS ANGELES**
**CHILD SUPPORT SERVICES DEPARTMENT**
20221 S. Hamilton Avenue
Torrance, California 90502



NEOPOST
03/20/2018
US POSTAGE $000.68⁰

FIRST-CLASS MAIL

ZIP 93534
041M11276479

47

Blank

48

## FIFTH CAUSE OF ACTION
Wire Fraud
Pursuant to 18 U.S.C. 1343
(Against All Defendants)

47. Plaintiff realleges the statements and allegations contained in paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. Defendants devised deceitful interstate representations for twenty-two (22) years including but not limited to The United States Department of State for the denial of Plaintiff's passport with the intent of inducing Plaintiff to act in reliance on these representations in the manner alleged so that Plaintiff would act in reliance and pay child support. This includes but not limited to fraudulent Monthly Billing Statements, Income Withholding Orders, Bank Levys, Credit Bureau Reporting, Passport Suspension, and Driver's License Suspension with the Department of Motor Vehicles.

49. Defendants made unlawful, interstate wire transfers for twenty-two (22) years.

50. Defendants intended to induce Plaintiff to act upon their fraudulence.

51. Plaintiff acted in reliance upon Defendants' Wire Fraud, and paid child support. The damages he incurred, thus far, are approximately $76,934.21.

52. As a proximate result of Defendants' Wire Fraud, Plaintiff incurred expenses, including but not limited to, trespass upon conversions, child support payments and wage garnishments, bank levy, adverse credit reports, suspension of his driver's license, denial of his passport, and a lien. Plaintiff has also incurred emotional distress and will incur additional expenses in the future, all in amount to be established at trial.

# Exhibit E

Page 60
(Part 49-50)

U.S. Department of State
**Western Passport Center**
44132 Mercure Cir
PO Box 1178
Sterling, VA 20166-1178

Official Business
Penalty for Private Use, $300

UNITED STATES POSTAGE

02 1M
000420717 87
MAILED FROM ZIP CODE 85710

$ 00.46⁵

PITNEY BOWES

U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE, $300

MAY 26 2016

49



United States Department of State

*Western Passport Center*
*44132 Mercure Circle*
*PO Box 1178*
*Sterling, Virginia 20166-1178*

May 25, 2016

Lionell Jerome Tillman Jr
443 San Leon
Irvine, CA 92606

RE: 613101720

Dear Mr. Tillman Jr:

Thank you for your recent passport application. Unfortunately, you are ineligible to receive passport services because the Department of Health and Human Services (HHS) certified that you owe child support.

♦  Section 51.60(a)(2) of Title 22 of the Code of Federal Regulations reads as follows:

   51.60– Denial of Passports
   (a)  The Department may not issue a passport, except a passport for direct return to the United States, in any case in which the Department determines or is informed by a competent authority that:
   (2)  The applicant has been certified by the Secretary of Health and Human Services as notified by a state agency under 42 U.S.C. 652(k) to be in arrears of child support in an amount determined by the statute.

*Neither this passport agency nor the Department of State has information concerning your child support obligation.* A list of state child support enforcement agencies and their contact information can be found on-line at http://www.acf.hhs.gov/programs/css/resource/state-and-tribal-child-support-agency-contacts

You must contact and make appropriate arrangements with the relevant state child support agency within ninety (90) days from the date of this letter. After you have made these arrangements, you must notify our office in writing or by calling the National Passport Information Center (NPIC) at the number listed below. Please allow 5 - 10 business days before calling NPIC to give HHS enough time to notify Passport Services.

Once the Secretary of Health and Human Services has certified to the Secretary of State that you have satisfied the child support arrearage, your name will be removed from the certified list. Please note that several states require a zero dollar ($0.00) balance before allowing passport issuance to an individual who was previously in arrearage. **All questions regarding such policies must be addressed to the appropriate state child support office.** If satisfactory payment arrangements have not been made with the relevant state within 90 days of the date of this letter, your application will be denied. The Department of State cannot change, override, or appeal this policy.

If you have any questions please contact the National Passport Information Center: 1-877-487-2778 (TTY/TDD: 1-888-874-7793).

**For general passport information or to check the status of your passport application, please visit us on-line at travel.state.gov.**

**PLEASE RETURN A COPY OF THIS LETTER WITH YOUR REPLY TO THE ADDRESS LISTED ABOVE.**

Sincerely,

Customer Service Department

RB/vvm

## SIXTH CAUSE OF ACTION
### Trespass
### (Against All Defendants)

53. Plaintiff realleges the statements and allegations contained in paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54. At all times mentioned in this complaint, Process Server Company, Speedy Special Division, was an agent acting on behalf of Defendants.

55. On or about December 6, 1996, Process Server Company, on behalf of Defendants, The Los Angeles County District Attorney's Office, The Los Angeles County Bureau of Family Support Operations, and The Los Angeles County Risk Management falsely, deceitfully, and fraudulently represented on its Proof of Service that it had served Plaintiff, Lionell Tillman, at 1734 N. Rose Ave., Compton. California, 90221.

56. At the time of the completion of the Proof of Service, Defendants had knowledge of the falsity of the document because Plaintiff was never served with the Summons and Complaint.

57. Violation of Plaintiff Due Process Rights. The 5th Amendment Bill of Rights of the United States of America Constitution guarantees that "no person shall be deprived of life, liberty, or property without Due Process of Law nor shall private property be taken."

58. Defendants Trespass on conversions for twenty-two (22) years.

59. Defendants intended to induce Plaintiff to act upon their Trespass.

60. Plaintiff acted in reliance upon Defendants' Trespass, and paid child support. The damages he incurred, thus far, are approximately $76,934.21.

# Exhibit F

Page 64
(Part 51-54)

State of California - Health and Human Services Agency

01/01/1901 - 09/21/2016

Department of Child Support Services
Participant ID: 037042071807T
Name: LIONELL J TILLMAN JR

## CSE Non Custodial Parent Payment History -- IV-D Cases

| Date of Collection | Logical Collection ID | Transaction Date | Payment Source | Collection Adjustment Amount | Process Status | Case Number | Allocated Amount |
|---|---|---|---|---|---|---|---|
| 09/14/16 | 0914201652560454B.0000'1.00 | 09/14/16 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 09/08/16 | 0908201652416798.0000:00 | 09/08/16 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 07/14/16 | 0714201650714861.0000:00 | 07/14/16 | NCP-REGULAR PAYMENT | $20.00 | ALLOCATED | 037001690326B9B | $20.00 |
| 04/08/16 | 0408201647678140.0000:00 | 04/08/16 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 02/05/16 | 0205201645644712.0000:00 | 02/05/16 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 12/29/15 | 1229201544409042.0000:00 | 12/29/15 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 09/17/15 | 0918201541416468.0000:00 | 09/17/15 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 07/31/15 | 0803201539963937.0000:00 | 07/31/15 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 06/30/15 | 0630201538957080.0000:00 | 06/30/15 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 06/05/15 | 0605201538278907.0000:00 | 06/05/15 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 06/05/15 | 0605201538273450.0000:00 | 06/05/15 | NCP-REGULAR PAYMENT | $30.00 | ALLOCATED | 037001690326B9B | $30.00 |
| 03/06/15 | 0306201535403015.0000:00 | 03/06/15 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 01/08/15 | 0108201533647808.0000:00 | 01/08/15 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 11/07/14 | 1107201431847636.0000:00 | 11/07/14 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 10/07/14 | 1007201430927481.0000:00 | 10/07/14 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 09/08/14 | 0908201430055481.0000:00 | 09/08/14 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 08/07/14 | 0807201429159468.0000:00 | 08/07/14 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 07/08/14 | 0708201428276739.0000:00 | 07/08/14 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 05/30/14 | 0603201427221296.0000:00 | 05/30/14 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 05/06/14 | 0506201426406235.0000:00 | 05/06/14 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 04/09/14 | 0409201425592784.0000:00 | 04/09/14 | EDD - UNEMPLOYMENT INSURA | $15.00 | ALLOCATED | 037001690326B9B | $15.00 |
| 04/02/14 | 0402201425324376.0000:00 | 04/02/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 037001690326B9B | $18.00 |
| 04/02/14 | 0402201425324116.0000:00 | 04/02/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 037001690326B9B | $18.00 |
| 03/25/14 | 0325201425102366.0000:00 | 03/25/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 037001690326B9B | $18.00 |

