UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:22-cv-05755-SSS (MAA)** | Date: | **January 18, 2023** |
| Title | **Lionell J. Tillman v. Los Angeles County District Attorney's Office et al.** | | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| **Narissa Estrada** | **N/A** |
|---|---|
| **Deputy Clerk** | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**   **Order Dismissing Second Amended Complaint With Leave to Amend (ECF No. 17)**

## I.   INTRODUCTION

On August 15, 2022, Plaintiff Lionel J. Tillman Jr. ("Plaintiff"), proceeding *pro se*, filed a Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Compl., ECF No. 1.)  On September 14, 2022, the District Court granted Plaintiff's amended application to proceed *in forma pauperis*.  (ECF Nos. 6–7.)  On September 19, 2022, Plaintiff filed a First Amended Complaint ("FAC," ECF No. 13), which the Court dismissed with leave to amend ("Screening Order," ECF No. 14) on September 21, 2022.  On October 21, 2022, Plaintiff filed a Second Amended Complaint ("SAC").  (SAC, ECF No. 17.)

The Court has screened the SAC and, for the reasons stated below, dismisses it with leave to amend.  Plaintiff must file a response to this Order, as set forth in Part V, *supra*, no later than **February 17, 2023**.

## II.   ALLEGATIONS AND CLAIMS[1]

The SAC is filed against: County of Los Angeles (the "County"), Los Angeles County Bureau of Family Support ("BFS"), and Former Director Steven J. Golightly (each, a "Defendant," and collectively, "Defendants").  (SAC 2.)[2]

---

[1] The Court summarizes Plaintiff's allegations and claims in the SAC without opining on their veracity or making any findings of acts.

[2] Citations to the SAC refer to the page numbers generated by the CM/ECF headers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:22-cv-05755-SSS (MAA)**                                                   Date: **January 18, 2023**

Title   **Lionell J. Tillman v. Los Angeles County District Attorney's Office et al.**

On October 30, 1996, BFS filed a lawsuit against Plaintiff for child support. (*Id*. at 5.) BFS failed to follow its policy to locate Plaintiff, never served him, forged a signature of a person who does not exist, and unlawfully reported a $61,934.21 balance to the big three credit bureaus. (*Id*.) In 1997, BFS unlawfully put a lien on Plaintiff's name at the County's clerk's office and did not follow their policy to renew it after ten years. (*Id*.)

In 2003, Plaintiff was notified that his driver's license was suspended by the County and BFS. (*Id*. at 8.) Plaintiff contacted "them" and was told he had to make $50 monthly payments for the release of his driver's license. (*Id*.) While on County assistance under General Relief ("GR") and CalWorks, Defendants made Plaintiff pay $10 per month from his GR check and $50 per month from CalWorks to keep his driver's license. (*Id*.) While unlawfully being forced to make these payments, Plaintiff's driver's license was suspended periodically for arrears. (*Id*.)

Director Golightly was legally notified by certified mail on March 9, 2017 that the policies violated Plaintiff's constitutional rights, but he did not follow the law and continued to authorize the violation of Plaintiff's rights. (*Id*.) The County kept the unlawful credit reporting and lien on Plaintiff's name for twenty-five years. (*Id*.)

On February 24, 2017, Plaintiff filed a demand for jury trial in state court, to which BFS and the County objected and stated, "we don't do that here." (*Id*. at 7.) Plaintiff's demand for a jury trial was denied. (*Id*.) The child support case was dismissed for extrinsic fraud in 2018, and the adverse credit reporting and lien were finally removed October 2021. (*Id*. at 5.)

As a result of the adverse credit reporting and lien, Plaintiff lost his job and the ability to act for himself and his children, was denied credit, became homeless, and suffered from emotional and emotional distress. (*Id*. at 5, 7.) The approximation of his damages is $76,934.21, including withholdings and bank levies (*id*.); Plaintiff demands $5,000,000 in damages (*id*. at 6).

Though not entirely clear, it appears that Plaintiff attempts to assert the following claims: (1) 22 CCR § 116140 ("Section 116140") and FCRA (presumably, the Fair Credit Reporting Act) – for reporting of the child support obligations and arrearages; (2) 42 U.S. Code § 666(5)(I) ("Section 666(5)(I)") and Seventh Amendment – right to trial by jury; and (3) Title VI of the Civil Rights Act ("Title VI") and CCP § 695.060 ("Section 695.060") – for suspending Plaintiff's driver's license and passport. (*Id*. at 5, 7–8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   **2:22-cv-05755-SSS (MAA)**                                    Date: **January 18, 2023**

Title      **Lionell J. Tillman v. Los Angeles County District Attorney's Office et al.**

