**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIONELL J. TILLMAN,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE et al.,<br><br>Defendants. | Case No. 2:22-cv-05755-SSS (MAA)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

This Report and Recommendation is submitted to the Honorable Sunshine Suzanne Sykes pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.    INTRODUCTION

On August 15, 2022, Plaintiff, proceeding *pro se*, filed a Complaint initiating this lawsuit.  (ECF No. 1.)  On September 14, 2022, the District Court granted Plaintiff's request to proceed *in forma pauperis*.  (ECF Nos. 3, 5–7.)

The Complaint was filed against the Los Angeles County ("County") District Attorney's Office, County Bureau of Family Support (the "Agency"), and County

Risk Management.  (ECF No. 1, at ¶¶ 5–7.)[1]  Plaintiff asserted nine claims: (i) 42 U.S.C. § 1983 ("Section 1983"); (ii) violation of due process rights, Fourteenth Amendment; (iii) fraud, 18 U.S.C. § 1341; (iv) mail fraud, 18 U.S.C. § 1341; (v) wire fraud, 18 U.S.C. § 1343; (vi) trespass; (vii) defamation, 28 U.S.C. § 1401 and Fair Credit Reporting Act ("FCRA"); (viii) kidnapping and ransom, 18 U.S.C. §§ 1201, 1202; and (ix) extortion, 18 U.S.C. § 872.  (*See generally id.*)  On September 19, 2022, Plaintiff filed a First Amended Complaint ("FAC"), which added two defendants—the County and Steven J. Golightly, Ph.D (former Director of the Agency)—but generally contained the same factual allegations and claims as the Complaint.  (ECF No. 13.)  On September 21, 2022, the Court screened the FAC and dismissed it with leave to amend.  (ECF No. 14.)

On October 21, 2022, Plaintiff voluntarily dismissed the County District Attorney's Office and County Risk Management (ECF No. 18) and filed a Second Amended Complaint ("SAC") against the County, the Agency, and Director Golightly (ECF No. 17).  The SAC abandoned all the claims in the FAC and replaced them with three claims: (i) 22 CCR § 116140 and FCRA; (ii) 42 U.S. Code § 666(5)(I) and Seventh Amendment right to trial by jury; and (iii) Title VI of the Civil Rights Act and CCP § 695.060.  (ECF No. 17,  at 5, 7–8.)  On January 18, 2023, the Court screened the SAC and dismissed it with leave to amend.  (ECF No. 20.)

On February 23, 2023, Plaintiff filed a Third Amended Complaint ("TAC") against the same three defendants in the SAC (the County, the Agency, and Director Golightly).  (ECF No. 24.)  Once again, Plaintiff abandoned all the claims in his previous complaint, and replaced them with three claims pursuant to Section 1983: (i) Fourteenth Amendment procedural due process; (ii) Fourteenth Amendment interference with parent/child relationship; and (iii) Fifth Amendment due process

---

[1] Pinpoint citations to docketed documents are to paragraphs, and, if none, to the page numbers in the CM/ECF-generated headers.

right to travel.  (*Id*. at 5–7.)  On March 21, 2023, the Court screened the TAC and dismissed it with leave to amend.  (ECF No. 26.)

On July 17, 2023, Plaintiff filed a Fourth Amended Complaint ("4AC") against the County, the Agency, and Director Golightly, and also added three new defendants: Monica Smith, staff attorney at the Agency; Terrie Hardy, Director of the Agency; and Victor Reichman, Commissioner (each, a "Defendant" and collectively, "Defendants").  (ECF No. 31, at ¶¶ 40–48.)  Once again, Plaintiff abandoned all the claims in his previous complaint and replaced them with thirteen new claims: (i) Section 1983 and assumption of duty; (ii) Section 1983 and negligence; (iii) Section 1983 and unjust enrichment; (iv) Section 1983 and "substantive due process: special relationship and state created danger"; (v) defamation; (vi) breach of fiduciary relationship; (vii) breach of contract; (viii) malicious prosecution; (ix) Section 1983 and constructive fraud; (x) Section 1983 and municipal liability for failure to train; (xi) Section 1983 and breach of fiduciary duty; (xii) Section 1983 and defamation; and (xiii) Section 1983 and trespass to chattels.  (*Id*. ¶¶ 92–170.)  On July 31, 2023, the Court screened the 4AC and dismissed it with leave to amend.  (ECF No. 32.)

On August 30, 2023, Plaintiff filed a Motion to Amend.  (ECF No. 34.)  On September 14, 2023, the Court granted Plaintiff's Motion to Amend (ECF No. 35) and docketed the Fifth Amended Complaint ("5AC," ECF No. 36).  The 5AC asserts the same claims against the same Defendants as the 4AC.  (*Compare* ECF No. 31, at ¶¶ 92–170, *with* ECF No. 36, at ¶¶ 60–138.)

For the reasons below, it is recommended that the District Court **DISMISS** Plaintiff's federal Section 1983 claims with prejudice and without leave to amend, **DECLINE** supplemental jurisdiction over Plaintiff's state law claims, and enter Judgment and **DISMISS** this action in its entirety.