Report ID - FIN - 701
Date and Time Created:        09/21/16 02:31 PM

Page 1 of 6

| Date of Collection | Logical Collection ID | Transaction Date | Payment Source | Collection Adjustment Amount | Process Status | Case Number | Allocated Amount |
|---|---|---|---|---|---|---|---|
| 03/25/14 | 032520142510160 8.0001.00 | 03/25/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 03700169032698 | $18.00 |
| 03/25/14 | 032520142510211 3.00001.00 | 03/25/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 03700169032698 | $18.00 |
| 03/25/14 | 032520142510148 8.0001.00 | 03/25/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 03700169032698 | $18.00 |
| 03/25/14 | 032520142510185 1.0001.00 | 03/25/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 03700169032698 | $18.00 |
| 03/25/14 | 032520142510171 6.0001.00 | 03/25/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 03700169032698 | $18.00 |
| 03/20/14 | 032020142495000 5.0001.00 | 03/20/14 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 03/18/14 | 031820142490164 6.00001.00 | 03/18/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 03700169032698 | $18.00 |
| 03/18/14 | 031820142490164 7.0001.00 | 03/18/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 03700169032698 | $18.00 |
| 03/18/14 | 031820142490200 5.0001.00 | 03/18/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 03700169032698 | $18.00 |
| 03/18/14 | 031820142490214 6.0001.00 | 03/18/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 03700169032698 | $18.00 |
| 02/19/14 | 021920142398186 0.00001.00 | 02/19/14 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 01/13/14 | 011320142292380 0.0001.00 | 01/13/14 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 12/16/13 | 121620132208009 6.0001.00 | 12/16/13 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 12/06/13 | 120620132182095 0.00001.00 | 12/06/13 | NCP-REGULAR PAYMENT | $20.00 | ALLOCATED | 03700169032698 | $20.00 |
| 11/06/13 | 110620132093437 6.0001.00 | 11/06/13 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 10/15/13 | 101520132021562 2.0001.00 | 10/15/13 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 07/19/13 | 072220131764638 5.0001.00 | 07/19/13 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 06/28/13 | 062820131694520 6.0001.00 | 06/28/13 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 05/08/13 | 050820131539370 1.0001.00 | 05/08/13 | NCP-REGULAR PAYMENT | $20.00 | ALLOCATED | 03700169032698 | $20.00 |
| 02/27/13 | 022720131306814 0.0001.00 | 02/27/13 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 01/08/13 | 010820131147390 4.0001.00 | 01/08/13 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 11/28/12 | 112820121023689 4.0001.00 | 11/28/12 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 10/12/12 | 101220120884249 2.0001.00 | 10/12/12 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 09/25/12 | 092520120825959 6.0001.00 | 09/25/12 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 09/10/12 | 091020120779973 6.00001.00 | 09/10/12 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 08/07/12 | 080720120682629 5.0001.00 | 08/07/12 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 06/08/12 | 060820120498667 5.0001.00 | 06/08/12 | NCP-REGULAR PAYMENT | $20.00 | ALLOCATED | 03700169032698 | $20.00 |
| 04/23/12 | 042520120353563 56.0001.00 | 04/23/12 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |

| Date of Collection | Logical Collection ID | Transaction Date | Payment Source | Collection Adjustment Amount | Process Status | Case Number | Allocated Amount |
|---|---|---|---|---|---|---|---|
| 03/29/12 | 040220120272723483.00001.00 | 03/29/12 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 02/23/12 | 022720120156484853.00001.00 | 02/23/12 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 01/25/12 | 012620129605044665.00926.00 | 01/25/12 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 12/29/11 | 123020119572191919.03925.00 | 12/29/11 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 12/23/11 | 122720119648032501309.00 | 12/23/11 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 11/28/11 | 112820119354005200001.00 | 12/23/11 | NCP-REGULAR PAYMENT | $50.00 | ALLOCATED | 03700169032698 | $50.00 |
| 11/28/11 | 112920119500341108835.00 | 11/28/11 | FTB-FULL COLLECTION | $0.35 | ALLOCATED | 03700169032698 | $0.35 |
| 10/24/11 | 102520119523223604521.00 | 11/28/11 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 09/21/11 | 092220118556251305116.00 | 10/24/11 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 08/12/11 | 081220113384006500001.00 | 09/21/11 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 07/14/11 | 071420115301004700001.00 | 08/12/11 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 06/13/11 | 061420119614010700389.00 | 07/14/11 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 05/04/11 | 050520119646021500445.00 | 06/13/11 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698 | $10.00 |
| 04/06/11 | 040720119698002860060.05 | 05/04/11 | NCP-REGULAR PAYMENT | $20.00 | ALLOCATED | 03700169032698 | $20.00 |
| 10/22/10 | 102520119568950801.0316.00 | 04/06/11 | NCP-REGULAR PAYMENT | $20.00 | ALLOCATED | 03700169032698 | $20.00 |
| 10/08/10 | 101220109565570036.14902.00 | 10/22/10 | INCOME WITHHOLDING ORDER | $90.00 | ALLOCATED | 03700169032698 | $90.00 |
| 09/24/10 | 092720109538476669792.00 | 10/08/10 | INCOME WITHHOLDING ORDER | $90.00 | ALLOCATED | 03700169032698 | $90.00 |
| 09/10/10 | 091320109512449309888.00 | 09/24/10 | INCOME WITHHOLDING ORDER | $90.00 | ALLOCATED | 03700169032698 | $90.00 |
| 08/27/10 | 083020109583557311681.00 | 09/10/10 | INCOME WITHHOLDING ORDER | $90.00 | ALLOCATED | 03700169032698 | $90.00 |
| 08/13/10 | 081620109557698814509.00 | 08/27/10 | INCOME WITHHOLDING ORDER | $90.00 | ALLOCATED | 03700169032698 | $90.00 |
| 07/30/10 | 080220109523593811877.00 | 08/13/10 | INCOME WITHHOLDING ORDER | $90.00 | ALLOCATED | 03700169032698 | $90.00 |
|  |  | 07/30/10 | INCOME WITHHOLDING ORDER | $90.00 | ALLOCATED | 03700169032698 | $90.00 |

## Total Amount Allocated Per IV-D Case

| Case Number | Amount Allocated |
|---|---|
| 0370016902698 | $1,501.35 |

Total: $1,501.35

### Total Amount Per Process Status

Allocated: $1501.35
Refunded: $0
Suspended: $0
Backed-Out $0

Total: $1,501.35

Report ID: FIN - 701
Date and Time Created:    09/21/16 02:31 PM

61. As a proximate result of Defendants' Trespass, Plaintiff incurred expenses, including but not limited to, trespass upon conversions, child support payments and wage garnishments, bank levy, adverse credit reports, suspension of his driver's license, denial of his passport, and a lien. Plaintiff has also incurred emotional distress and will incur additional expenses in the future, all in amount to be established at trial.