### III.   LEGAL STANDARD

The Court is required to conduct a preliminary screening of any civil action in which a plaintiff proceeds *in forma pauperis* and dismiss any claims that are frivolous, malicious, or fail to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B).  Dismissal is proper only where a complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  In determining whether a plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the complaint and views all inferences in a light most favorable to the plaintiff.  *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017).  The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).  Moreover, where a plaintiff is appearing *pro se*, particularly in civil rights cases, courts construe pleadings liberally and afford the plaintiff any benefit of the doubt.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

### IV.   DISCUSSION

#### A.     Rule 8

Rule 8 requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Rule 8 may be violated when a pleading "says *too little*," and "when a pleading says *too much*."  *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).  While Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).  Moreover, a complaint that is too verbose, long, confusing, redundant, irrelevant, or conclusory may be dismissed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:22-cv-05755-SSS (MAA)**                         Date: **January 18, 2023**

Title       **Lionell J. Tillman v. Los Angeles County District Attorney's Office et al.**

for failure to comply with Rule 8.  *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (citing cases upholding dismissals for those reasons).

    Here, the SAC appears to violate Rule 8 because it does not provide Defendants sufficient notice of the factual basis for Plaintiff's claims against them.  For the most part, the allegations are labels and conclusions, which are insufficient to state a claim.  *See Iqbal*, 556 U.S. at 678 (explaining that "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice) (quoting *Twombly*, 550 U.S. at 555, 557).

    In addition, the SAC repeatedly impermissibly clumps the Defendants together, making it impossible for Defendants to understand their respective roles in the case.  "As a general rule, when a pleading fails to allege what role each Defendant played in the alleged harm, this makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations."  *Adobe Sys. v. Blue Source Grp. Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) (internal quotation marks omitted) (quoting *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 U.S. Dist. LEXIS 106865, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011)).  "Accordingly, a complaint which lump[s] together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)."  *Id*. (internal quotation marks omitted) (alterations in original) (quoting *Gen-Probe, Inc. v. Amoco Corp*., 926 F. Supp. 948, 961 (S.D. Cal. 1996)).

    Furthermore, the SAC contains alleged wrongs that were committed against—or happened to—Plaintiff, but for the most part does not state which Defendant committed the alleged acts or omissions.  There are insufficient allegations to connect each Defendant action's with an alleged deprivation of Plaintiff's rights.

    The Court already advised Plaintiff of his Rule 8 deficiencies in the Screening Order.  (*See* Screening Order 7–8.)  If Plaintiff files an amended complaint, he must correct these deficiencies.  Plaintiff must provide specific factual detail regarding each Defendant's acts and omissions that caused a violation of Plaintiff's rights, and provide facts—not merely conclusions—linking each Defendant to Plaintiff's claimed deprivation.  Plaintiff must avoid clumping Defendants together, and provide specific factual allegations regarding each separate Defendant.  Plaintiff also must specify which claims are brought against which Defendant.  Plaintiff should omit any Defendant for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:22-cv-05755-SSS (MAA)**                                          Date: **January 18, 2023**

Title      **Lionell J. Tillman v. Los Angeles County District Attorney's Office et al.**

whom Plaintiff cannot provide specific factual allegations of how such Defendant violated Plaintiff's rights.

### B.   Credit Reporting

Plaintiff asserts claims for violations of FCRA and Section 116140 for maintaining an incorrect credit report and lien on Plaintiff's name.  (SAC 5.)

The FCRA creates a private right of action against furnishers for noncompliance with duties imposed under 15 U.S.C. § 1681s-2(b).  *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).  Section 1681s-2(b) imposes certain obligations on a furnisher, such as a duty to conduct an investigation, when the furnisher receives notice from a credit reporting agency that a consumer disputes information reported by the furnisher.  *Id.*  To state a claim against a credit furnisher for violation of FCRA, a plaintiff must plead four elements: "(1) a credit reporting inaccuracy existed on plaintiff's credit report; (2) plaintiff notified the consumer reporting agency that plaintiff disputed the reporting as inaccurate; (3) the consumer reporting agency notified the furnisher of the alleged inaccurate information of the dispute; and (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. § 1681s-2(b) (1)(A)-(E)."  *Franco v. Experian Info. Sols., Inc*., No. 16-cv-03335-BLF, 2017 U.S. Dist. LEXIS 59277, at *4–5 (N.D. Cal. Apr. 18, 2017) (citation omitted).

Here, Plaintiff alleges that "Director Golightly was legally notified by certified mail on March 9, 2017 that the policies violated Plaintiff's constitutional rights, but he continued to authorize the violation of Plaintiff's rights."  (SAC 5, 7.)  However, nowhere does the SAC allege that Plaintiff notified a credit reporting agency of the error, or that a credit reporting agency provided any Defendant notice of Plaintiff's dispute.  A furnisher's duties arise under the FCRA "only after the furnisher receives notice of dispute from a [credit reporting agency]; notice of a dispute received directly from the consumer does not trigger furnishers' duties" under the FCRA.  *Gorman*, 584 F.3d at 1151.  For these reasons, it appears that Plaintiff's FCRA claim fails.