///

///

## II.    PLAINTIFF'S ALLEGATIONS AND CLAIMS[2]

Defendants prosecuted Plaintiff in an administrative proceeding for paternity and child support.  (*See* ECF No. 36, at ¶ 71–72.)  Plaintiff is not the father of the infant child.  (*Id.* ¶ 68.)  Defendants declared Plaintiff's paternity without a subpoena or due process safeguards.  (*Id.* ¶ 75.)  A judgment for installment payments of child support was entered on May 10, 1997.  (*Id.* at 34.)

Plaintiff initiated a lawsuit in Los Angeles County Superior Court ("Superior Court") challenging the child support judgment.  (*See id.* ¶ 44.)  On or about January 30, 2018, the Superior Court ordered the County and the Agency to cease all child support enforcement until the outcome of the case.  (*Id.* ¶ 131.)  On or about June 1, 2018, Plaintiff "proved the Defendants heard and executed by non-judicial officers without consent, all writs and processes were not under the seal of the court or signed by the clerk thereof pursuant to 28 USC 1691, and the process of service was fraud."  (*Id.* ¶ 44 (errors in original).)  On or about June 15, 2018, the Los Angeles Superior Court set aside the Default and Default Judgment in Plaintiff's child support action, dismissed the case for extrinsic fraud, and ordered the Defendants to stop all enforcement.  (*Id.* ¶ 45.)

On or about September 2020, Plaintiff and the mother of his children purchased a home at 7059 Hoover Way, Buena Park, CA 90620.  (*Id.* ¶ 46.)  On or about February 2021, Plaintiff and the mother of his children separated and Plaintiff moved to 10360 Kimberly Street, Los Angeles, CA 90002.  (*Id.* ¶ 47.)

On or about March 2021, Director Hardy replaced Director Golightly as Director of the Agency.  (*Id.* ¶ 48.)

On or about August 2021, the mother of Plaintiff's children asked Plaintiff to participate in a refinance of the property, and Plaintiff agreed to help her.  (*Id.* ¶ 49.)  While in the refinance process, the refinance company notified Plaintiff that there

---

[2] The Court summarizes Plaintiff's allegations and claims in the 5AC and Exhibits, without opining on their veracity or making any findings of fact.

was an active lien on his name as a debtor to the County and Child Support Services. (*Id*.)  Plaintiff sent the refinance company his "Order After the Hearing," proving that the child support case was dismissed for extrinsic fraud in 2018. (*Id*.) The following week, the refinance company confirmed that "Title cleared the erroneous child support lien." (*Id*.)

On or about April 2023, the County Registrar Office in Norwalk, California notified Plaintiff that the County, the Agency, and Director Hardy were still enforcing the $63,694.65 child support lien on his name in that the lien was active and the lien release was never filed. (*Id*.)  On the same date, Plaintiff went to "the Defendants Child Support Services Office" in Torrance, California and Supervisor Kathleen informed Plaintiff that "Defendant should have filed the release of lien but that they did not." (*Id*. ¶ 51.)  On or about two weeks later, Defendants mailed Plaintiff the release of lien for Plaintiff to record for a fee. (*Id*.)  It was Defendants' burden to record the release of the lien per the Court Order in June 2018. (*Id*.) Defendants have yet to record the release of the lien. (*Id*. ¶ 55.)

Based on the foregoing, Plaintiff asserts the following claims:

- First Claim.[3] Section 1983 and assumption of duty against Attorney Smith, Director Golightly, Director Hardy, and Commissioner Reichman (*id*. ¶¶ 60–65);

- Second Claim. Section 1983 and negligence against Attorney Smith, Director Golightly, Director Hardy, and Commissioner Reichman (*id*. ¶¶ 66–69);

- Third Claim. Section 1983 and unjust enrichment against Attorney Smith, Director Golightly, Director Hardy, and Commissioner Reichman (*id*. ¶¶ 70–72);

///

---

[3] Plaintiff's claims are numbered out of sequence; however, the Court renumbers them for ease of understanding.

- Fourth Claim. Section 1983 and "substantive due process: special relationship and state created danger" against the County and the Agency (*id*. ¶¶ 74–78);

- Fifth Claim. Defamation against Attorney Smith, Director Golightly, Director Hardy, and Commissioner Reichman (*id*. ¶¶ 79–84);

- Sixth Claim. Breach of fiduciary duty against Attorney Smith, Director Golightly, Director Hardy, and Commissioner Reichman (*id*. ¶¶ 85–88);

- Seventh Claim. Breach of contract against the County and the Agency (*id*. ¶¶ 89–92);

- Eighth Claim. Malicious prosecution against Attorney Smith, Director Golightly, Director Hardy, and Commissioner Reichman (*id*. ¶¶ 93–96);

- Ninth Claim. Section 1983 and constructive fraud against Attorney Smith, Director Golightly, Director Hardy, and Commissioner Reichman (*id*. ¶¶ 103–08);

- Tenth Claim. Section 1983 and municipal liability for failure to train against the County and the Agency (*id*. ¶¶ 109–16);

- Eleventh Claim. Section 1983 and breach of fiduciary duty against Attorney Smith, Director Golightly, Director Hardy, and Commissioner Reichman (*id*. ¶¶ 117–20);

- Twelfth Claim. Section 1983 and defamation against Attorney Smith, Director Golightly, Director Hardy, and Commissioner Reichman (*id*. ¶¶ 121–28); and

- Thirteenth Claim. Section 1983 and trespass to chattels against Attorney Smith, Director Golightly, Director Hardy, and Commissioner Reichman (*id*. ¶¶ 129–38).