SEVENTH CAUSE OF ACTION
Defamation
Pursuant to 28 U.S.C. 1401, and Fair Credit Reporting Act (FCRA)
(Against All Defendants)

62. Plaintiff realleges the statements and allegations contained in paragraphs 1 through 61 of this Complaint as if fully set forth herein.

63. At all times mentioned in this complaint, Process Server Company, Speedy Special Division, was an agent acting on behalf of Defendants.

64. On or about December 6, 1996, Process Server Company, on behalf of Defendants, The Los Angeles County District Attorney's Office, The Los Angeles County Bureau of Family Support Operations, and The Los Angeles County Risk Management falsely, deceitfully, and fraudulently represented on its Proof of Service that it had served Plaintiff, Lionell Tillman, at 1734 N. Rose Ave., Compton. California, 90221.

65. At the time of the completion of the fraudulent Proof of Service, on December 6, 1996, Defendants had knowledge the document's falsity because Plaintiff was never served with the Summons and Complaint.

66. When Defendants made the representations that Plaintiff had been served, they had no reasonable grounds for believing such representation to be true because Plaintiff was not living at the address that service had been allegedly completed.

67. Defendants made these deceitful representations with the intent of inducing Plaintiff to act in reliance on these representations in the manner alleged so that Plaintiff would act in reliance and pay child support.

68. Defendants violated the Fair Credit Reporting Act (FCRA) 2003 amendments (FACT Act) whereas the fraudulent representations of an alleged debt of $61,934.21 did not arise from a "credit transaction."

69. Defendants unlawfully reported falsely to All Credit Reporting Bureaus for fifteen (15) years.

70. The opportunity cost negatively affected Plaintiff by millions of dollars.

70. Defendants intended to induce Plaintiff to act upon their Defamation.

71. Plaintiff acted in reliance upon Defendants' Defamation, and paid child support. The damages he incurred, thus far, are approximately $76,934.21.

72. As a proximate result of Defendants' Defamation, Plaintiff incurred expenses, including but not limited to, trespass upon conversions, child support payments and wage garnishments, bank levy, adverse credit reports, suspension of his driver's license, denial of his passport, and a lien. Plaintiff has also incurred opportunity cost and emotional distress and will incur additional expenses in the future, all in amount to be established at trial.

# Exhibit G

Page 71
(Part 55-60)
55-61



### ***Important Notice***

## Credit Reports for collection of delinquent child support, judgments, fines and liens may no longer be permitted

Federal courts recently have issued rulings about the use of consumer reports for the collection of an account under the Fair Credit Reporting Act (FCRA). [1]

These cases note that certain definitions were added to the FCRA as part of the 2003 amendments (FACT Act). In particular, the word "credit" was defined. As a result of the new definition the position that is being advocated is that a "collection of an account" is a permissible purpose to obtain a consumer report *only when the collection is in connection with a credit transaction*.

The courts have specifically rejected prior case law and FTC guidance that a judgment creditor had permissible purpose, noting that those decisions pre-dated the FACT Act. These cases have held that a delinquent child support obligation, municipal fines arising from parking tickets, and a statutory debt resulting from the towing and impound of an illegally parked vehicle did not arise from a "credit transaction." As a result, the courts found that collection of those accounts was not a valid permissible purpose to obtain a consumer report.

**If you use TransUnion consumer report services in connection with the collection of an account, we advise you to promptly review the new case law with your regular attorney or compliance advisor.**

TransUnion will be contacting each customer that is a third-party collector to discuss this issue. We expect to confirm with you that you are in compliance with this new interpretation. Until then, unless you advise otherwise, we are relying upon you to comply with your contract with TransUnion and this new interpretation of the law. **This means that you may obtain TransUnion reports for collection purposes only when collecting on an obligation arising from a credit transaction, or where you have the written authorization of the consumer or a court order to obtain a consumer report.**

As an example, for collectors of delinquent child support debt, judgments, fines, or liens, you must have in hand:

- A court order authorizing a consumer reporting agency to provide a consumer report,
- A written authorization from the debtor to obtain a consumer report, or
- Some type of contractual agreement with the consumer that rises to the level of a credit transaction under law.

---

[1] Kevin D. Miller v. Trans Union LLC, Experian Information systems, Inc. and Supportkids, Inc., Case 1:06-cv-02883, 2/28/2007 (N.D. Illinois); Kenneth McCready vs. Linebarger Goggan Blair & Sampson, LLP, et al., Case: 06 C 4884, 8/15/2007 (N.D. Illinois). Maria E. Pintos v. Pacific Creditors Association, Experian Information Solutions, Inc., No. 04-17485, D.C. No. CV-03-05471-CW, 9/21/2007 (9th Circuit Court of Appeals).

55

 Gmail

## Web Application Received

**support@700credit.com** <support@700credit.com>
To: LIONELL.TILLMAN@gmail.com

Mon, Apr 25, 2011 at 3:41 PM

### NOTICE OF ADVERSE ACTION

04/25/2011

Lionell Tillman
10360 Kimberly St
Los Angeles, CA 90002

Dear Lionell Tillman,

If you received this notice in error, our apologies. If you purchased or leased a vehicle, congratulations and thank you for your business! Also, be advised that this notice in no way impacts your credit (history or score). It is for your own, personal information only. It is provided to no other person or company.

This email is being provided to you because you recently inquired about doing business with Nissan Buick Pontiac GMC of Thousand Oaks and your credit report was obtained. We were unable to sell you a car, based in whole or part on information obtained from a credit bureau. This email serves as your written notification regarding this matter. If you would like a statement of the specific reasons why this action was taken, you must contact us within 60 days of the date of this notice. Otherwise, no further action is needed on your part. Receipt of this email in no way affects your credit score, nor does it appear on your credit record.

We will provide you with a statement of reasons within 30 days of receiving your request. If we provide the reasons to you verbally, you have the right to make a written request to confirm the reasons in writing. We will provide the written statement of reasons within 30 days of receiving your written request for confirmation.