With respect to Plaintiff's Section 116140 claim, such claim is more appropriately brought in a state action.  As one district court has explained:

> Various California statutory provisions ensure that obligors are apprised of any state actions to unilaterally collect child-support obligations.  The state provides a procedure for challenging levies on bank accounts.  Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:22-cv-05755-SSS (MAA)**                    Date: **January 18, 2023**

Title   **Lionell J. Tillman v. Los Angeles County District Attorney's Office et al.**

> Code of Civ. Proc. § 703.510; *see also* [Cal. Civ. Proc. Code] § 689.030. There is also a specific complaint-resolution process available to anyone aggrieved by the child-support process. 22 Cal. Code Regs. § 120100–120222. These regulations permit challenges for accounting disputes with the local child-support agency regarding obligations. *Id.* § 120201(a)(1)(A) & (C). There are no analogous federal provisions securing plaintiffs' such safeguards. Plaintiff[] therefore should have sought appropriate remedies for the alleged notice and due process violations in a state action.

*Consumer Advocates Rights Enf't Soc'y, Inc. v. California*, No. C 05-01026 WHA, 2005 U.S. Dist. LEXIS 40381, at *14–15 (N.D. Cal. Dec. 16, 2005) (footnote omitted). Furthermore, if Plaintiff is unable to state any federal claims—as Plaintiff thus far has failed to do—the Court will recommend that the District Court decline supplemental jurisdiction over Plaintiff's state law claims. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine —judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." (alteration in original) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988))).

For these reasons, it appears that Plaintiff's FCRA and Section 116140 claims fail.

### C.  Jury Trial

Plaintiff asserts that his right to a trial by jury, pursuant to the Seventh Amendment and Section 666(5)(I), was violated when BFS objected to his request for a jury trial in his family law case. (SAC 7.)

However, the Federal Constitution's Seventh Amendment right to trial by jury does not apply to cases in state courts. *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 719 (1999).

In addition, the Court already explained that the statute of limitations for any claim Plaintiff may assert under 42 U.S.C. § 1983 ("Section 1983")—the statute under which Plaintiff could assert a Federal Constitutional violation—appears to have long expired. (*See* Screening Order 4–7.) Here, Plaintiff alleges that he filed a demand for a jury trial in state court on February 24, 2017, which was denied. (SAC 7.) The statute of limitations for a Section 1983 claim is two years. *Alameda Books,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  **2:22-cv-05755-SSS (MAA)**　　　　　　　　　　Date: **January 18, 2023**

Title　　**Lionell J. Tillman v. Los Angeles County District Attorney's Office et al.**

*Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011); Cal. Civ. Proc. Code § 335.1. Thus, it appears that the statute of limitations for Plaintiff's Seventh Amendment claim expired on or around February 24, 2019.

With respect to Plaintiff's Section 666(5)(I) claim, Section 666(5)(I) explicitly denies the right to a jury trial in actions to establish paternity.  *See* 42 U.S.C. § 666(5)(I) ("Procedures providing that the parties to an action to establish paternity are not entitled to a trial by jury.").

Moreover, there does not appear to be a private right of action under Section 666.  As one district court explained:

> Section 666 requires that states pass laws and regulations for collecting support with liens and withholding from income, as well as rules regarding the establishment of paternity.  The language of these statutes is directed towards states—not individuals—for purposes of improving child-support administration and lessening the need for public assistance.  Nothing in the statutes unambiguously confers rights upon plaintiffs that they may enforce.

*Consumer Advocates*, 2005 U.S. Dist. LEXIS 40381, at *13.

For these reasons, it appears that Plaintiff's Seventh Amendment and Section 666(5)(I) claims fail.

### D.　Driver's License Suspension

Plaintiff alleges that the County and BFS's suspension of his driver's license in 2003 violated Title VI and Section 695.060.  (SAC 8.)

Title VI states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.  Here, the SAC does not allege that any Defendant denied Plaintiff his driver's license due to his race, color, or national origin.  (*See generally* SAC.)  *See, e.g., Cleveland v. United States Dep't of Agric.*, No. 1:20-cv-01140-, 2020 U.S. Dist. LEXIS 188186, at *12 (E.D. Cal. Oct. 9, 2020) (dismissing Title VI claim where complaint contained only conclusory allegations of racial discrimination).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:22-cv-05755-SSS (MAA)**                                Date: **January 18, 2023**

Title     **Lionell J. Tillman v. Los Angeles County District Attorney's Office et al.**

    Furthermore, it appears that Plaintiff's Title VI claim has long expired. Title VI claims are governed by the same statute of limitations as a Section 1983 claim (two years). *See Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993). (*See* Screening Order 4–7.) As Plaintiff alleges that his driver's license was suspended in 2003 (SAC 8), it appears the statute of limitations on this claim expired in 2005.