Plaintiff seeks compensatory and general damages of $10 million; punitive or exemplary damages of at least $10 million; attorneys' fees and costs; and such other and further relief as the Court deems just and proper.  (*Id*. at 28–29.)

6

## III.   LEGAL STANDARD

Federal courts must conduct a preliminary screening of any case in which a plaintiff proceeds *in forma pauperis* (28 U.S.C. § Section 1915(e)(2)(B)).  The court must identify cognizable claims and dismiss any complaint, or any portion thereof, that is: (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  *Id*.

When screening a complaint to determine whether it fails to state a claim upon which relief can be granted, courts apply the Federal Rule of Civil Procedure ("Rule") 12(b)(6) standard.  *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Hartmann v. Cal. Dep't Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

In reviewing a motion to dismiss, courts will accept factual allegations as true and view them in the light most favorable to the plaintiff.  *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017).  Moreover, where a plaintiff is appearing *pro se*, particularly in civil rights cases, courts construe pleadings liberally and afford the plaintiff any benefit of the doubt.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)."  *Starr v. Baca*, 652

7

F.3d 1202, 1216 (9th Cir. 2011).  However, the liberal pleading standard "applies only to a plaintiff's factual allegations." *Neitzke v. Williams,* 490 U.S. 319, 330 n.9 (1989), *superseded by statute on other grounds*, 28 U.S.C. § 1915.  Courts will not "accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.,* 349 F.3d 1191, 1200 (9th Cir. 2003).  In giving liberal interpretations to complaints, courts "may not supply essential elements of the claim that were not initially pled." *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)).

## IV.    DISCUSSION

### A.    Rule 8

Rule 8 requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Rule 8 may be violated when a pleading "says *too little*," and "when a pleading says *too much*." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).  A complaint also is subject to dismissal for failure to comply with Rule 8 if it is "argumentative, prolix, replete with redundancy, . . . largely irrelevant," "confusing," "verbose," "almost entirely conclusory," "distracting, ambiguous, and unintelligible." *See*

8

*Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (citations omitted) (citing cases upholding dismissals for these reasons).

Here, the 5AC violates Rule 8 because it is neither "short" nor "plain." *See* Fed. R. Civ. P. 8. The 5AC is repetitive and verbose, filled with irrelevant information, is replete with legal arguments, and contains very little factual allegations. *See McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996) (affirming dismissal of complaint that "mixes allegations of relevant facts, irrelevant facts, political argument and legal arguments in a confusing way").

Furthermore, the 5AC does not provide Defendants sufficient notice of the factual bases for Plaintiff's claims against them. The 5AC merely recites each individual Defendant's job title and contains conclusory accusations, but does not include any actual factual allegations about how any specific Defendant violated Plaintiff's rights. (*See generally* 5AC.) "Labels and conclusions" and "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient to state a claim. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "Threadbare allegations" of a defendant's personal involvement, in an "attempt to hold him liable does not satisfy the pleading standards of Rule 8." *Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917, 927 (9th Cir. 2013).

In addition, the 5AC repeatedly clumps the Defendants together, making it impossible for Defendants to understand their respective roles in the case. Rather than specify any particular Defendant's acts or omissions, the 5AC simply makes conclusory allegations against "Defendants"—without delineation between any of the Defendants. "As a general rule, when a pleading fails 'to allege what role each Defendant played in the alleged harm,' this 'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations.'" *Adobe Sys. v. Blue Source Grp. Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) (quoting *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 U.S. Dist. LEXIS 106865, at *8 (N.D. Cal. Sept. 20, 2011)). "Accordingly, a complaint which

'lump[s] together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2).'" *Id.* (alterations in original) (quoting *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996)).

Moreover, it is difficult to ascertain exactly what claims Plaintiff asserts in the 5AC. While there are thirteen numbered causes of action, the 5AC also contains conclusory laundry lists of statutes and laws that also allegedly were violated, but are not included in the causes of action. (*See* ECF No. 36, at ¶¶ 1, 59.) As the Court previously advised Plaintiff (ECF No. 32, at 7), it is Plaintiff's burden to set forth his claims clearly and to link factual allegations regarding each defendant's acts and omissions to such legal claims. *See McHenry*, 84 F.3d at 1176 (affirming dismissal of complaint where plaintiffs did not obey the court's instructions to file a complaint "which states clearly how each and every defendant is alleged to have violated plaintiffs' legal rights" and "linking their factual allegations to actual legal claims"). "Prolix, confusing complaints such as the ones [P]laintiff[] filed in this case impose unfair burdens on litigants and judges," as the judge and opposing counsel cannot "determine who is being sued for what." *Id.* at 1179. In dismissing the 4AC, the Court advised Plaintiff that "[i]f Plaintiff files an amended complaint, the bases for claims must be set forth in the numbered claims, not buried in the factual allegations of the complaint." (ECF No. 32, at 7.) Yet in filing the 5AC, Plaintiff kept the same numbered causes of action and the same separate laundry list of statutes and laws that are not included in the causes of action. (ECF No. 36, at ¶¶ 1, 59, 60–138.)