We obtained credit information from one or more consumer reporting agencies ("CRA") as part of our consideration of your application, and the adverse credit decision was based in whole or in part on information obtained from a CRA. The box or boxes checked below show the name(s), address(es) and toll-free telephone number(s) of the CRA(s) that provided us with your credit report(s):

| ☐ **Equifax** | ☐ **Experian** | ☑ **TransUnion** |
|---|---|---|
| P.O. Box 740241 | P.O. Box 2104 | 2 BaldWin Place, PO Box 1000 |
| Atlanta, GA 30374 | Allen, TX 75013 | Chester, PA 19022 |
| (800) 685-1111 | (888) 397-3742 | (800) 888-4213 |
| www.equifax.com/fcra | www.experian.com | www.transunion.com |

The CRA played no part in our decision, and are unable to supply specific reasons why we took the adverse action. You have a right to obtain a free copy of your report if you request it from the CRA no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report(s) you receive is inaccurate or incomplete, you have the right to dispute the matter with the CRA.

Nissan Buick Thousand Oaks
Nissan Buick Pontiac GMC of Thousand Oaks
3755 Auto Mall Dr,THOUSAND OAKS ,CALIFORNIA [CA],91362
- -



NOTICE:  The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (with certain limited exceptions), because all or part of the applicant s income derives from any public assistance program, or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.  The federal agency that administers compliance with this law concerning this creditor is the Federal Trade Commission, Equal Credit Opportunity, Washington, D.C.  20580.

57





DEAN C. LOGAN
Registrar-Recorder/County Clerk

If this document contains any restriction based on race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, familial status, marital status, disability, genetic information, national origin, source of income as defined in subdivision (p) of Section 12955, or ancestry, that restriction violates state and federal fair housing laws and is void, and may be removed pursuant to Section 12956.2 of the Government Code. Lawful restrictions under state and federal law on the age of occupants in senior housing or housing for older persons shall not be construed as restrictions based on familial status.

12400 Imperial Highway, Norwalk, California 90650

10/14

LArecorder.net

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION

DA186REV06.94

58

REQUESTED BY AND MAIL TO:

COUNTY OF LOS ANGELES
BUREAU OF FAMILY SUPPORT OPERATIONS
5770 SOUTH EASTERN AVENUE
COMMERCE, CA 90040-0000

97- 944949

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA
11:21 AM JUN 25 1997

INDEX AS JUDGMENT ONLY

LASC No: BY0204759
FSR No: 22F221
County Recorder I.D.: 19
No fee per Gov.C. 6103.9 - Fam.C. 4202

THIS SPACE FOR RECORDER'S USE ONLY

FREE     C

ABSTRACT OF SUPPORT JUDGMENT
Title of Document

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION

DA186REV06.94

ATTORNEY OR PARTY WITHOUT AN ATTORNEY *(Name and Address)*
[X] Recording requested by and return to:
GIL GARCETTI, DISTRICT ATTORNEY
BUREAU OF FAMILY SUPPORT OPERATIONS
5770 SOUTH EASTERN AVENUE
COMMERCE, CALIFORNIA 90040-0000
Attorney pursuant to W&I Code.§§11475.1 and 11478.2

TELEPHONE NUMBER
(800) 615-8858
22F221

FOR RECORDER'S USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: CENTRAL CIVIL WEST
MAILING ADDRESS: 600 S. COMMONWEALTH 16TH FLOOR
CITY AND ZIP: LOS ANGELES, CALIFORNIA 90005-0000
BRANCH NAME: CENTRAL CIVIL WEST

PLAINTIFF:    COUNTY OF LOS ANGELES

DEFENDANT:    LIONELL TILLMAN

ABSTRACT OF SUPPORT JUDGMENT

CASE NUMBER
BY0204759
FOR COURT USE ONLY

1. The [X] judgment creditor    [ ] assignee of record
applies for an abstract of a support judgment and represents the following
a. Judgment debtor's

    *Name and last known address*
    LIONELL  TILLMAN
    A/P IS A MINOR
    1734 N ROSE AVE
    COMPTON, CA 90221-0000

    b. Driver's License No. and State:                      [X] Unknown
    c. Social Security number: 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                  [ ] Unknown
    d. Birthdate: FEBRUARY 08, 1978                         [ ] Unknown

Date: 05/21/1997

GIL GARCETTI, DISTRICT ATTORNEY
by D.D.A. Wayne D. Doss
    TYPE OR PRINT NAME

► *Wayne D. Doss*
    DISTRICT ATTORNEY

2. I CERTIFY that the judgment entered in this action contains
an order for payment of spousal, family, or child support.
3. Judgment creditor *(name)*:
COUNTY OF LOS ANGELES
whose address appears on this form above the court's name

4. [X] The support is ordered to be paid to the following
county officer *(name and address)*:
COURT TRUSTEE
P.O. BOX 513544
LOS ANGELES, CALIFORNIA 90051-1544

5. Judgment debtor *(full name as it appears in judgment)*:
LIONELL  TILLMAN
6. a. A judgment was entered on *(date)*: 05/10/1997
b. Renewal was entered *(date)*:
c. Renewal was entered *(date)*:

7. [ ] An execution lien is endorsed on the judgment as follows:
a. Amount: $
b. In favor of *(name and address)*:

8. A stay of enforcement has
a. [X] not been ordered by the court.
b. [ ] been ordered by the court effective until
        *(date)*:

9. [X] This is an installment judgment

JOHN A. CLARKE, EXECUTIVE OFFICER/

97- 944949

This abstract issued on
*(date)*: JUN 18 199

Clerk, by *Cynthia A. De Cord* Deputy

ABSTRACT OF SUPPORT JUDGMENT
(Family Law)

CCP 488.480,674,
697,320, 700,190

1285.80 [Rev. July 1, 1989]

60



This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

FEB 17 2017

Dean C. Logan  REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

### EIGHTH CAUSE OF ACTION
Kidnapping and Ransom
Pursuant to 18 U.S.C. 1201, and 18 U.S.C. 1202
(Against All Defendants)

73. Plaintiff realleges the statements and allegations contained in paragraphs 1 through 72 of this Complaint as if fully set forth herein.

74. Defendants intended to induce Plaintiff to act upon their Kidnapping for Ransom, and Extortion for twenty-two (22) years to pay child support.

75. Defendants unlawfully seized Plaintiffs' driver's license by force, and fraud to extract Ransom.

76. Defendants demanded and received Ransom Money of $50.00 U.S.D. for the release.

77. Defendants intended to induce Plaintiff to act upon their Kidnapping and Ransom.

78. Plaintiff acted in reliance upon Defendants' Kidnapping and Ransom, and paid child support plus the release of driver's license. The damages he incurred, thus far, are approximately $76,934.21.

79. As a proximate result of Defendants' Defamation, Plaintiff incurred expenses, including but not limited to, extortion, trespass upon conversions, child support payments and wage garnishments, bank levy, adverse credit reports, suspension of his driver's license, denial of his passport, and a lien. Plaintiff has also incurred opportunity cost and emotional distress and will incur additional expenses in the future, all in amount to be established at trial.

# Exhibit H

Page 79
(Part 61-62)
62 - 63

LOS ANGELES COUNTY CSSD - TORRANCE
5500 S EASTERN AVE
COMMERCE CA 90040-2947


LIONELL J TILLMAN JR
443 SAN LEON
IRVINE CA 92606-8258

62



LIONELL J TILLMAN JR
443 SAN LEON
IRVINE CA 92606-8258

01/30/2018
0370016903269B
TIFFANY DENISE FICKLIN

This is a copy of the State License Release.  The original release has been sent to the licensing agency that will be responsible for any subsequent processing of the release, including how long the processing might take, and for reinstatement of the license.  It is your responsibility to pay any fees and to coordinate the release or reinstatement of your license with the licensing agency.