    With respect to the Section 695.060 claim, this statute pertains to licenses to engage in business or profession—not driver's licenses—and thus does not appear to be applicable here. *See* Cal. Civ. Proc. Code § 695.060. Moreover, the Court was not able to find any indication that there is a private right of action under Section 695.060.

    For these reasons, it appears that Plaintiff's Title VI and Section 695.060 claims fail.

**V.     CONCLUSION**

    In light of the foregoing, the Court **DISMISSES** the SAC. Although it appears highly unlikely that Plaintiff will be able to fix the deficiencies discussed in this order, given Plaintiff's *pro se* status, the Court will give Plaintiff another opportunity to amend his complaint.

    **Plaintiff is ordered to file a response to this Order, electing to proceed with one of the following options, by no later than February 17, 2023.**

- Option 1: File a Third Amended Complaint

        Plaintiff may file a signed Third Amended Complaint ("TAC") that cures the defects discussed in this Order. Plaintiff is cautioned that if he continues to raise allegations in any amended complaint that fail to state a claim upon which relief can be granted, the Court likely will not order that the TAC be served on any defendant, but instead likely will recommend to the District Judge that the claims, which currently include the entire Complaint, be dismissed without further leave to amend.

        Plaintiff is reminded to provide a short, plain statement of what happened, identify his claims against each defendant, and clearly describe each defendant's wrongful conduct. Plaintiff should clearly identify each defendant being sued and the capacity in which Plaintiff is suing each defendant. Plaintiff should state specific facts meeting the legal standard for each claim he is bringing. **Plaintiff is encouraged to use**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:22-cv-05755-SSS (MAA)**                                                    Date: **January 18, 2023**

Title      **Lionell J. Tillman v. Los Angeles County District Attorney's Office et al.**

**the attached Central District civil rights complaint form when filing the amended complaint.**

Plaintiff is advised that an amended complaint supersedes the prior complaint. This means that the filing of a TAC entirely supplants or replaces the original or any prior complaint, which is treated thereafter as nonexistent. Thus, the TAC must be complete in itself including exhibits, without reference to the Complaint, FAC, or SAC. *See* C.D. Cal. L.R. 15-2. Plaintiff must name all defendants and allege claims against each of them in one complaint. Therefore, the TAC, if Plaintiff chooses to file one, must contain all claims Plaintiff intends to bring in this action against all defendants he intends to sue.

Plaintiff is advised that this Court's determination herein that the allegations in the SAC are insufficient to state a particular claim should not be seen as dispositive of the claim. Accordingly, although the undersigned Magistrate Judge believes Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or Defendant in order to pursue this action. However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned previously found to be insufficient, then pursuant to 28 U.S.C. § 636, the undersigned ultimately likely will submit to the assigned District Judge a recommendation that such claim may be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file objections. *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

- Option 2: Proceed with the SAC

    Plaintiff may proceed with the SAC in its current form. To do so, Plaintiff must file a statement with the Court stating that he wishes to select Option 2 and request that the Court reinstate the SAC, despite the infirmities described in this Order.

    Plaintiff is cautioned that, for the reasons detailed in this Order, the entire SAC likely will be found to be insufficiently pled. If Plaintiff selects Option 2, it will be viewed by the Court as the inability to cure the defects identified in this Order. As such, the Court would recommend dismissal with prejudice of this lawsuit to the District Judge. Dismissal with prejudice means that Plaintiff will be given no further opportunities to amend, this case will be closed, and Plaintiff will not be able to assert this same claim in a new case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:22-cv-05755-SSS (MAA)**                                   Date: **January 18, 2023**

Title          **Lionell J. Tillman v. Los Angeles County District Attorney's Office et al.**

- Option 3: Voluntary Dismissal

    Plaintiff is not required to file an amended complaint.  If Plaintiff no longer wishes to pursue this action in its entirety or with respect to particular Defendants, he voluntarily may dismiss this action or particular Defendants by filing a Notice of Dismissal in accordance with Rule 41(a)(1).  (A Notice of Voluntary Dismissal form is attached.)

**Plaintiff is cautioned that failure to respond to this Order may result in a recommendation that the lawsuit be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order pursuant to Rule 41(b).**  *See* **C.D. Cal. L.R. 41-1.**

    IT IS SO ORDERED.

Attachments
Notice of Voluntary Dismissal Form
Civil Rights Complaint Form (CV-66)