For these reasons, the 5AC violates Rule 8 and should be dismissed in its entirety. This may sound familiar, as the Court has advised Plaintiff in four separate orders that his complaint violates Rule 8. (ECF No. 14, at 7–8; ECF No. 20, at 3–5; ECF No. 26, at 6–7; ECF No. 32, at 5–7.) The last time the Court dismissed Plaintiff's complaint, the Court warned Plaintiff as follows: "[i]f Plaintiff files another complaint that does not comply with Rule 8, the Court will

10

recommend that Plaintiff be given no further leave to amend." (ECF No. 32, at 7.) Thus, the 5AC should be dismissed for failure to comply with Rule 8, without further leave to amend. *See McHenry*, 84 F.3d at 1180 (affirming dismissal with prejudice for plaintiff's repeated failure to comply with court's instructions to file a pleading compliant with Rule 8).

### B.    Section 1983 Claims

"[Section] 1983 provides a cause of action against '[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . .'" *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (alterations in original) (quoting 42 U.S.C. § 1983). "Section 1983 does not create any substantive rights, but is instead a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff brings nine claims pursuant to Section 1983:

- First Claim. Section 1983 and assumption of duty against Attorney Smith, Director Golightly, Director Hardy, and Commissioner Reichman (ECF No. 36, at ¶¶ 60–65);
- Second Claim. Section 1983 and negligence against Attorney Smith, Director Golightly, Director Hardy, and Commissioner Reichman (*id.* ¶¶ 66–69);

///

///

- Third Claim. Section 1983 and unjust enrichment against Attorney Smith, Director Golightly, Director Hardy, and Commissioner Reichman (*id.* ¶¶ 70–72);

- Fourth Claim. Section 1983 and "substantive due process: special relationship and state created danger" against the County and the Agency (*id.* ¶¶ 74–78);

- Ninth Claim. Section 1983 and constructive fraud against Attorney Smith, Director Golightly, Director Hardy, and Commissioner Reichman (*id.* ¶¶ 103–08);

- Tenth Claim. Section 1983 and municipal liability for failure to train against the County and the Agency (*id.* ¶¶ 109–16);

- Eleventh Claim. Section 1983 and breach of fiduciary duty against Attorney Smith, Director Golightly, Director Hardy, and Commissioner Reichman (*id.* ¶¶ 117–20);

- Twelfth Claim. Section 1983 and defamation against Attorney Smith, Director Golightly, Director Hardy, and Commissioner Reichman (*id.* ¶¶ 121–28); and

- Thirteenth Claim. Section 1983 and trespass to chattels against Attorney Smith, Director Golightly, Director Hardy, and Commissioner Reichman (*id.* ¶¶ 129–38).

For the reasons discussed below, all of Plaintiff's Section 1983 claims are insufficient.

### 1.    Statute of Limitations

As the Court repeatedly has advised Plaintiff, the statute of limitations for any Section 1983 claim for the majority of Plaintiff's allegations has expired. (*See* ECF No. 14, at 4–7; ECF No. 20, at 6–7; ECF No. 26, at 4, 7–8; ECF No. 32, at 9–12.)

A court *sua sponte* may dismiss a complaint as untimely, so long as the defendant has not waived the defense, *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993), and "only when the running of the statute is apparent on the face of the complaint," *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal quotation marks omitted) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).

Accrual is the date on which a statute of limitations begins to run. *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). "Although state law determines the length of the limitations period, federal law determines when a [Section 1983] civil rights claim accrues." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153–54 (9th Cir. 2000)). "[U]nder federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Lukovsky*, 535 F.3d at 1048 (quoting *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004)).

The statute of limitations for a Section 1983 claim is taken from the forum state's statute of limitations for personal injury actions, *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011), which is two years in California, Cal. Civ. Proc. Code § 335.1. Due to the COVID-19 pandemic, the Judicial Council of California promulgated Emergency Rule 9, which tolled any statutes of limitations for a civil cause of action that exceeds 180 days, from April 6, 2020 to October 1, 2020. *See* Cal. Rules of Court app. I, Emergency rule 9(a) (adopted effective Apr. 6, 2020, amended effective March 11, 2022), *available at* https://www.courts.ca.gov/documents/ appendix-i.pdf. Federal and state courts treat Emergency Rule 9 as having the practical effect of adding 178 days to unexpired statutes of limitations. *Gianelli v. Schoenfeld*, No. 2:21-cv-00477-JAM-KJN PS, 2021 U.S. Dist. LEXIS 194530, at *51 (E.D. Cal. Oct. 6, 2021).

///

The tolling rules for Section 1983 claims are determined by California law. *Lucchesi v. Bar-O Boys Ranch*, 353 F.3d 691, 694 (9th Cir. 2003). Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) timely notice to the defendant, (2) lack of prejudice to the defendant, and (3) reasonable and good faith conduct on the part of the plaintiff. *Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 724 (2020). Application of the equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the limitations statute. *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 371 (2003).