**YOUR LICENSE WILL NOT BE REINSTATED UNTIL YOU TAKE CARE OF THIS WITH YOUR LICENSING AGENCY.**

Continued compliance with the terms of the release is required to avoid revocation of the release.  Your cooperation in this matter is greatly appreciated.

If you have any questions, please call (866) 901-3212.

## STATE LICENSE RELEASE

| NON-CUSTODIAL PARENT NAME | LOCAL CHILD SUPPORT AGENCY |
|---|---|
| LIONELL J TILLMAN JR | LOS ANGELES COUNTY CSSD - TORRANCE |
| NON-CUSTODIAL PARENT'S SOCIAL SECURITY NUMBER | LOCAL CHILD SUPPORT AGENCY ADDRESS |
| 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 | 5500 S EASTERN AVE |
| NON-CUSTODIAL PARENT'S DATE OF BIRTH | COMMERCE CA 90040-2947 |
| 08/18/1978 | |
| LICENSING AGENCY | TELEPHONE NUMBER |
| DEPARTMENT OF MOTOR VEHICLES | (866) 901-3212 |
| LICENSE NUMBER | DATE LCSA REQUESTED RELEASE |
| B7169220 | 01/30/2018 |

This is to inform you that the above-named Non-Custodial Parent's license is now eligible for renewal pursuant to Family Code Section 17520(a).

| PRINTED NAME | TITLE |
|---|---|
| RENA DAWSON | Child Support Officer II |
| SIGNATURE | DATE |
| *Rena L Dawson* | 01/30/2018 |

## NINTH CAUSE OF ACTION
Extortion
Pursuant to 18 U.S.C. 872
(Against All Defendants)

80. Plaintiff realleges the statements and allegations contained in paragraphs 1 through 79 of this Complaint as if fully set forth herein.

81. Defendants intended to induce Plaintiff to act upon their Extortion for twenty-two (22) years to pay child support and Ransom.

82. At all times mentioned in this complaint, Process Server Company, Speedy Special Division, was an agent acting on behalf of Defendants.

83. On or about December 6, 1996, Process Server Company, on behalf of Defendants, The Los Angeles County District Attorney's Office, The Los Angeles County Bureau of Family Support Operations, and The Los Angeles County Risk Management falsely, deceitfully, and fraudulently represented on its Proof of Service that it had served Plaintiff, Lionell Tillman, at 1734 N. Rose Ave., Compton. California, 90221.

84. When Defendants made the representations that Plaintiff had been served, they had no reasonable grounds for believing such representation to be true because Plaintiff was not living at the address that service had been allegedly completed. Defendants made these deceitful representations with the intent of inducing Plaintiff to act in reliance on these representations in the manner alleged so that Plaintiff would act in reliance and pay child support and Ransom.

86. Defendants unlawfully seized Plaintiffs' driver's license by force, and fraud to extract Ransom.

87. Defendants demanded and received Ransom Money of $50.00 U.S.D. for the release and a $51.00 U.S.D. driver's license reinstatement

88. Defendants intended to induce Plaintiff to act upon their Extortion.

89. Plaintiff acted in reliance upon Defendants' Extortion, and paid child support plus the release of driver's license. The damages he incurred, thus far, are approximately $76,934.21.

90. As a proximate result of Defendants' Extortion, Plaintiff incurred expenses, including but not limited to, trespass upon conversions, child support payments and wage garnishments, bank levy, adverse credit reports, suspension of his driver's license, denial of his passport, and a lien. Plaintiff has also incurred opportunity cost and emotional distress and will incur additional expenses in the future, all in amount to be established at trial.

PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL CAUSES OF ACTION ALLEGED HEREIN

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages according to proof;

2. For special damages, including punitive damages, according to proof;

3. For all statutory damages available, according to proof;

4. For costs of suit herein incurred;

5. For equitable relief and restitution to the extent available under law;

6. For prejudgment and post-judgment interest on any lost wages according to law; and

7. For such other and further relief as the Court deems proper and just.

8. Plaintiff demands $5,000,000 in damages for equitable relief and restitution to the extent available under law.

I declare under penalty of perjury under the laws of The United States of America that the foregoing is true and correct.

Dated: August 12, 2022

*UCC*
*1-308*
*r207*

Lionell J Tillman Jr

# Exhibit I

Page 90
(Part 63-72)
64- 73

LOS ANGELES COUNTY CSSD - TORRANCE
5500 S EASTERN AVE
COMMERCE CA 90040-2947



LIONELL TILLMAN JR
443 SAN LEON
IRVINE CA 92606-8258

A9D0010000797000102690041010000000010



STATE OF CALIFORNIA - HEALTH AND HUMAN SERVICES AGENCY

DEPARTMENT OF CHILD SUPPORT SERVICES

## MONTHLY BILLING STATEMENT
DCSS 0265 (12/29/06)

**LCSA** LOS ANGELES COUNTY
DEPARTMENT OF CHILD SUPPORT
SERVICES

LIONELL TILLMAN JR
443 SAN LEON
IRVINE CA 92606-8258

STATEMENT BEGINNING DATE: 03/01/2018

STATEMENT ENDING DATE: 03/31/2018

PARTICIPANT ID NUMBER: 0370420718071

PARTICIPANT NAME: LIONELL TILLMAN JR

### SUMMARY OF AMOUNTS OWED

| CASE AND COURT ORDER INFORMATION | | CURRENT AND PAST DUE PAYMENT INFORMATION | | | ARREARS INFORMATION | | |
|---|---|---|---|---|---|---|---|
| CASE NUMBER | PAYMENT FREQUENCY AND AMOUNT | MONTHLY PAYMENT DUE FOR CURRENT SUPPORT | MONTHLY PAYMENT DUE FOR PAST DUE SUPPORT | TOTAL MONTHLY PAYMENT DUE FOR CURRENT AND PAST DUE SUPPORT | INTEREST BALANCE | PRINCIPAL BALANCE | TOTAL INTEREST AND PRINCIPAL BALANCE |
| 0370016903269B | MONTHLY / -- | -- | * | -- | 37233.38 | 24912.41 | 62145.79 |
| **TOTALS** | | 0.00 | * | 0.00 | 37233.38 | 24912.41 | 62145.79 |

\* If there is an arrears balance and there is no court order for monthly payments toward arrears, arrears continue to be due and payable, unless and until you are notified otherwise.

- Interest on past due support accrues at the legal rate.
- This balance may not reflect all interest or other charges you may owe.
- Support that has accrued and payments posted after the statement ending date will be reflected on your next statement.

COMMENTS/ SPECIAL INSTRUCTIONS:

*If you feel this information is not correct, please contact us at (866) 901-3212 or the address provided on the Notice Regarding Monthly Billing Statement attached (DCSS 0274).*

*Please tear off payment coupon below and return it with your payment to ensure proper credit to your account.*

➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤➤

### PAYMENT COUPON
**NOTE:** If the total minimum payment due is automatically being deducted from your pay, you do not need to send in any additional payment.