Here, the 5AC has deleted most of the factual allegations pertaining to Plaintiff's child support administrative action and his state court action challenging the child support action. (*See generally* ECF No. 36.) However, Exhibit B to the 5AC shows that a judgment for child support was entered against Plaintiff on May 10, 1997. (*Id.*, at 34.) In addition, the 5AC alleges that on or about June 15, 2018, the Los Angeles Superior Court set aside the Default and Default Judgment in Plaintiff's child support action, dismissed the case for extrinsic fraud, and ordered the Defendants to stop all enforcement. (*Id.* ¶ 45.)

Plaintiff filed the Complaint on August 15, 2022. (*See* ECF No. 1.) Adding California's 178-day COVID-19 tolling of statutes of limitations with Section 1983's two-year statute of limitations, Plaintiff would only be able to assert Section 1983 claims for any events occurring on or after **February 19, 2020**. As the Court repeatedly has explained to Plaintiff (*see* ECF No. 14, at 4–7; ECF No. 32, at 9–12), the statute of limitations bars any claims arising from: (1) Plaintiff's child support action, for which judgment was entered on May 10, 1997—over *twenty-five years* before Plaintiff initiated this lawsuit—and (2) Plaintiff's state court action challenging the child support action, for which judgment was entered on June 15, 2018—over *four years* before Plaintiff initiated this action. Thus, the statute of

limitations bars seven of the nine Section 1983 claims, which are based solely on allegations involving Plaintiff's child support action and/or subsequent state court action: (i) First Claim for Section 1983 and assumption of duty (ECF No. 36, at ¶¶ 60–65); (ii) Second Claim for Section 1983 and negligence (*id.* ¶¶ 66–69); (iii) Third Claim for Section 1983 and unjust enrichment (*id.* ¶¶ 70–72); (iv) Fourth Claim for Section 1983 and "substantive due process: special relationship and state created danger" (*id.* ¶¶ 74–78); (v) Ninth Claim for Section 1983 and constructive fraud (*id.* ¶¶ 103–08); (vi) Tenth Claim for Section 1983 and municipal liability for failure to train (*id.* ¶¶ 109–16); (vii) Eleventh Claim for Section 1983 and breach of fiduciary duty (*id.* ¶¶ 117–20); and (viii) Twelfth Claim for Section 1983 and defamation (*id.* ¶¶ 121–28).

As the Court repeatedly has explained to Plaintiff (ECF No. 26, at 4–5; ECF No. 32, at 12), to the extent Plaintiff attempts to circumvent the statute of limitations by alleging that the violations were continuing, discrete acts are not actionable if time barred—even when they relate to acts alleged in timely-filed charges—because each discrete act starts a new statute of limitations clock. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *Bird v. State*, 935 F.3d 738, 747 (9th Cir. 2019).

The 5AC does not include any facts to support equitable tolling, despite the Court's repeated previous warnings that Plaintiff's pleading did not indicate any basis for equitable tolling and Plaintiff should include any facts to show that the action is not time-barred. (ECF No. 14, at 7; ECF No. 32, at 12.) *See Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 910 (N.D. Cal. 2021) ("Plaintiffs are required to 'plead around' the statute of limitations in their complaint where the statute of limitations has expired and the plaintiff is claiming an exception to the statute of limitations such as tolling or delayed discovery." (quoting *FDIC v. Varrasso*, No. CIV. 2:11-2628 WBS, 2012 U.S. Dist. LEXIS 7514, at *21 (E.D. Cal. Jan. 20, 2012))).

For these reasons, all of Plaintiff's Section 1983 claims arising from acts or omissions occurring before February 19, 2020 should be dismissed as time-barred. Thus, the only allegations that could be the basis of a Section 1983 claim are that Defendants continued to, and are still enforcing, the dismissed child support order and lien against Plaintiff. Moreover, the 5AC contains only one Section 1983 claim that does not appear to be time-barred: the Thirteenth Claim for Section 1983 and trespass to chattels against Attorney Smith, Director Golightly, Director Hardy, and Commissioner Reichman (ECF No. 36, at ¶¶ 129–38); however, this claim fails for other reasons discussed below.

### 2.     Violation of United States Constitution or Federal Law

As the Court previously advised Plaintiff (ECF No. 32, at 12–14), Plaintiff's Section 1983 claims also fail because Section 1983 only provides a cause of action for violations of the United States Constitution or federal law. *See West*, 487 U.S. at 48. Section 1983 does not provide a cause of action for violations of state law. *See Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law."). Here, seven of the nine Section 1983 claims in the 5AC plainly assert violations of state law, and should be dismissed for this reason: (i) First Claim for Section 1983 and assumption of duty (ECF No. 36, at ¶¶ 60–65); (ii) Second Claim for Section 1983 and negligence (*id*. ¶¶ 66–69); (iii) Third Claim for Section 1983 and unjust enrichment (*id*. ¶¶ 70–72); (iv) Ninth Claim for  Section 1983 and constructive fraud (*id*. ¶¶ 103–08); (v) Eleventh Claim for Section 1983 and breach of fiduciary duty (*id*. ¶¶ 117–20); (vi) Twelfth Claim for Section 1983 and defamation (*id*. ¶¶ 121–28); and (vii) Thirteenth Claim for Section 1983 and trespass to chattels (*id*. ¶¶ 129–38).