PARTICIPANT NAME: LIONELL TILLMAN JR

PARTICIPANT ID NUMBER: **0370420718071**

CALIFORNIA STATE DISBURSEMENT UNIT
PO BOX 989067
WEST SACRAMENTO CA 95798-9067

ENTER AMOUNT OF REMITTANCE: _____
*Please make checks payable to:*
CALIFORNIA STATE DISBURSEMENT UNIT

*Please write your participant ID number on your check.*

||ı..ı.ı|ı..ı|.ı.ı.ı|.ı.ı.ı.ı||.ı..ı|.ı.ı..ı|.ı.ı.ı..ıı.ıı|



STATE OF CALIFORNIA - HEALTH AND HUMAN SERVICES AGENCY                    DEPARTMENT OF CHILD SUPPORT SERVICES

## MONTHLY BILLING STATEMENT - DETAIL BY CASE NUMBER

DCSS 0275 (08/16/04)

PARTICIPANT NAME: LIONELL TILLMAN JR                STATEMENT BEGINNING DATE  03/01/2018
PARTICIPANT ID NUMBER: 0370420718071                STATEMENT ENDING DATE  03/31/2018

### PAYMENTS RECEIVED AND OTHER ADJUSTMENTS

| CASE NUMBER | DATE | DESCRIPTION | AMOUNT | APPLIED TO: | | |
|---|---|---|---|---|---|---|
| | | | | CURRENT | INTEREST ON PAST DUE SUPPORT | PAST DUE SUPPORT |
| 0370016903269B | 03-31-201 | INTEREST CHARGE | 211.58 | 0.00 | 211.58 | 0.00 |

* Interest on past due support accrues at the legal rate.
* This balance may not reflect all interest or other charges you may owe.
* Support that has accrued and payments posted after the statement ending date will be reflected on your next statement.

A9D00100007970001026900401000000030



66

STATE OF CALIFORNIA - HEALTH AND HUMAN SERVICES AGENCY                                        DEPARTMENT OF CHILD SUPPORT SERVICES

## NOTICE REGARDING MONTHLY BILLING STATEMENT
DCSS 0274 (08/21/2016)

### THIS NOTICE HAS IMPORTANT INFORMATION ABOUT SUPPORT THAT HAS BEEN COLLECTED. PLEASE READ IT CAREFULLY.

The Monthly Billing Statement tells you about money that was paid to the Department of Child Support Services and about your account balances during the statement period. If you have any questions about your case or believe the information on the Monthly Billing Statement is wrong, please call us at (866) 901-3212.

**The following information will help you understand the Monthly Billing Statement.**

### MONTHLY BILLING STATEMENT AND PAYMENT COUPONS

| | |
|---|---|
| **STATEMENT BEGINNING DATE:** | Date the statement period begins. This could be a specific date (such as January 1, 2001), or it could be the month and year (such as January, 2001). |
| **STATEMENT ENDING DATE:** | Date the statement period ends. This could be a specific date (such as January 31, 2001), or it could be the month and year (such as January, 2001). |
| **PAYMENT FREQUENCY AND AMOUNT:** | Court Ordered Payment Frequency and Amount. |
| **MONTHLY PAYMENT DUE FOR CURRENT SUPPORT:** | Amount for current support to be paid each month. |
| **MONTHLY PAYMENT DUE FOR PAST DUE SUPPORT:** | Amount for past due support to be paid each month. |
| **TOTAL MONTHLY PAYMENT DUE FOR CURRENT/PAST DUE SUPPORT:** | Total amount for current and past due support to be paid each month. |
| **INTEREST BALANCE:** | Total interest balance as of the STATEMENT ENDING DATE. |
| **PRINCIPAL BALANCE:** | Total principal balance as of the STATEMENT ENDING DATE. |
| **TOTAL INTEREST AND PRINCIPAL BALANCE:** | Total interest and principal balance as of the STATEMENT ENDING DATE. |
| **PAYMENT COUPON(S):** | Enter payment amount enclosed. |

### MONTHLY BILLING STATEMENT - DETAIL BY CASE NUMBER

#### PAYMENTS RECEIVED AND OTHER ADJUSTMENTS (BY CASE NUMBER):

| | |
|---|---|
| **DATE:** | Date the payment and/or other adjustment was actually posted to the account. |
| **DESCRIPTION:** | Payment and/or other adjustment type (such as, payment received, interest accrued, etc.). |
| **AMOUNT:** | Amount of payment and/or other adjustment. |
| **APPLIED TO:** | How the payment or adjustment was divided between current support due, past due support, and interest. |

Services Available to You:

- If you would like to have your order reviewed for modification (changes) and/or an administrative determination of past due support (arrears), call us at (866) 901-3212. Payments on arrears continue to be due and payable unless and until you are notified otherwise.

- Services of the Family Law Facilitator are available to you. Services are free and separate from DCSS. Contact information is available on the Internet at http://www.courts.ca.gov/selfhelp-facilitators.htm.

- To file a formal complaint about the collection and distribution of child support, please see the back of this notice.

- Additional services may be available in your county, please contact the number below.

If you have any questions, please visit Customer Connect at http://www.childsup-connect.ca.gov for assistance on-line or call Customer Connect at (866) 901-3212. Persons with hearing or speech impairments, please call the TTY number (866) 399-4096.

**FL-150**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| 0370016903269B | |

TELEPHONE NO.:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 600 S COMMONWEALTH AVE
MAILING ADDRESS: 600 S COMMONWEALTH AVE
CITY AND ZIP CODE: LOS ANGELES 90005-4001
BRANCH NAME: CENTRAL CIVIL WEST

PETITIONER/PLAINTIFF: COUNTY OF LOS ANGELES
RESPONDENT/DEFENDANT: LIONELL TILLMAN
OTHER PARENT/CLAIMANT:

| INCOME AND EXPENSE DECLARATION | CASE NUMBER: BY204759 |
|---|---|

1. **Employment** *(Give information on your current job or, if you're unemployed, your most recent job.)*

Attach copies of your pay stubs for last two months (black out social security numbers).

   a. Employer:
   b. Employer's address:
   c. Employer's phone number:
   d. Occupation:
   e. Date job started:
   f. If unemployed, date job ended:
   g. I work about _____ hours per week.
   h. I get paid $ _____ gross (before taxes) ☐ per month ☐ per week ☐ per hour.

**(If you have more than one job, attach an 8½-by-11-inch sheet of paper and list the same information as above for your other jobs. Write "Question 1—Other Jobs" at the top.)**

2. **Age and education**
   a. My age is *(specify)*:
   b. I have completed high school or the equivalent: ☐ Yes ☐ No If no, highest grade completed *(specify)*:
   c. Number of years of college completed *(specify)*: ☐ Degree(s) obtained *(specify)*:
   d. Number of years of graduate school completed *(specify)*: ☐ Degree(s) obtained *(specify)*:
   e. I have: ☐ professional/occupational license(s) *(specify)*:
      ☐ vocational training *(specify)*:

3. **Tax information**
   a. ☐ I last filed taxes for tax year *(specify year)*:
   b. My tax filing status is ☐ single ☐ head of household ☐ married, filing separately
      ☐ married, filing jointly with *(specify name)*:
   c. I file state tax returns in ☐ California ☐ other *(specify state)*:
   d. I claim the following number of exemptions (including myself) on my taxes *(specify)*:

4. **Other party's income.** I estimate the gross monthly income (before taxes) of the other party in this case at *(specify)*: $ _____
   This estimate is based on *(explain)*:

**(If you need more space to answer any questions on this form, attach an 8½-by-11-inch sheet of paper and write the question number before your answer.)** Number of pages attached: _____

I declare under penalty of perjury under the laws of the State of California that the information contained on all pages of this form and any attachments is true and correct.