There are only two Section 1983 claims in the 5AC—both of which are brought against the County and Agency—that arguably assert violations of the

United States Constitution or federal law: (i) Fourth Claim for Section 1983 and "substantive due process: special relationship and state created danger" (*id*. at ¶¶ 74–78); and (ii) Tenth Claim for Section 1983 and municipal liability for failure to train (*id*. ¶¶ 141–148).

With respect to the Fourth Claim for "substantive due process," all of Plaintiff's allegations for this claim concern the County's and Agency's establishment of Plaintiff's paternity for the infant child without a subpoena and due process. (*Id*. ¶¶ 75–76.) These allegations and this claim all concern Plaintiff's child support action, for which a judgment for child support was entered against Plaintiff on May 10, 1997—over twenty-five years before Plaintiff initiated this action. (*Id*. at 34.) As discussed in Part IV.B.1 *infra* and as repeatedly explained to Plaintiff (ECF No. 14, at 4–7; ECF No. 26, at 4; ECF No. 32, at 13), the Section 1983 claims arising from these allegations are time-barred.

With respect to the Tenth Claim for municipal liability for failure to train, failure to train is a theory of liability by which local governments can be liable for constitutional violations. *Herd v. County of San Bernardino*, 311 F. Supp. 3d 1157, 1167 (C.D. Cal. 2018) ("[A] local governmental body may be liable if its failure to train employees has caused a constitutional violation and the failure to train amounts to deliberate indifference to the rights of individuals with whom whose employees come into contact." (citing *Canton v. Harris*, 489 U.S. 378, 388–89 (1989)). However, failure to train is not, in and of itself, a basis for a Section 1983 claim without a constitutional violation caused by such failure to train. *See id.* Here, Plaintiff's "threadbare" allegations are insufficient because they do not "identify what the training and hiring practices were, how the training and hiring practices were deficient, or how the training and hiring practices caused Plaintiff['s] harm." *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009). The 5AC simply alleges that "Defendants had a duty to properly train its employees, including those at the Department of Social Services, on how to handle

17

situations involving mentally ill individuals.  The Defendants breached this duty by failing to provide adequate training to its employees." (ECF No. 36, at ¶¶ 111–12.) However, nowhere in the 5AC does Plaintiff allege that he is mentally ill, and there are no factual allegations from which it reasonably could be inferred that the County's alleged lack of training towards mentally ill individuals impacted Plaintiff in any way, let alone was deliberately indifferent to his rights or caused a constitutional violation against Plaintiff.  (*See generally id*.)  Thus, the 5AC does not state a Section 1983 claim against the County and Agency for failure to train.

For these reasons, the Section 1983 claims, as set forth in Plaintiff's numbered causes of action in the 5AC, fail and should be dismissed.

### 3.  Fourteenth Amendment Procedural Due Process

Mindful of the liberal pleading standards afforded *pro se* civil rights plaintiffs, the Court considers the only allegations that are not time-barred—*i.e.*, that Defendants continued to, and are still enforcing, the dismissed child support order and lien—and determines that they potentially could implicate the Fourteenth Amendment's guarantee to procedural due process.  *See Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) (explaining that a "complaint need not identify the statutory or constitutional source of the claim raised" in order to state a claim).  Thus, the Court examines these allegations in light of the Fourteenth Amendment's guarantee to procedural due process, and, for the reasons below, finds that this claim is not sufficiently pleaded.

The Due Process Clause of the Fourteenth Amendment of the United States Constitution prohibits the government from depriving "any person of life, liberty, or property without due process of law."  U.S. Const. amend. XIV § 1.  "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).  To

plead a procedural due process claim, a plaintiff must allege two elements: (1) the plaintiff has a "liberty or property interest which has been interfered with by the State"; and (2) the procedures employed to deprive the plaintiff of liberty or property were constitutionally deficient. *Ky. Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

Here, the 5AC alleges that on or about August 2021, Plaintiff attempted to refinance a property and was told that there was an active lien on his name as a debtor to the County and Child Support Services. (ECF No. 36, at ¶ 49.) Plaintiff sent the refinance company his order proving that the child support judgment was dismissed for extrinsic fraud in 2018, and the refinance company confirmed that "Title cleared the erroneous child support lien." (*Id*.) On or about April 2023, Plaintiff was notified by the County Registrar Office in Norwalk, California that the County, the Agency, and Director Hardy are still enforcing the $63,694.65 child support lien on his name. (*Id*. ¶ 50.) The lien is active and the lien release was never filed. (*Id*.) On the same date, Plaintiff went to "the Defendants Child Support Services Office" in Torrance, California and Supervisor Kathleen informed Plaintiff that "Defendant should have filed the release of lien but that they did not." (*Id*. ¶ 51.) On or about two weeks later, Defendants mailed Plaintiff the release of lien for Plaintiff to record for a fee. (*Id*.) It was Defendants' burden to record the release of the lien per the Court Order in June 2018. (*Id*.) Defendants have yet to record the release of the lien. (*Id*. ¶ 55.) These conclusory allegations are insufficient to state a Fourteenth Amendment procedural due process claim against any Defendant for the following reasons.