Date:

_____ ▶ _____
(TYPE OR PRINT NAME)                (SIGNATURE OF DECLARANT)

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
FL-150 [Rev. January 1, 2007]

**INCOME AND EXPENSE DECLARATION**

Family Code, §§ 2030–2032,
2100–2113, 3552, 3620–3634,
4050–4076, 4300–4339
www.courtinfo.ca.gov

FL-150

| PETITIONER/PLAINTIFF: COUNTY OF LOS ANGELES | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: LIONELL TILLMAN | BY204759 |
| OTHER PARENT/CLAIMANT: | |

12. **The following people live with me:**

| Name | Age | How the person is related to me? (ex: son) | That person's gross monthly income | Pays some of the household expenses? |
|---|---|---|---|---|
| a. | | | | ☐ Yes  ☐ No |
| b. | | | | ☐ Yes  ☐ No |
| c. | | | | ☐ Yes  ☐ No |
| d. | | | | ☐ Yes  ☐ No |
| e. | | | | ☐ Yes  ☐ No |

13. **Average monthly expenses**   ☐ Estimated expenses   ☐ Actual expenses   ☐ Proposed needs

a. Home:

  (1) ☐ Rent or ☐ mortgage. . .   $ _____
   If mortgage:
    (a) average principal:  $ _____
    (b) average interest:   $ _____
  (2) Real property taxes . . . . . . . . . . . . .  $ _____
  (3) Homeowner's or renter's insurance (if not included above) . . . . . . . . . . .  $ _____
  (4) Maintenance and repair . . . . . . . . . .  $ _____
b. Health-care costs not paid by insurance. . .  $ _____
c. Child care . . . . . . . . . . . . . . . . . . . . . . . .  $ _____
d. Groceries and household supplies. . . . . . .  $ _____
e. Eating out. . . . . . . . . . . . . . . . . . . . . . . . .  $ _____
f. Utilities (gas, electric, water, trash) . . . . . .  $ _____
g. Telephone, cell phone, and e-mail . . . . . . .  $ _____

h. Laundry and cleaning . . . . . . . . . . . . . . . .  $ _____
i. Clothes . . . . . . . . . . . . . . . . . . . . . . . . . .  $ _____
j. Education. . . . . . . . . . . . . . . . . . . . . . . . .  $ _____
k. Entertainment, gifts, and vacation. . . . . . .  $ _____
l. Auto expenses and transportation (insurance, gas, repairs, bus, etc.) . . . . . . .  $ _____
m. Insurance (life, accident, etc.; do not include auto, home, or health insurance) . . . . . . . .  $ _____
n. Savings and investments. . . . . . . . . . . . . .  $ _____
o. Charitable contributions. . . . . . . . . . . . . . .  $ _____
p. Monthly payments listed in item 14 (itemize below in 14 and insert total here). .  $ _____
q. Other (specify): . . . . . . . . . . . . . . . . . . . .  $ _____
r. **TOTAL EXPENSES** (a–q) (do not add in the amounts in a(1)(a) and (b))   $ _____
s. **Amount of expenses paid by others**   $ _____

14. **Installment payments and debts not listed above**

| Paid to | For | Amount | Balance | Date of last payment |
|---|---|---|---|---|
| | | $ | $ | |
| | | $ | $ | |
| | | $ | $ | |
| | | $ | $ | |
| | | $ | $ | |
| | | $ | $ | |

15. **Attorney fees** (This is required if either party is requesting attorney fees.):

a. To date, I have paid my attorney this amount for fees and costs (specify):  $
b. The source of this money was (specify):
c. I still owe the following fees and costs to my attorney (specify total owed):  $
d. My attorney's hourly rate is (specify):  $

I confirm this fee arrangement.

Date:

▶

_____   _____
(TYPE OR PRINT NAME OF ATTORNEY)        (SIGNATURE OF ATTORNEY)

Case 2:22-cv-05755-SSS-MAA   Document 13   Filed 09/19/22   Page 96 of 99   Page ID #:334

State of California - Health and Human Services Agency

Department of Child Support Services
Participant ID: 037042071887I
Name: LIONELL J TILLMAN JR

01/01/1901 - 09/21/2016

## CSE Non Custodial Parent Payment History -- IV-D Cases

| Date of Collection | Logical Collection ID | Transaction Date | Payment Source | Collection Adjustment Amount | Process Status | Case Number | Allocated Amount |
|---|---|---|---|---|---|---|---|
| 09/14/16 | 0914420165280454B.00001.00 | 09/14/16 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 09/08/16 | 0908201652416798.00001.00 | 09/08/16 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 07/14/16 | 0714201650714861.00001.00 | 07/14/16 | NCP-REGULAR PAYMENT | $20.00 | ALLOCATED | 037001690326B9B | $20.00 |
| 04/08/16 | 0408201647767814O.00001.00 | 04/08/16 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 02/05/16 | 0205201645644712.00001.00 | 02/05/16 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 12/29/15 | 1229201544409042.00001.00 | 12/29/15 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 09/17/15 | 0918201541418468.00001.00 | 09/17/15 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 07/31/15 | 0803201539863937.00001.00 | 07/31/15 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 06/30/15 | 0630201538957080.00001.00 | 07/31/15 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 06/05/15 | 0605201538278907.00001.00 | 06/30/15 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 06/05/15 | 0605201538279450.00001.00 | 06/05/15 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 03/06/15 | 0306201535403015.00001.00 | 06/05/15 | NCP-REGULAR PAYMENT | $30.00 | ALLOCATED | 037001690326B9B | $30.00 |
| 01/08/15 | 0108201533947808.00001.00 | 03/06/15 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 11/07/14 | 1107201431847636.00001.00 | 01/08/15 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 10/27/14 | 1007201430927481.00001.00 | 11/07/14 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 09/08/14 | 0908201430055481.00001.00 | 10/07/14 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 08/07/14 | 0807201429159468.00001.00 | 09/08/14 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 07/08/14 | 0708201428276739.00001.00 | 08/07/14 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 05/30/14 | 0603201427221296.00001.00 | 07/08/14 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 05/06/14 | 0506201426406235.00001.00 | 05/30/14 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 04/09/14 | 0409201425592764.00001.00 | 04/09/14 | EDD - UNEMPLOYMENT INSURA | $10.00 | ALLOCATED | 037001690326B9B | $10.00 |
| 04/02/14 | 0402201425524376.00001.00 | 04/09/14 | EDD - UNEMPLOYMENT INSURA | $15.00 | ALLOCATED | 037001690326B9B | $15.00 |
| 04/02/14 | 0402201425524116.00001.00 | 04/02/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 037001690326B9B | $18.00 |
| 03/25/14 | 0325201425102366.00001.00 | 04/02/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 037001690326B9B | $18.00 |
| | | 03/25/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 037001690326B9B | $18.00 |