As the Court repeatedly has explained to Plaintiff (ECF No. 14, at 9; ECF No. 32, at 16), there can be no liability under Section 1983 unless there is an affirmative link or connection between a defendant's actions and the claimed deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). "Liability under [S]ection 1983 arises only upon a showing of personal participation

by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, the 5AC does not include any allegations to tie any individual Defendant to the purported continued enforcement of the child support lien against Plaintiff. Indeed, the 5AC does not contain any allegations about Attorney Smith other than that she is a staff attorney for the Agency. (ECF No. 36, at ¶ 29.) Similarly, the 5AC does not contain any allegations about Commissioner Reichman other than that he is a Commissioner for the State. (*Id.* ¶ 35.)

As to Director Hardy and Director Golightly, the 5AC includes nothing more than that they were the Directors of the Agency and the conclusory allegations—devoid of any factual allegations—that they were continuing to enforce the child support lien against Plaintiff. (*Id.* ¶¶ 31, 33, 50.) *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (citing *Twombly*, 550 U.S. at 555, 557)). "A supervisor is only liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [S]ection 1983." *Taylor*, 880 F.2d at 1045. Indeed, there are no allegations from which it reasonably could be concluded that either Director Hardy or Director Golightly were even aware of Plaintiff, or that his child support judgment was overturned in 2018, or that the child support lien was still being enforced against him. (*See generally* 5AC.) As the Court previously explained to Plaintiff (ECF No. 32, at 16), without their personal participation, Director Hardy and Director Golightly cannot be liable. *See Taylor*, 880 F.2d at 1045.

In addition, as the Court repeatedly has explained to Plaintiff (ECF No. 14, at 9; ECF No. 26, at 5–6, 8–9; ECF No. 32, at 16–18), local governments and municipalities—such as the County and the Agency—can be liable under Section 1983 only where a plaintiff's "injury was inflicted pursuant to the local

government's policy, regulation, custom, or usage." *Chew v. Gates*, 27 F.3d 1432, 1444 (9th Cir. 1994) (citing *Monell*, 436 U.S. at 690–91).  To state a claim for municipal liability under *Monell*, a plaintiff must plead that: "(1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [plaintiff's] constitutional right; and (4) the policy was the moving force behind the constitutional violation."  *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).

Courts have recognized several ways to show a policy or custom of a local governmental entity.  "[A] rule or regulation promulgated, adopted, or ratified by a local governmental entity's legislative body unquestionably satisfies *Monell's* policy requirement[.]"  *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989), *overruled on other grounds by Bull v. City & County of San Francisco*, 595 F.3d 964 (9th Cir. 2010) (en banc).  In addition, "a local government may be held liable if 'the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it.'"  *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 802 (9th Cir. 2018) (quoting *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir. 2013)).  "[I]n addition to an official policy, a [local government] may be sued for 'constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the [governmental] body's official decisionmaking channels.'"  *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1996) (citing *Monell*, 436 U.S. at 690–91).  However, liability for a custom will attach only if injury results from a "permanent and well-settled practice"; "random acts or isolated events are insufficient to establish a custom."  *Thompson*, 885 F.2d at 1444 (internal quotation marks omitted).  *Monell* liability will attach only to "a longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity[.]"  *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir.

2005) (quoting *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 984 (9th Cir. 2022)).

Failure to train or supervise may amount to a policy of "deliberate indifference" if the need to train or supervise was obvious and the failure to do so made a violation of constitutional rights likely. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). "[A] constitutional violation may arise from training or supervision where the training or supervision is sufficiently inadequate as to constitute 'deliberate indifference' to the rights of persons with whom the police come into contact." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1235 (9th Cir. 1989). "[A] municipal defendant can be held liable because of a failure to properly train [or supervise] its employees only if the failure reflects a 'conscious' choice by the government. In other words, the government's omission must amount to a 'policy' of deliberate indifference to constitutional rights." *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (citations omitted). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997)). "Mere negligence in training or supervision . . . does not give rise to a *Monell* claim." *Dougherty*, 654 F.3d at 900.

Here, the 5AC does not sufficiently allege that any of the County's or the Agency's policies or practices caused a violation of Plaintiff's constitutional or federal rights. The only allegations in the 5AC attempting to plead a policy are the allegations in the Tenth Claim for failure to train against the County and the Agency. (ECF No. 36, at ¶¶ 109–16.) However, the only specific inadequacy in training alleged in the 5AC is that the Defendants did not properly train their employees "on how to handle situations involving mentally ill individuals." (*Id.* ¶ 111.) Yet nowhere in the 5AC does Plaintiff allege that he or anyone else is mentally ill. (*See generally id.*) Nowhere does the 5AC allege that such purported

inadequacies in training regarding treatment of mentally ill individuals were "so obvious" and "so likely to result in the violation of constitutional rights" that defendant made a conscious choice to adopt a policy of deliberate indifference to such shortcomings. *See Rodriguez v. County of Los Angeles*, 891 F.3d 776, 802 (9th Cir. 2018) ("[A] local government can fail to train employees in a manner that amounts to 'deliberate indifference' to a constitutional right, such that 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.'" (quoting *City of Canton*, 489 U.S. at 390)). Nor are there any allegations from which it reasonably could be inferred that such deficiency in training on how to handle mentally ill individuals caused a violation of Plaintiff's Fourteenth Amendment procedural due process rights. Thus, the 5AC fails to state a Section 1983 claim against the County and the Agency.