Report ID: FIN - 701
Date and Time Created:    09/21/16 02:31 PM

70

Oct 20, 2011

| Date of Collection | Logical Collection ID | Transaction Date | Payment Source | Collection Adjustment Amount | Process Status | Case Number | Allocated Amount |
|---|---|---|---|---|---|---|---|
| 03/25/14 | 0325201425101606.00001.00 | 03/25/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 03700169032698B | $18.00 |
| 03/25/14 | 0325201425102113.00001.00 | 03/25/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 03700169032698B | $18.00 |
| 03/25/14 | 0325201425101488.00001.00 | 03/25/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 03700169032698B | $18.00 |
| 03/25/14 | 0325201425101851.00001.00 | 03/25/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 03700169032698B | $18.00 |
| 03/25/14 | 0325201425101716.00001.00 | 03/25/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 03700169032698B | $18.00 |
| 03/20/14 | 0320201424956005.00001.00 | 03/20/14 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 03/18/14 | 0318201424901646.00001.00 | 03/18/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 03700169032698B | $18.00 |
| 03/18/14 | 0318201424901647.00001.00 | 03/18/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 03700169032698B | $18.00 |
| 03/18/14 | 0318201424902005.00001.00 | 03/18/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 03700169032698B | $18.00 |
| 02/19/14 | 0219201424612146.00001.00 | 02/19/14 | EDD - UNEMPLOYMENT INSURA | $18.00 | ALLOCATED | 03700169032698B | $18.00 |
| 02/19/14 | 0219201423961860.00001.00 | 02/19/14 | NCP-REGULAR PAYMENT | $18.00 | ALLOCATED | 03700169032698B | $18.00 |
| 01/13/14 | 0113201423323800.00001.00 | 01/13/14 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 12/16/13 | 1216201322680098.00001.00 | 12/16/13 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 12/06/13 | 1206201321820950.00001.00 | 12/06/13 | NCP-REGULAR PAYMENT | $20.00 | ALLOCATED | 03700169032698B | $20.00 |
| 11/06/13 | 1106201320934376.00001.00 | 11/06/13 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 10/15/13 | 1015201320215622.00001.00 | 10/15/13 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 07/19/13 | 0722201317646385.00001.00 | 07/19/13 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 06/28/13 | 0628201316945206.00001.00 | 06/28/13 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 05/08/13 | 0508201315383701.00001.00 | 05/08/13 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 02/27/13 | 0227201313068140.00001.00 | 02/27/13 | NCP-REGULAR PAYMENT | $20.00 | ALLOCATED | 03700169032698B | $20.00 |
| 01/08/13 | 0108201311473904.00001.00 | 01/08/13 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 11/28/12 | 1128201210236934.00001.00 | 11/28/12 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 10/12/12 | 1012201208842492.00001.00 | 10/12/12 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 09/25/12 | 0925201208295996.00000.00 | 09/25/12 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 09/10/12 | 0910201207799738.00001.00 | 09/10/12 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 08/07/12 | 0807201206826285.00001.00 | 08/07/12 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 06/08/12 | 0608201204986675.00001.00 | 06/08/12 | NCP-REGULAR PAYMENT | $20.00 | ALLOCATED | 03700169032698B | $20.00 |
| 04/23/12 | 0425201203536356.00001.00 | 04/23/12 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |

Report ID : FIN - 701
Date and Time Created:            09/21/16 02:31 PM

| Date of Collection | Logical Collection ID | Transaction Date | Payment Source | Collection Adjustment Amount | Process Status | Case Number | Allocated Amount |
|---|---|---|---|---|---|---|---|
| 03/29/12 | 040220120272254930.00001.00 | 03/29/12 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 02/23/12 | 022720120156485530.00001.00 | 02/23/12 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 01/25/12 | 012820123960504450.00926.00 | 01/25/12 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 12/29/11 | 123020119572191910.39925.00 | 12/29/11 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 12/23/11 | 122720119648003250.01309.00 | 12/23/11 | NCP-REGULAR PAYMENT | $50.00 | ALLOCATED | 03700169032698B | $50.00 |
| 11/28/11 | 112820119354005520.00001.00 | 11/28/11 | FTB-FULL COLLECTION | $0.35 | ALLOCATED | 03700169032698B | $0.35 |
| 11/28/11 | 112820119500341106835.00 | 11/28/11 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 10/24/11 | 102520119523322360.04521.00 | 10/24/11 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 09/21/11 | 092220119556251300.05116.00 | 09/21/11 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 08/12/11 | 081220113384000650.00001.00 | 08/12/11 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 07/14/11 | 071420115301004700.00001.00 | 07/14/11 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 06/13/11 | 061420119814010700.00389.00 | 06/13/11 | NCP-REGULAR PAYMENT | $10.00 | ALLOCATED | 03700169032698B | $10.00 |
| 05/04/11 | 050520119646602150.00445.00 | 05/04/11 | NCP-REGULAR PAYMENT | $20.00 | ALLOCATED | 03700169032698B | $20.00 |
| 04/06/11 | 040720119969802960.00605.00 | 04/06/11 | NCP-REGULAR PAYMENT | $20.00 | ALLOCATED | 03700169032698B | $20.00 |
| 10/22/10 | 102520109558950800.10316.00 | 10/22/10 | INCOME WITHHOLDING ORDER | $90.00 | ALLOCATED | 03700169032698B | $90.00 |
| 10/08/10 | 101220109565705850.14302.00 | 10/08/10 | INCOME WITHHOLDING ORDER | $90.00 | ALLOCATED | 03700169032698B | $90.00 |
| 09/24/10 | 092720109584766609792.00 | 09/24/10 | INCOME WITHHOLDING ORDER | $90.00 | ALLOCATED | 03700169032698B | $90.00 |
| 09/10/10 | 091320109512449309888.00 | 09/10/10 | INCOME WITHHOLDING ORDER | $90.00 | ALLOCATED | 03700169032698B | $90.00 |
| 08/27/10 | 083020109583557311681.00 | 08/27/10 | INCOME WITHHOLDING ORDER | $90.00 | ALLOCATED | 03700169032698B | $90.00 |
| 08/13/10 | 081620109557698814509.00 | 08/13/10 | INCOME WITHHOLDING ORDER | $90.00 | ALLOCATED | 03700169032698B | $90.00 |
| 07/30/10 | 080220109523593811877.00 | 07/30/10 | INCOME WITHHOLDING ORDER | $90.00 | ALLOCATED | 03700169032698B | $90.00 |

72

## Total Amount Allocated Per IV-D Case

| Case Number | Amount Allocated |
|---|---|
| 0370019903269B | $1,501.35 |
| **Total:** | $1,501.35 |

**Total Amount Per Process Status**

Allocated: $1,501.35
Refunded: $0
Suspended: $0
Backed-Out: $0

Total: | $1,501.35 |

73

Report ID: FIN - 701
Date and Time Created:      09/21/16 02:31 PM