Moreover, the 5AC does not adequately allege a procedural violation. Here, the 5AC alleges that Defendants had the burden to record the lien release in June 2018, but failed to do so. (ECF No. 36, at ¶ 54.) As previously explained to Plaintiff (ECF No. 26, at 5; ECF No. 32, at 18–19), a failure to comply with proper procedure alone does not establish a due process violation. *See Buckley v. Gomez*, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (holding that a defendant's "negligent or intentional failure to follow proper procedures does not constitute a constitutional deprivation").

Finally, as the Court previously advised Plaintiff (ECF No. 26, at 5), procedural due process claims under Section 1983 are barred when an adequate remedy exists under state law. *Brogan v. San Mateo County*, 901 F.2d 762, 764 (9th Cir. 1990). To the extent that Plaintiff challenges continued enforcement of the child support order, California has established procedures allowing post-deprivation remedies for child support arrearages. *See* Cal. Fam. Code § 17526(c); *see, e.g.,*

23

*Holloway v. Mason*, Case No. CV 18-705-CAS (KK), 2018 U.S. Dist. LEXIS 28896, at *8 (C.D. Cal. Feb. 22, 2018) ("To the extent Plaintiff challenges deprivation of amounts of money for his child support payments without proof of an order, there are established procedures allowing post-deprivation remedies."); *Banks v. County of Alameda*, Case No. 14-CV-00482-WHO, 2014 U.S. Dist. LEXIS 56700, 2014 WL 1651941, at *3–4 (N.D. Cal. Apr. 23, 2014) (dismissing due process claim because California Family Code Section 17526(c) provided adequate post-deprivation remedy for county's allegedly improper determination of child support arrearage); *Trollope v. Dep't of Child Support Servs.*, No. CV 18-09220-JLS (JDE), 2019 U.S. Dist. LEXIS 170404, at *15 (C.D. Cal. Mar. 6, 2019) ("Here, to the extent Plaintiff challenges the process afforded him in a state child support arrearage determination, California provides established procedures allowing post-deprivation remedies.").

For these reasons, the 5AC does not state a Section 1983 Fourteenth Amendment procedural due process claim against any Defendant.

### C.    Leave to Amend Section 1983 Claims

Rule 15(a) provides that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, the district court may exercise its discretion to deny leave to amend due to undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (alteration in original) (quotation marks omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Although prejudice to the opposing party "carries the greatest weight[,] . . . a strong showing of any of the remaining *Foman* factors" can justify the denial of leave to amend. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Futility of amendment

24

can, by itself, justify the denial of leave to amend." *U.S. ex rel. Insoon Lee v. Attorney SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *see also Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2012) ("[A] party is not entitled to an opportunity to amend his complaint if any potential amendment would be futile.").

Here, the Court repeatedly has explained to Plaintiff the deficiencies with his claims, and has given Plaintiff four opportunities to correct such deficiencies. (ECF Nos. 14, 20, 26, 32.) Yet, despite having filed six complaints, Plaintiff has not alleged any viable federal claims. "[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). Plaintiff's failure to cure the deficiencies is a "strong indication that [Plaintiff has] no additional facts to plead." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (quoting *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1098 (9th Cir. 2002)). It is "clear" that Plaintiff has made his "best case" and has "been found wanting." *Id.*; *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (affirming dismissal with prejudice where, *inter alia*, the deficiencies at issue "persisted in every prior iteration of the [complaint]"). Plaintiff should not be granted additional leave to amend his Section 1983 claims.

### D.     Supplemental Jurisdiction over State Law Claims

When a federal court has dismissed all claims over which it has original jurisdiction, it may, at its discretion, decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be

considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (alteration in original) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.  Certainly, if the federal law claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Acri v. Varian Assocs.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("[S]tate law claims '*should*' be dismissed if federal claims are dismissed before trial . . . ." (citation omitted)).

Here, the Court has recommended that Plaintiff's only federal claims (his nine Section 1983 claims) be dismissed without leave to amend.  (*See supra* Part IV.B–C.)  "When federal law claims are dismissed before trial, as [Plaintiff's] section 1983 claim was here, pendent state claims also should be dismissed." *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 651 (9th Cir. 1984); *Justice v. County of Yuba*, Case No. CIV S-10-0915 KJM-KJN, 2012 U.S. Dist. LEXIS 179828, at *16 (E.D. Cal. Dec. 19, 2012) (after granting summary judgment on plaintiff's federal claims, declining to exercise supplemental jurisdiction over plaintiff's remaining state law claims).  The District Court should **DECLINE** supplemental jurisdiction over—and **DISMISS WITHOUT PREJUDICE**—Plaintiff's remaining state law claims.

## V.    RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the District Court issue an Order:

(1)    Accepting this Report and Recommendation;

26

(2)   Dismissing Plaintiff's Section 1983 claims with prejudice and without leave to amend;

(3)   Declining supplemental jurisdiction over—and dismissing without prejudice—Plaintiff's state law claims; and

(4)   Entering Judgment and closing the case.

**IT IS SO ORDERED.**

DATED: October 5, 2023

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

27